IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

For its answer to the complaint of plaintiff, Remediation Constructors, Inc. ("Remcon"), defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations contained in paragraph 2 of the complaint, that defendant is the United States. The remainder of the allegations contained in paragraph 2 are conclusions of law to which not response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 of the complaint are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the statute cited, which is the best evidence of its contents; otherwise they are denied.

4. Admits the allegations contained in the first two sentences of paragraph 4 of the complaint, to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies those allegations. Admits the allegations contained in the third sentence of paragraph 4 of the complaint, that, pursuant to written amendments to the contract, the original contract amount was increased to $7,917,604.28. Denies the remaining allegations contained in the third sentence of paragraph 4 of the complaint.

5. Admits the allegations contained in paragraph 5 of the complaint, to the extent supported by the contract and cited provision of the Federal Acquisition Regulations, which are the best evidence of their contents; otherwise denies the allegations.

6. Denies.

7. Denies.

8. Denies.

9. Admits the allegations contained in paragraph 9 of the complaint, to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations.

10. Admits the allegations contained in paragraph 10 of the complaint, that the NPS (incorrectly referred to by plaintiff as NPA), has retained the sum of $17,297.29 despite Remcon's written

demands. Denies the remainder of the allegations contained in paragraph 10.

11. Denies the allegations contained in the first sentence of paragraph 11 of the complaint; avers that the contracting officer's July 15, 2003 letter to Remcon did not contain a final decision upon Remcon's omnibus claim. Admits the allegations contained in the second sentence of paragraph 11 of the complaint.

12. The allegations contained in paragraph 12 of the complaint, that "said portions of [Remcon's (erroneously referred to as NPS)] certified omnibus claim that have never been subject to a Contracting Officer's final decision are deemed denied pursuant to operation of 48 C.F.R. 33.211(g)," are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent consistent with the regulation cited, otherwise they are denied. Admits the allegations contained in paragraph 12 of the complaint, that, "[w]ith respect to those portions of Remcon's certified omnibus claim that were not addressed by the Contracting Officer's July 15, 2003 final decision: (a) at least 60 days have passed from the date that Remcon submitted its certified omnibus claim to NPS." Denies the remaining allegations contained in paragraph 12 of the complaint, that "[w]ith respect to those portions of Remcon's certified omnibus

claim that were not addressed by the Contracting Officer's July 15, 2003 final decision . . . (b) not more than 365 days have elapsed from the time the Contracting Officer issued a final decision with respect to any claim (or portion of a claim) that is included within Remcon's certified omnibus claim;" avers that any contracting officer final decisions were issued in connection with claims other than plaintiff's omnibus claim, and that no final decision has been issued with respect to plaintiff's omnibus claim.

13. Denies.

14. Admits the allegations contained in paragraph 14 of the compliant, that NPS refused to agree to an equitable adjustment, and that NPS terminated Remcon for default on August 13, 2004, and refers to Remcon's omnibus claim and the August 13, 2003 document from the contracting officer as the best evidence of their contents. Denies the remainder of the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in the first sentence of paragraph 15 of the complaint. The allegations contained in the second sentence of paragraph 15 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. In response to the prayer for relief which follows paragraph 15 of the complaint, denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

S/ Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Facsimile: (202) 353-7988
email:
richard.schroeder@usdoj.gov

March 8, 2004

Attorneys for Defendant

Certificate of Filing

I hereby certify that on March 8, 2004, a copy of foregoing ANSWER TO COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder