D. MICHAEL SCHOENFELD - California State Bar No. 102332
MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000

Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | DOCKET NO. 03-2478C<br><br>**MOTION FOR EXPEDITED PRELIMINARY SCHEDULING CONFERENCE**<br><br>(Judge Susan G. Braden)<br><br>Hearing Date: TBD |

**I.**

**INTRODUCTION**

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON") respectfully requests that the Court set an expedited preliminary scheduling conference in this matter. Defendant UNITED STATES OF AMERICA ("USA") has improperly delayed and inhibited Remcon's ability to prosecute its action, and its conduct undermines the purpose of the judicial system to provide a fair and expedient process to resolve disputes between litigants. Remcon is a small general contractor whose bonding capacity, and ability to conduct business, has been lost due to the subject project, and, until this action is resolved, Remcon has effectively been put out of business. For the reasons set forth below, Remcon requests that the Court conduct by April 30, 2004 a preliminary scheduling conference, or, by April 30, 2004, issue a scheduling order, pursuant to RCFC 16(b), in accordance with Remcon's proposed joint statement, which is attached as Exhibit E to the concurrently filed supporting Declaration of D. Michael Schoenfeld.

## II.

## SUMMARY OF FACTS

On or about May 15, 2001, the National Park Service ("NPS") awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for a construction project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q" ("the Project"). The project concerned building new trails, roadways, parking lots and rock revetments in the national park, while concurrently saving certain designated trees, rock formations and natural features. The original amount of the Contract (for Base Bid Items Nos. 1 through 128) was $7,121,636.00. Pursuant to written amendments to the Contract, the original amount has been increased by the sum of $795,968.28, and the adjusted contract value is $7,917,604.28.

Remcon contends that it performed all of its obligations under the Contract except to the extent its performance was prevented or excused. Remcon also contends that it was compelled to (a) incur additional costs in performing extra work and changes in the work beyond that required by the Contract; (b) perform its Contract work in a manner more costly; and (c) suffer delays and loss of productivity in completing its work. In addition, Remcon was forced by government action to change the means and methods of construction and render its performance in means and methods much more costly than Remcon reasonably anticipated.

On June 28, 2003, Remcon submitted to the Contracting Officer a certified omnibus claim for an equitable adjustment of the Contract price in the total amount of $3,091,799.60 (inclusive of outstanding contract balance owed to Remcon). In addition to the damages sought by Remcon through its certified omnibus claim for an equitable adjustment of the Contract price, the NPA is alleged to have wrongfully failed and refused to remit to Remcon its retention despite Remcon's written demands.

Pursuant to correspondence, dated July 15, 2003, received by Remcon from the Contracting Officer, the Contracting Officer issued his final decision denying a portion of Remcon's certified omnibus claim for differing site conditions (rock blasting), excavation, grading, and storm water pollution prevention. The Contracting Officer did not address any other

portions of Remcon's certified omnibus claim in his July 15, 2003 final decision.

Remcon also contends that the NPS further breached the Contract by wrongfully terminating Remcon for default, pursuant to a separate Contracting Officer's final decision dated August 13, 2003, in retaliation for Remcon's submission of a certified omnibus claim to the NPS and Remcon's represented inability to finance further work due to non-payment for work performed.

## III.

## PROCEDURAL HISTORY

Remcon filed its Complaint for Breach of Contract and Damages on October 21, 2003. Despite the straightforward nature of Remcon's Complaint, which consisted of only 15 paragraphs of allegations, and four paragraphs of damage prayers, the USA delayed filing and serving an Answer to Remcon's Complaint until March 8, 2004, almost **five months** after the Complaint was filed.

Between October 21, 2003 and March 8, 2004, Remcon sought to obtain the USA's production of key project documents on an informal basis (based on section II.3.(c) of Appendix A of this Court's Local Rules, which encourage informal discovery and cooperation). (See ¶ 2 of Declaration of D. Michael Schoenfeld ("Schoenfeld Decl."). These requests were made via telephone calls and letters, and Remcon's counsel repeatedly explained to the USA's counsel that Remcon had essentially been put out of business due to the unreimbursed construction costs it incurred for the calendar years 2001 and 2002, and that Remcon sought the USA's cooperation to expedite this action. (See ¶¶ 2 and 3, and Exhibit A, March 2, 2004 letter from Remcon's counsel to USA's counsel, to Schoenfeld Decl.) In addition, Remcon provided access to its project records to the USA's auditors in February 2004 without the need for formal discovery. (¶ 4 of Schoenfeld Decl.).

Prior to the USA answering Remcon's Complaint, Remcon's counsel requested that the parties conduct the Appendix A "Early Meeting of Counsel" on March 8, 2004, the date the USA answered the Complaint. (¶ 5 of Schoenfeld Decl.). Unfortunately, due to the represented time commitments by the USA's counsel, Richard Schroeder, this conference could not be set for

March 8, 2004, and instead was tentatively set for March 18, 2004. (See ¶ 5, and Exhibit B, March 8, 2004 letter from Remcon's counsel to Mr. Schroeder, to Schoenfeld Decl.).

Mr. Schroeder then alerted Remcon's counsel that March 18, 2004 was not an open date for the early meeting, and the meeting was re-set for March 25, 2004 (now 17 days after the date Remcon originally requested for the meeting). (See ¶ 6, and Exhibit C, March 11, 2004 letter from Remcon's counsel to USA's counsel, to Schoenfeld Decl.). In the telephone calls and letters between counsel regarding the early meeting of counsel, Remcon's counsel continuously requested cooperation from the USA's counsel regarding production of USA's documents by the end of March 2004. In anticipation of the early meeting of counsel, Remcon's counsel faxed a draft joint preliminary status report to the USA's counsel on March 23, 2004. (See Exhibit D to Schoenfeld Decl.).

During the March 25, 2004 early meeting of counsel, the parties were unable to agree to a schedule for discovery or trial. (See ¶ 8 of Schoenfeld Decl.). The parties agreed that Remcon's counsel would email a revised joint statement, and that the USA's counsel would prepare a response/revision within days of receipt. (¶ 8 of Schoenfeld Decl.). While Remcon's counsel emailed the revised joint statement on March 29, 2004, to date the USA has not provided any response or revision to the revised joint statement. (See Exhibit E, March 29, 2004 email and revised joint statement, and ¶ 9 of Schoenfeld Decl.). After not receiving any response from the USA, Remcon's counsel contacted USA's counsel on April 5, 2004, and was informed that the delay in the USA's response was once again due to "calendar commitments." (¶ 10 of Schoenfeld Decl.). To date, no response has been received (two weeks since the revised joint statement was sent to USA's counsel). (¶ 10 of Schoenfeld Decl.).

Remcon's efforts have been further frustrated by the USA's continued refusal to produce, or permit for inspection, its project files. Despite Remcon's production of its own files, and its multiple continued requests to access the USA's documents in March or April 2004, the USA's counsel informed Remcon's counsel during the March 25, 2004 early meeting of counsel that the documents will not be produced until probably late May 2004. (¶ 8 of Schoenfeld Decl.). Further, USA's counsel informed Remcon's counsel that during the summer months, the USA

will not be able to fully litigate this matter since the NPS, the underlying governmental agency, will working on construction/active operations, and cannot make its key people available for depositions. (¶ 8 of Schoenfeld Decl.). Due to the USA's lack of contact regarding Remcon's repeated requests to access the USA's documents, Remcon felt that it had no alternative but to seek judicial assistance. (¶ 11 of Schoenfeld Decl.).

**IV.**

**ARGUMENT**

RCFC Rule 16. Pretrial Conferences; Scheduling; Management, sets forth the following goals for scheduling orders:

> (a) Pretrial Conferences; Objectives. In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
>
> (1) expediting the disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of trial through more thorough preparation;
>
> (5) facilitating the settlement of the case; and
>
> (6) assessing the utility of dispositive motions.

The Rules Committee Notes to Appendix A stated:

> "Appendix A recognizes, however, that the pretrial procedures to be followed in a particular case ultimately depend upon the needs of the case. Hence, Appendix A permits modifications to its procedures, either at a judge's initiative (or at a party's suggestion), when such modification will promote "the efficient administration of justice."

Both RCFC 16 and Appendix A grant the Court discretion to modify the scheduling of a particular matter based on the particular facts of that matter. Here, Remcon's ability to move this matter forward has been thwarted by the USA's continued dilatory tactics. Remcon has not only sought discovery on an informal basis (which has been refused by the USA), but has sought timely meetings of counsel. It is respectfully urged that the Court should not countenance the USA's delaying tactics, or refusal to timely litigate this matter, and the efficient administration of justice

requires the USA to timely assist, and respond to, Remcon regarding scheduling matters and in permitting counsel for Remcon to promptly access the USA's documents. Justice delayed is truly justice denied. This action is now almost six months old and the government continues to thwart every effort of Remcon to pursue this matter. In six months, the only demonstrative compliance with the court rules which the government has done is answer the complaint and participate in a conference call.

Remcon seeks an expedited scheduling conference in order to streamline the handling of this matter, to establish definitive dates for action on pending matters (i.e. production of documents), to set a trial date, and for the court to provide Remcon, in the interests of fairness, a schedule which sets this matter on track to resolution and/or trial.

## V.

## CONCLUSION

Remcon submits as Exhibit E to the Affidavit of D. Michael Schoenfeld its proposed schedule for this matter, and Remcon respectfully requests that the Court set a preliminary scheduling conference no later than April 30, 2004, or issue a scheduling order in compliance with the attached Exhibit E.

DATED: April 13, 2004

MURPHY AUSTIN ADAMS SCHOENFELD LLP

/S/ D. Michael Schoenfeld

_______________________________

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000