D. MICHAEL SCHOENFELD - California State Bar No. 102332
MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000

Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

DRAFT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | DOCKET NO. 03-2478C<br>**JOINT PRELIMINARY STATUS REPORT** |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON"), and Defendant UNITED STATES OF AMERICA ("USA") hereby submit the following joint preliminary status conference statement pursuant to Local Rule Appendix A.

**a. JURISDICTION**

The court does have jurisdiction over this action.

**b. CONSOLIDATION**

There are no known cases to consolidate with this matter.

**c. TRIAL BIFURCATION**

At this time, the parties do not believe the issues of liability and damages need to be bifurcated.

**d. DEFERRED PROCEEDINGS**

There is no need to defer proceedings at this time.

**e. REMAND/SUSPENSION**

There remand or suspension is contemplated at this time.

**f. ADDITIONAL PARTIES**

Remcon's surety, Great American Insurance Company, may be joined in this action, but the parties are still determining Great American's involvement at this time.

**g. RCFC 12 AND 56 MOTIONS**

None are contemplated at this time.

**h. FACTUAL AND LEGAL ISSUES**

On or about May 15, 2001, the National Park Service ("NPS") awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for a construction project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q" ("the Project"). The project concerned building new trails, roadways, parking lots and rock revetments in the National Park, while concurrently saving certain designated trees, rock formations and national features. The original amount of the Contract (for Base Bid Items Nos. 1 through 128) was $7,121,636.00. Pursuant to written amendments to the Contract, the original amount has been increased by the sum of $795,968.28, and the adjusted contract value is $7,917,604.28.

Remcon contends that it performed all of its obligations under the Contract except to the extent its performance was prevented or excused. Remcon also contends that it was compelled to (a) incur additional costs in performing extra work and changes in the work beyond that required by the Contract; (b) perform its Contract work in a manner more costly; and (c) suffer delays and loss of productivity in completing its work. In addition, Remcon was forced by government action to change the means and methods of construction and render its performance in means and methods much more costly than Remcon reasonably anticipated.

On June 28, 2003, Remcon submitted to the Contracting Officer a certified omnibus claim for an equitable adjustment of the Contract price in the total amount of $3,091,799.60 (inclusive of

 150077v1WP/1918.001

outstanding contract balance owed to Remcon). In addition to the damages sought by Remcon through its certified omnibus claim for an equitable adjustment of the Contract price, the NPA is alleged to have wrongfully failed and refused to remit to Remcon its retention despite Remcon's written demands.

Pursuant to correspondence, dated July 15, 2003, received by Remcon from the Contracting Officer, the Contracting Officer issued his final decision denying a portion of Remcon's certified omnibus claim for differing site conditions (rock blasting), excavation, grading, and storm water pollution prevention. The Contracting Officer did not address any other portions of Remcon's certified omnibus claim in his July 15, 2003 final decision.

Remcon also contends that the NPS further breached the Contract by wrongfully terminating Remcon for default, pursuant to a separate Contracting Officer's final decision dated August 13, 2003, in retaliation for Remcon's submission of a certified omnibus claim to the NPS and Remcon's represented inability to finance further work due to non-payment for work performed.

The USA denies Remcon's contentions.

**I. LIKELIHOOD OF SETTLEMENT**

This matter will not likely settle until after fact discovery is completed. The parties are amenable to mediation and/or a settlement conference prior to conducting expert discovery.

**j. PROCEEDING TO TRIAL**

At this time, the parties do anticipate proceeding to trial. While the parties do not request an expedited trial date, Remcon does request that trial commence as soon as possible. Remcon is a small business and its existence is dependent upon the outcome of this matter.

**k. ELECTRONIC CASE MANAGEMENT**

There are no special needs at this time.

**l. OTHER ISSUES**

The project is proceeding under a takeover agreement between the USA and Great American. Since the parties contemplate completing discovery by December 31, 2004, the parties request that the Post-Discovery conference be held no later than **January 31, 2005**, that the Pre-Trial Conference be held no later than **March 30, 2005,** and that trial commence no later than **April 30, 2005.**

**m. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY.**

(1) The parties have agreed that disclosures pursuant to FRCP 26(a) shall be made within **thirty (30) days** of the filing of this Joint Status Report. While RCFC 26(a) requires all disclosures to be made within 14 days after the filing of the Joint Preliminary Status Report, the parties request additional time to complete disclosures in this complex, and document intensive, case.

(2) The parties anticipate conducting additional discovery should the initial disclosure pursuant to RCFC 26(a) not yield satisfactory information and data regarding the claims and allegations asserted in the pleadings. Specifically, the parties anticipate that written discovery and depositions may be required to obtain and/or ascertain necessary information and data pertaining to Project payments made and received, work performed at the Project, Project documents, pending extra work claims and delay related claims asserted by the parties, and other issues relevant to the performance of work at the Project, the parties' contract, and payment issues. Discovery should remain open for six months or so to ensure that the parties are able to properly prepare their respective cases.

(3) The parties anticipate that each will be able to propound approximately 75 interrogatories. The parties also anticipate that some depositions of key witnesses will last more than one day, to be decided pursuant to stipulation by the parties.

(4) The parties agree to the following discovery schedule:

a. **August 30, 2004 - completion of interrogatories/requests for admissions/requests for production of documents**

b. **September 30, 2004 - disclosure of expert witnesses**

c. **October 30, 2004 - completion of fact witness depositions**

d. **December 31, 2004 - completion of expert witness depositions**

DATED: March 23, 2004

MURPHY AUSTIN ADAMS SCHOENFELD LLP

______________________________

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000