**Marni Beach**

---

| | |
|---|---|
| **From:** | Kenneth Schumaker |
| **Sent:** | Monday, March 29, 2004 11:23 AM |
| **To:** | 'richard.schroeder@usdoj.gov' |
| **Cc:** | D. Michael Schoenfeld; Marni Beach; 'tcasamassima@la.wickwire.com'; Remconsc@Fire2wire. Com (remconsc@fire2wire.com) |
| **Subject:** | remcon/USA |

150744.wpd (42 KB)

Richard,
Attached is the redlined proposed joint status report based on our teleconference on Thursday. We request that you fill in the USA's sections, and return your revisions to the report as soon as possible. Thank you.



EXHIBIT E

D. MICHAEL SCHOENFELD - California State Bar No. 102332
MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000

Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | DOCKET NO. 03-2478C<br>**JOINT PRELIMINARY STATUS REPORT** |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON"), and Defendant UNITED STATES OF AMERICA ("USA") hereby submit the following joint preliminary status conference statement pursuant to Local Rule Appendix A.

**a. JURISDICTION**

The court does have jurisdiction over this action. **The parties reserve the right, and do not waive their right, to assert a lack of jurisdiction should further discovery and analysis reveal a defect in jurisdiction.**

**b. CONSOLIDATION**

There are no known cases to consolidate with this matter.

**c. TRIAL BIFURCATION**

At this time, the parties do not believe the issues of liability and damages need to be

bifurcated.

**d. DEFERRED PROCEEDINGS**

There is no need to defer proceedings at this time.

**e. REMAND/SUSPENSION**

There remand or suspension is contemplated at this time.

**f. ADDITIONAL PARTIES**

Remcon's surety, Great American Insurance Company, may be joined in this action, but the parties are still determining Great American's involvement at this time.

**g. RCFC 12 AND 56 MOTIONS**

None are contemplated at this time. Both parties reserve the right to file dispositive motions, including a motion for summary adjudication/judgment regarding Remcon's claim for wrongful termination.

**h. FACTUAL AND LEGAL ISSUES**

REMCON'S POSITION

On or about May 15, 2001, the National Park Service ("NPS") awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for a construction project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q" ("the Project"). The project concerned building new trails, roadways, parking lots and rock revetments in the National Park, while concurrently saving certain designated trees, rock formations and national features. The original amount of the Contract (for Base Bid Items Nos. 1 through 128) was $7,121,636.00. Pursuant to written amendments to the Contract, the original amount has been increased by the sum of $795,968.28, and the adjusted contract value is $7,917,604.28.

Remcon contends that it performed all of its obligations under the Contract except to the extent its performance was prevented or excused. Remcon also contends that it was compelled to (a) incur additional costs in performing extra work and changes in the work beyond that required by the Contract; (b) perform its Contract work in a manner more costly; and (c) suffer delays and loss of productivity in completing its work. In addition, Remcon was forced by government action to

change the means and methods of construction and render its performance in means and methods much more costly than Remcon reasonably anticipated.

On June 28, 2003, Remcon submitted to the Contracting Officer a certified omnibus claim for an equitable adjustment of the Contract price in the total amount of $3,091,799.60 (inclusive of outstanding contract balance owed to Remcon). In addition to the damages sought by Remcon through its certified omnibus claim for an equitable adjustment of the Contract price, the NPA is alleged to have wrongfully failed and refused to remit to Remcon its retention despite Remcon's written demands.

Pursuant to correspondence, dated July 15, 2003, received by Remcon from the Contracting Officer, the Contracting Officer issued his final decision denying a portion of Remcon's certified omnibus claim for differing site conditions (rock blasting), excavation, grading, and storm water pollution prevention. The Contracting Officer did not address any other portions of Remcon's certified omnibus claim in his July 15, 2003 final decision.

Remcon also contends that the NPS further breached the Contract by wrongfully terminating Remcon for default, pursuant to a separate Contracting Officer's final decision dated August 13, 2003, in retaliation for Remcon's submission of a certified omnibus claim to the NPS and Remcon's represented inability to finance further work due to non-payment for work performed.

~~The USA denies Remcon's contentions.~~

USA'S POSITION

## I. LIKELIHOOD OF SETTLEMENT

This matter will not likely settle until after fact discovery is completed. ~~The parties are amenable to~~ Remcon requests that the court order mediation and/or a settlement conference prior to conducting expert discovery. The USA will consider mediation if during, and as a result of,