IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | NO. 03-2478C<br>(Judge Braden)<br>**JOINT PRELIMINARY STATUS REPORT** |

JOINT PRELIMINARY STATUS REPORT

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON"), and Defendant UNITED STATES, respectfully submit the following joint preliminary status conference statement pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC").

**a. JURISDICTION**

Plaintiff believes that the court possesses jurisdiction to entertain this action. Defendant is currently unaware of any reason why the Court lacks jurisdiction to entertain this action.

**b. CONSOLIDATION**

There are no known cases to consolidate with this matter.

**c. TRIAL BIFURCATION**

At this time, the parties do not believe the issues of liability and damages need to be bifurcated.

**d. DEFERRED PROCEEDINGS**

There is no need to defer proceedings at this time.

**e. REMAND/SUSPENSION**

No remand or suspension is contemplated at this time.

**f. ADDITIONAL PARTIES**

Remcon's surety, Great American Insurance Company, may be joined in this action, but the

parties are still determining Great American's involvement at this time.

**g. RCFC 12 AND 56 MOTIONS**

Remcon does not contemplate filing such a motion at this time. The Government anticipates that it will file a summary judgment motion upon at least some of Remcon's claims. Both parties reserve the right to file dispositive motions regarding any claims.

**h. FACTUAL AND LEGAL ISSUES**

REMCON'S POSITION

On or about May 15, 2001, the National Park Service ("NPS") awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for a construction project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q" ("the Project"). The project concerned building new trails, roadways, parking lots and rock revetments in the National Park, while concurrently saving certain designated trees, rock formations and national features. The original amount of the Contract (for Base Bid Items Nos. 1 through 128) was $7,121,636.00. Pursuant to written amendments to the Contract, the original amount has been increased by the sum of $795,968.28, and the adjusted contract value is $7,917,604.28.

Remcon contends that it performed all of its obligations under the Contract except to the extent its performance was prevented or excused. Remcon also contends that it was compelled to (a) incur additional costs in performing extra work and changes in the work beyond that required by the Contract; (b) perform its Contract work in a manner more costly; and ©) suffer delays and loss of productivity in completing its work. In addition, Remcon was forced by government action to change the means and methods of construction and render its performance in means and methods much more costly than Remcon reasonably anticipated.

On June 28, 2003, Remcon submitted to the Contracting Officer a certified omnibus claim for an equitable adjustment of the Contract price in the total amount of $3,091,799.60 (inclusive of outstanding contract balance owed to Remcon). In addition to the damages sought by Remcon through its certified omnibus claim for an equitable adjustment of the Contract price, the NPA is alleged to have wrongfully failed and refused to remit to Remcon its retention despite Remcon's

written demands.

Pursuant to correspondence, dated July 15, 2003, received by Remcon from the Contracting Officer, the Contracting Officer issued his final decision denying a portion of Remcon's certified omnibus claim for differing site conditions (rock blasting), excavation, grading, and storm water pollution prevention. The Contracting Officer did not address any other portions of Remcon's certified omnibus claim in his July 15, 2003 final decision.

Remcon also contends that the Government further breached the Contract by wrongfully terminating Remcon for default, pursuant to a separate Contracting Officer's final decision dated August 13, 2003, in retaliation for Remcon's submission of a certified omnibus claim to the NPS and Remcon's represented inability to finance further work due to non-payment for work performed.

GOVERNMENT'S POSITION

The Government agrees with the first paragraph in section (h), above, in which Remcon provides a general description of the project. However, the Government does not agree with the majority of characterizations contained in the remainder of section (h). Specifically, the Government denies liability, and denies that it breached the contract, caused delays and labor inefficiencies, or caused Remcon to perform uncompensated extra work. Further, the Government paid Remcon for certain additional work through bi-lateral contract modifications. Nonetheless, Remcon seeks compensation for work for which it already have been paid pursuant to bilateral modifications.

Further, the agency reasonably terminated Remcon for default. In July 2003, after repeated warnings, the agency issued a cure notice based upon Remcon's failure to make progress. Remcon had not mobilized for the construction season, and had failed to provide contractually required schedule updates, submittals, and surveys. In August 2003, after granting one extension to respond to the cure notice, the agency terminated the contract. At the time the Government terminated the contract, Remcon still had not mobilized for the 2003 construction season and the contract was significantly behind schedule. Finally, notwithstanding Remcon's assertions, no final decision has been issued regarding Remcon's omnibus claim.

**I. LIKELIHOOD OF SETTLEMENT**

The Government contends that this matter will not likely settle until after fact discovery is

completed, if at all. Remcon requests that the court order mediation and/or a settlement conference prior to conducting expert discovery. The Government will consider mediation if during, and as a result of, discovery mediation appears to be appropriate. However, any consent to mediation by the Government must be formally approved by appropriate Department of Justice officials.

**j. PROCEEDING TO TRIAL**

Remcon anticipates that this matter will proceed to trial, and requests that trial commence as soon as possible. Remcon is a small business and its existence is dependent upon the outcome of this matter.

The Government anticipates that this case will go to trial should it not be previously disposed of upon dispositive motions, or through settlement. As the Government anticipates filing a dispositive motion, expedited trial scheduling is inappropriate.

**k. ELECTRONIC CASE MANAGEMENT**

There are no special needs at this time.

**l. OTHER ISSUES**

REMCON'S POSITION

The project is proceeding under a takeover agreement between the USA and Great American. Since Remcon contemplates completing discovery by November 30, 2004, which is more than one year after the complaint was filed and ample time to perform/complete discovery if counsel act diligently. Remcon requests that the Post-Discovery conference be held no later than **December 31, 2004**, that the Pre-Trial Conference be held no later than **February 28, 2005,** and that trial commence no later than March 31.

GOVERNMENT'S POSITION

Remcon's proposed discovery schedule is unrealistic, given the size and complexity of this matter. The Government requests that a schedule be entered that provides the Government with sufficient time to properly perform discovery so that the Government is not prejudiced in defending this action. We discuss the schedule in section (m), below. Because Remcon's request for a post-discovery conference is inconsistent with our proposed discovery schedule, we oppose Remcon's request. We ask that the Court conduct a conference shortly after the close of expert discovery to

discuss any open matter, including, if applicable, dispositive motions, settlement proceedings, and trial

**m. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY.**

(1) The parties have agreed that disclosures pursuant to FRCP 26(a) shall be made within **thirty (30) days** of the filing of this Joint Preliminary Status Report. Although RCFC 26(a) requires that all disclosures be made within 14 days after the filing of the Joint Preliminary Status Report, the parties request additional time to complete disclosures in this case.

(2)

REMCON'S POSITION

Remcon anticipates conducting additional discovery should the initial disclosure pursuant to RCFC 26(a) not yield satisfactory information and data regarding the claims and allegations asserted in the pleadings. Specifically, Remcon anticipates that written discovery and depositions will be required to obtain and/or ascertain necessary information and data pertaining to Project payments made and received, work performed at the Project, Project documents, pending extra work claims and delay related claims asserted by the parties, and other issues relevant to the performance of work at the Project, the parties' contract, and payment issues. Discovery should remain open for five to six months or so to ensure that the parties are able to properly prepare their respective cases.

GOVERNMENT'S POSITION

The Government anticipates that extensive discovery, including expert discovery, will be required. Remon's schedule is unreasonable given the size and complexity of this case.

(3)

REMCON'S POSITION

Remcon anticipates that each party will be able to propound 75

interrogatories. Remcon also anticipates that some depositions of key witnesses will last more than one day, hopefully to be decided pursuant to stipulation by the parties. Remcon plans on commencing depositions in July or August, 2004.

GOVERNMENT'S POSITION

We believe that the limit of 25 interrogatories set forth in Rule 33(a) of the Rules of the Court of Federal Claims is appropriate, especially at this stage of the litigation. Should the parties believe that additional interrogatories are necessary following the exchange of initial interrogatories, or that depositions of witnesses should exceed the seven hours permitted by RCFC 30(d)(2), they should be required to petition the Court for permission to serve more interrogatories or conduct longer depositions.

(4)

REMCON'S POSITION

Remcon proposes the following discovery schedule:

a. October 31, 2004 - completion of interrogatories/requests for admissions/requests for production of documents/non-expert depositions

b. September 30, 2004 - disclosure of expert witnesses

c. November 30, 2004 - completion of expert witness depositions

GOVERNMENT'S POSITION

The Government respectfully requests the following schedule for completion of discovery:

June 30, 2005 – Fact discovery deadline.

July 30, 2005 – Plaintiff's expert reports to be provided.

September 30, 2005 – Government's expert reports to be provided.

November 15, 2005 – Parties to complete expert depositions.

Respectfully submitted,

DATED: April 28, 2004

MURPHY AUSTIN ADAMS SCHOENFELD LLP

s/ D. Michael Schoenfeld

______________________________

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Facsimile: (202) 353

April 28, 2004

Attorneys for Defendant

Certificate of Filing

I hereby certify that on April 29, 2004, a copy of foregoing JOINT PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder