IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-2478C<br>(Judge Braden) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR AN EXPEDITED SCHEDULING CONFERENCE

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response to the motion of plaintiff, Remediation Constructors, Inc. ("Remcon"), for an expedited preliminary scheduling conference. Although the Court has already scheduled a status conference for April 30, 2004, we file this response to present our reasons for opposing the proposed schedule submitted by Remcon. To the extent that Remcon requests the Court to enter its proposed schedule, Remcon's motion should be denied.

INTRODUCTION

As an initial matter, Remcon filed its motion despite the fact that the Government had not missed any deadline in this case. The joint preliminary status report was due on April 29, 2004, and was filed that day. Our response to plaintiff's document request, which contains an unreasonable 154 separate

requests, was timely served on April 28, 2004. Neither of those deadlines had been enlarged. Nonetheless, Remcon improperly accuses the Government of delaying and inhibiting Remcon's ability to prosecute this action, and of undermining the judicial system. Pl. Mot. 1.[1]

Remcon's motion is a transparent attempt to obtain an unfair advantage in this litigation and to place this case upon an unreasonably accelerated track. Notwithstanding Remcon's position, the Government should be given the opportunity to litigate this action in a manner that is befitting of a case of this size and complexity, so as not to prejudice Government's ability to mount a defense.

BACKGROUND

In its complaint, Remcon seeks alleged damages in excess of $3 million. We answered the complaint on March 8, 2004. Even before that date, Remcon began to pressure us to produce documents. However, because RCFC 26(d) does not permit a party to seek discovery prior to the early meeting of counsel required by RCFC Appendix A, Remcon did not serve its request for production of documents until March 26, 2004. Nonetheless, even prior to that date, undersigned counsel requested that the

[1] "Pl. Mot. __" refers to plaintiff's motion for an expedited preliminary conference. "Schoenfeld Decl. __" refers to the declaration of Remcon's counsel, D. Michael Schoenfeld. References are to page numbers. "Pl. Exh. __" refers to the exhibits to plaintiff's motion.

Department of Interior assemble the documents relevant to this case and prepare them for production. The agency has worked diligently upon this task and has forwarded undersigned counsel numerous boxes of documents.

Before we answered the complaint, Remcon began sending us letters with various demands. For instance, although not permitted by the rules of this Court to serve a document request, Remcon requested that we produce documents in Denver during the week of April 5 though April 9, 2004. Moreover, Remcon's demands not only related to this litigation, but to a FOIA request of Remcon's surety, Great American, which is not a party to this action. See Pl. Exh. C.

Remcon also has proposed a discovery schedule that is unrealistic given the size and complexity of this matter. Essentially, Remcon proposes that the parties complete all fact discovery within approximately six months from the date the joint status report is due, and that expert depositions be completed a month later. This is unreasonable.

Although this is a termination for default case, Remcon's complaint includes claims for alleged extra work, inefficiencies and delay. Unless we can obtain summary judgment during the relatively early stages of this case, this action will require the involvement of experts, as well as extensive fact and expert discovery. Further, because the underlying project is in

California, significant travel will be required. Therefore, a more reasonable schedule than that proposed by Remcon is appropriate.

Finally, although counsel for the parties have conferred upon a number of occasions and the discussions have been cordial, by filing its present motion, Remcon is setting the stage for a contentious litigation.

## ARGUMENT

### I. Remcon's Allegations Do Not Warrant The Expedited Schedule That Remcon Seeks

This is a complex construction matter. To defend this litigation, we will be required to retain an expert or experts – which will take some time – examine and produce voluminous documents, respond to other discovery requests that Remcon undoubtedly plans to serve, and participate in depositions in California. Further, Remcon already has proposed to exceed the limits, stated in the Rules of this Court, which are applicable to interrogatories and depositions.

In its motion, Remcon asserts that it is a small contractor whose bonding capacity and ability to conduct business have been lost due to the project underlying this litigation, and that it effectively has been put out of business. Pl. Mot. 1. However, Remcon essentially abandoned the project, in breach of its contract.

Specifically, in July 2003, after repeated warnings, the agency issued a cure notice based upon Remcon's failure to make progress. Remcon had not mobilized for the construction season, had failed to provide contractually required schedule updates, submittals, and surveys, and otherwise failed to fulfill its contractual responsibilities. In August 2003, after granting one extension to respond to the cure notice, the agency terminated the contract. At the time the Government terminated the contract, Remcon still had not mobilized for the 2003 construction season and the contract was significantly behind schedule. As a result, the agency was forced to enter into a takeover agreement with the surety. Thus, it is the Government's position that any financial problems allegedly faced by Remcon are of its own making, and that this matter should proceed upon a normal track.

II. Remcon Is Attempting To Obtain An Unreasonable Schedule And Prejudice The Government's Ability To Defend This Action

As noted above, the Government has not improperly delayed and hindered Remcon's ability to prosecute this action, as Remcon claims. Further, it is not the Government's conduct, but Remcon's tactics, that potentially may lead to an inequitable result.

The schedule that Remcon has proposed is unreasonably short, and will not permit the Government to properly defend this action. Undersigned counsel expects that his caseload will be

very busy in the foreseeable future. For instance, during the next several weeks, undersigned counsel is responsible for the following, in addition to his responsibilities in this case:

- April 30, 2004 - deadline to provide various discovery pursuant to Court's order resulting from plaintiff's motion to compel in Blue Lake Forest Products, Inc. v. United States, Fed. Cl. Nos. 01-570C, 01-627C, a case assigned to undersigned counsel after motion to compel was filed due to illness in family of previous attorney;

- May 7, 2004 - oral argument scheduled in Athen v. United States, Fed. Cir. No. 03-1065;

- May 10 through May 14, 2004 - travel to California for depositions in Blue Lake Forest Products, Inc. v. United States, Fed. Cl. Nos. 01-570C, 01-627C;

- May 24, 2004 - Government's brief due in Rice v. United States, Fed. Cir. No. 04-5069;

- May 24, 2004 - response to complaint due in Kira, Inc. v. United States, Fed. Cl. No. 04-480;

- May 28, 2004 - Response to complaint due in CLR Timber Holdings, Inc. v. United States, Fed. Cl. No. 04-501C.

The above schedule has been fairly representative of counsel's schedule in recent months and undersigned counsel expects to remain similarly busy in the foreseeable future.

Consequently, Remcon's proposed accelerated schedule is not realistic. Cases similar to this often require at least a year to complete discovery. In contrast to Remcon's unreasonable schedule, we propose to complete fact discovery by June 30, 2005, and expert discovery by November 15, 2004. Finally, although Remcon seeks a trial date, it would be more appropriate to

conduct a conference following the close of all discovery, so that a schedule can be set for any outstanding matters, including dispositive motions, settlement discussions, and trial, if necessary. This is a far more realistic and reasonable approach than that proposed by Remcon.

## CONCLUSION

As set forth above, Remcon's motion should be denied to the extent that Remcon requests the Court to enter its proposed schedule.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

/s Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

April 30, 2004

Certificate of Filing

I hereby certify that on April 30, 2004, a copy of foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN EXPEDITED SCHEDULING CONFERENCE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder