IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO MAY 10, 2004 SCHEDULING ORDER

Defendant, the United States, respectfully responds to this Court's May 10, 2004 scheduling order. Plaintiff, Remediation Constructors, Inc. ("Remcon"), has proposed that summary judgment proceedings and trial preparation proceed simultaneously. Regardless of Remcon's assertion that it is a small business whose existence is dependent upon this matter, Remcon's proposed schedule is unreasonable and should be rejected. Instead, the Government proposes the following schedule, which we believe is reasonable and will not result in delay:

February 28, 2004: Parties to file any dispositive/summary judgment motions.

April 14, 2005: Parties to file their responses to any dispositive/summary judgment motions.

May 12, 2005: Parties to file their replies regarding any dispositive/summary judgment motions.

May 25, 2005 (or such other date convenient to the Court): Argument upon dispositive/summary judgment motions, should the Court determine that argument is necessary.[1]

With regard to setting a schedule for trial and pretrial proceedings, we respectfully request that the Court defer entering such schedule until the dispositive motions are decided. Doing so will permit the Court and parties to know what if any issues remain to be decided at trial, so that a schedule appropriate to the circumstances can be entered.

A. Reasons For Adopting Government's Proposed Schedule

As noted in the Joint Preliminary Status Report, the Government denies that it breached the contract, caused delays and labor inefficiencies, or caused Remcon to perform uncompensated extra work. Further, the Government paid Remcon for certain additional work through bi-lateral contract modifications. Moreover, the agency reasonably terminated Remcon for default. Specifically, in July 2003, after repeated warnings, the agency issued a cure notice based upon Remcon's failure to make progress. Remcon had not mobilized for the construction season and had failed to provide contractually required schedule updates, submittals, and surveys. At the time

[1] The Government believes that it may be possible to file a dispositive motion addressing at least some of the issues before discovery is completed. Therefore, we request that we be permitted to file a dispositive motion earlier - either address all of some issues - should the opportunity arise.

the Government terminated the contract, Remcon still had not mobilized for the 2003 construction season and the contract was significantly behind schedule.

We believe that at least some of the above issues — for example, the termination issue — may be able to be resolved through a dispositive motion. We disagree with Remcon's attempt to require the dispositive motions and trial preparation to proceed concurrently. Summary judgment is "designed 'to secure the just, speedy and inexpensive determination of every action.'" Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)) (emphasis added). Remcon's suggestion that the parties be required to begin preparing for trial before the dispositive motions are even fully briefed, let alone argued or decided, could result in a substantial expenditure of time and resources by both parties, and possibly the Court, in connection with what, ultimately, may turn out to be unnecessary pretrial proceedings. Should the Government obtain dismissal or summary judgment upon all of Remcon's claims, no trial preparation will be necessary. Further, even if the Government obtains a dismissal or summary judgment upon some of Remcon's claims, this would narrow the issues for trial and require a different level of trial preparation than would be required if a dispositive motion had not been filed.

Further, we do not believe that Remcon's briefing schedule allows enough time for responses and replies to be filed. Indeed, Remcon's briefing schedule allows less time than is permitted by the rules of this Court ("RCFC"). Specifically, Remcon's proposed schedule has not taken into account the extra three days allowed for service of motion papers by a method other than by hand, including electronic filing. See RCFC 5(b)(2)(d); RCFC 6(e).

B. Trial Venue

Plaintiff requests that the trial be conducted in Sacramento. However, many of the Government's potential witnesses are in Denver. The Court should defer deciding whether the trial should be conducted in Denver, Sacramento or elsewhere, until the parties and Court have an opportunity to better assess which location is the most convenient for all concerned, assuming that a trial is necessary.[2]

[2] Remcon claims that it would be cost-prohibitive to plaintiff and its counsel if they are required to travel to a location other than Sacramento for trial. Remcon's concern about travel costs is at odds with its apparent lack of concern for the costs it would incur in conducting pretrial proceedings before dispositive motions are decided.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

May 18, 2004

Certificate of Filing

I hereby certify that on May 18, 2004, a copy of foregoing DEFENDANT'S RESPONSE TO MAY 10, 2004 SCHEDULING ORDER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder