IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, responds to the motion to compel discovery filed by plaintiff, Remediation Constructors, Inc. ("Remcon"). Remcon's motion should be denied as moot because the Government has provided the privilege log that is the subject of Remcon's motion. Remcon's request for attorney fees and costs also should be rejected because Remcon failed to confer in good faith with the Government prior to filing its motion.

INTRODUCTION

To the extent that Remcon requests an order compelling production of a privilege log, its motion is moot, as the Government has provided Remcon with both a privilege log and revised log. What is at issue in Remcon's motion is the question of attorney fees and costs. As set forth below, Remcon's motion should not have been filed. Indeed, the Government never indicated it would not produce the log, and there was never a bonafide dispute regarding the log. Rather, Remcon's motion is now before the Court only because Remcon rushed to the courthouse to file its motion before the Government could serve its privilege log.

STATEMENT OF FACTS

This is a construction case. Voluminous documents are involved. Remcon served the United States with its First Request for the Production of Documents on March 26, 2004. Pl. Ex. C.[1] Remcon's request for production was unreasonably long, containing 154 separately number paragraphs. Nonetheless, the Government, on April 28, 2004, timely served a written response to Remcon's 154 separate requests for production.

During the weeks that followed, the parties exchanged e-mails and letters regarding the logistics and costs of providing the voluminous documents to Remcon. See, e.g., Pl. Ex. F through K. On May 19, 2004, we advised Remcon's counsel that they could either review the documents in our office or, alternatively, that we would forward to Remcon approximately 18 boxes of responsive documents that were not privileged, procurement sensitive, confidential, protected or otherwise exempt from disclosure, provided that Remcon's law firm would agree to pay the copying costs, calculated by the Department of Interior (the "agency") to be $2,663.13. See May 19, 2004 letter, Pl. Ex. I; see also May 24, 2004 letter to Remcon's counsel, Pl. Ex. K.[2] We offered to forward copies to Remcon as an accommodation and in the spirit of cooperation. See Pl. Ex. K.

We also advised Remcon that we would provide a privilege log as soon as reasonably possible. Pl. Ex. K. We expressly noted that the litigation had a contentious beginning, which we attributed to Remon or its counsel, that we were prepared to work cooperatively regarding

[1] "Pl. Ex. __" refers to the exhibits to Remcon's motion to compel.

[2] Our copy of the May 19 letter appears to be missing the exhibit notation. However, from the order of exhibits, we assume that the May 19 letter is Exhibit I.

discovery, and that we believed Remcon had made unreasonable demands since even before discovery commenced. Id. For instance, although our response to Remcon's document request was timely served on April 28, 2004, and although the parties still were discussing the details of the production of the voluminous documents at issue, by May 11, 2004, Remcon had sent us a letter asserting that the fact that we had not yet produced the documents was "unfathomable," and threatening to file a motion to compel. Pl. Ex. H.

Indeed, in its March 26, 2004 cover letter transmitting its document request, Remcon demanded that we provide it with a guarantee that we would provide the responsive documents within 30 days, or Remcon would seek "judicial intervention to resolve the issue." Pl. Ex. C. In other words, Remcon threatened the Government with a motion to compel the very day it served its document request. Thus, since the outset of discovery, Remcon was attempting to "set up" a motion to compel. Accordingly, while the Rules of this Court require the parties to attempt to resolve discovery issues between themselves without a motion to compel, it appears that Remcon was on a mission to file a motion to compel. Such conduct was entirely inappropriate and could serve to accomplish nothing but to create a very unpleasant litigation environment.

While the parties were exploring the logistics and costs of providing the responsive documents, Remcon inquired about the privilege log. Subsequently, in a letter dated July 26, 2004, Remcon demanded that we provide the privilege log by July 30, 2004, 12:00 PM, Pacific Daylight Time. Pl. Ex M. Thus, Remcon unilaterally imposed a four-day deadline for Remcon's receipt of a privilege log.

We responded, in writing, on July 28, 2004, advising Remcon that agency counsel, who had been working upon the log, was out of the office until the following week, and that

undersigned counsel of record unavoidably would be out of the office on July 29 and July 30. Pl. Ex. O. As a result, we indicated that we would be unable to provide the log by July 30. We also advised Remcon that agency counsel had been asked to contact undersigned counsel immediately upon her return to her office, that we believed the log could be provided expeditiously, perhaps by the following week, and that we would call Remcon's counsel as soon as we spoke to agency counsel. Id. At no time did we indicate that the log would not be forthcoming, or that there would be any undue delay in providing it.

Remcon did not respond to the our July 28 letter. Nor did Remcon's counsel provide us with a reasonable opportunity to confer with them, let alone meet their responsibility to confer with us. Instead, on August 4, 2004, Remcon filed its motion to compel. However, Remcon acknowledges that it received our July 28, 2004 letter before filing its motion. See Declaration of D. Michael Schoenfeld (Schoenfeld Decl. at 5-6, ¶ 20).

Five days later, on August 9, 2004, we forwarded Remcon a 17-page privilege log, additional responsive documents, and certain other documents that had been redacted. Thus, as promised, we provided Remcon with the privilege log in an expedited fashion. Remcon has refused to withdraw its motion to compel, indicating that the issue of attorney fees and costs is still ripe for review.

## ARGUMENT

### I. The Court Should Deny Remcon's Motion as Moot

Because the Government has provided Remcon with a privilege log, it is unnecessary for this Court to issue an order compelling the Government to produce the privilege log. Indeed, the production of the log without the need for a court order is anything but surprising, since the

Government advised Remcon before Remcon filed its motion that it would produce the log "very expeditiously." Pl. Ex. O. Because Remcon's motion is moot, it should be denied.[3]

II. Remcon Failed To Confer With The Government In Good Faith

Pursuant to Rule 37(a)(2)(A) of the Rules of the United States Court of Federal Claims, which is based upon Rule 37 of the Federal Rules of Civil Procedure, a party seeking to compel discovery must certify that it has in good faith conferred or attempted to confer with the other party in an effort to secure the disclosure without court action. Similarly, Appendix A of this Court's rules provides that a motion to compel "shall contain a statement that the movant has in good faith conferred or attempted to confer to resolve the matters in dispute." See Appendix A(V)(10) (emphasis added). Thus, a motion to compel discovery cannot be filed unless the parties simply cannot resolve the discovery issue without Court intervention.

"'Good faith' under the rule encompasses honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to . . . abuse the discovery process, and

---

[3] Remcon also asserts that there are gaps in some of Bates stamp numbers of the documents. The documents were numbered for purposes of organization only. Remcon asserts that the gaps in the Bates stamp numbers total 475,000 pages. The agency advises that the documents were not all numbered consecutively. Thus, the simple answer to Remcon's concern is that some gaps were to be expected. Certainly, the agency did not withhold 475,000 pages of documents. See Declaration of James Ison in support of Remcon's motion to compel. Indeed, the agency indicates that all responsive documents have been produced, except for those that are privileged, procurement sensitive, confidential, protected or otherwise exempt from disclosure. In any event, this is a non-issue. To the extent, if any, that any unprivileged, unprotected or otherwise non-exempt responsive documents were not provided, this was inadvertent, and such documents will be provided. This is not an issue requiring Court intervention and can be worked out by the parties. For example, on September 7, 2004, Remcon provided us with a list of missing Bates stamp numbers. We will conduct a comparison of the missing Bates stamp numbers against our documents and advise Remcon of the result.

faithfulness to one's obligation to secure information without court action." 7 Moore's, § 37.05[5] at 37-34. In filing its motion, Remcon ignored these principles.

As an initial matter, the requirement that the parties attempt to resolve their dispute in good faith clearly presupposes that there is an actual dispute. See McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70, 81 (D. D.C. 1999) (finding "sufficient disagreement between the parties" so that it was appropriate for the court to address issue). The good faith requirement serves to avoid premature motions. See Hasbro v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996).

In the present case, there was no actual discovery dispute between the parties. The Government was perfectly willing to provide the privilege log. Further, even if there was a dispute, Remcon's motion clearly was premature. As in the Hasbro case, any issue regarding the service of a privilege log simply had not reached an impasse. Id. However, Remcon was not even willing to wait a few days to discuss the issue. This was improper. See Cannon v. Cherry Hill Toyota, 190 F.R.D. 147 (D. N.J. 1999) (one-day notice is a token effort, rather than sincere effort, to resolve motion to compel).

In Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186 (3d Cir. 2003), the court refused to find a good faith effort to confer, where one party, Naviant, (1) summarily rejected the other party's request for an extension of time to answer interrogatories; (2) filed a motion to compel one day after the deadline expired (after which the court granted an additional 10 days to comply); and (3) after receiving responses to the interrogatories, made an ultimatum on a Tuesday afternoon that more complete answers be furnished by the end of the week and that written confirmation be furnished by the end of the next day. This is strikingly similar to Remcon's tactics in the present action.

The court of appeals in Naviant noted that the district court had criticized Naviant for being overzealous regarding discovery. Id. at 186-87. Remcon has been similarly overzealous in the present case. This is demonstrated by the tone of Remcon's letters and motion to compel, as well as its prior filings in this action. To put matters into context, our answer was filed in this case on March 8, 2004. Little more than one month later, on April 13, 2004 (approximately two weeks before our responses to Remcon's document request were due), Remcon filed a motion for an expedited scheduling conference, and unjustifiedly accused the Government of delay. See ECF Docket Entry No. 9 at 1. We timely responded to the document request on April 28, 2004. We responded to Remcon's motion on April 30, 2004. ECF Docket Entry No. 12.

Once again, Remcon has filed a motion (its current motion to compel) accusing the Government of undue delay. However, the Government's prompt response to plaintiff's document request demonstrates that the Government was anything but dilatory regarding discovery in this action. On the other hand, Remcon's actions have caused the Government to spend significant time preparing this response, when the time could have been devoted to more substantive matters. Indeed, had Remcon not filed its motion, it still would have promptly received the privilege log. Remcon's actions demonstrate that it filed it motion for the sake of filing a motion to compel, presumably to gain some perceived tactical advantage, rather than because of any real need for Court intervention.

As stated by one court: "The entire purpose of the meet-and-confer rule is to force litigants to attempt to resolve, or [at] least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion." Alexander v. Federal Bureau of Investigation,

186 F.R.D. 197, 199 (D.D.C. 1999) (interpreting local district court rule); see Hasbro, 168 F.R.D. at 101 (construing analogous Fed. R. Civ. P. 37(a)(2)(A)).

To this end, courts have required a party moving to compel to conduct "a personal or telephonic consultation during which the parties engage in meaningful negotiations" in a "genuine effort to avoid judicial intervention." Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171, 172 (D. Nev. 1996); accord Soto v. City of Concord, 162 F.R.D. 603, 623 (N.D. Cal. 1995) (a "live exchange of ideas and opinions" required by the meet-and-confer requirement in Fed. R. Civ. P. 37(a)(2)(A)). These requirements exist because, as the one district court stated, "[i]t is not up to the Court to expend its energies when the parties have not sufficiently expended their own." Hasbro, 168 F.R.D. at 101.

Therefore, when a party moving to compel does not attempt to resolve the disputes short of judicial intervention, courts do not hesitate to deny the motion upon this ground. E.g., Sattar v. Motorola, Inc., 138 F.3d 1164, 1171-72 (7th Cir. 1998) (affirming denial of motion to compel for failure to confer); Alexander, 186 F.R.D. at 199 (denying motion to compel for failure to confer); Doe v. Lepley, 185 F.R.D. 605, 606 (D. Nev. 1999) (failure to "make a sincere effort to personally consult" with opposing counsel constitutes grounds for denying motion) (emphasis added); Tri-Star Pictures, 171 F.R.D. 94, 99-100 (S.D.N.Y. 1997) (denying motion to compel for failure to confer in good faith); Shuffle Master, 170 F.R.D. at 171-72 (same); Hasbro, 168 F.R.D. at 101-02 (same); Ballou v. University of Kansas Med. Ctr., 159 F.R.D. 558, 560 (D. Kan. 1994). Here, the Court should summarily deny Remcon's motion to compel because it is clear that Remcon did not make a good faith attempt to resolve the simple issue of when a privilege log would be served.

Remcon filed its motion despite being advised that both agency counsel and undersigned counsel were going to be out of the office, that undersigned counsel would contact agency counsel as soon as she returned to her office, and that the log would be provided in an expeditious manner (which it was). Rather than discussing the issue with us, Remcon virtually raced to file its motion before we could serve the log. Such action by Remcon is the exact opposite of a good faith attempt to resolve the issue.

III. The Government Should Not Be Subject To Attorney Fees or Costs

As demonstrated above, Remcon's Motion to Compel was wasteful. Pursuant to RCFC 37(a)(4)(a), costs should not be awarded where a motion to compel was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action or where the award of expenses were unjust. Here, Remcon's motion was filed without a good faith attempt to obtain the disclosure sought. Further, under the circumstances described above, the award of expenses would be unjust.

In addition, the length and complexity of Remcon's motion to compel is extraordinary, given that the alleged "dispute," which was not a dispute at all, centered upon service of a privilege log. Indeed, Remcon's motion contains a separate notice of motion, two declarations, 15 exhibits, and an 11-page memorandum of law.

Further, not only was Remcon's motion entirely unnecessary and excessively long, it discusses matters that simply would not be relevant even if the motion were properly filed. For instance, Remcon discusses its attempts to obtain documents beginning months before Remcon was entitled to serve a request for production of documents. See, e.g., Schoenfeld Decl. at 1-2, ¶¶ 2-5. The Government was not obligated to produce documents prior to a document request

and the Government cannot understand why Remcon continues to assert that the Government somehow was at fault for not providing it documents before a formal request. Further, Remcon's discussion of these now "historical" matters merely underscores its overzealousness.

Although Remcon attempts to portray its requests for early production as reasonable, we did not view that request as reasonable. Rather, we believe that Remcon was attempting to force us into a discovery schedule that the Government could not reasonably comply with, and which would prejudice our ability to defend this action. Further, Remcon's assertions that it incurred unreimbursed costs in connection with the project, lost its bonding capacity, and has been effectively put out of business pending the disposition of this action, have nothing to do with its current motion to compel. Further, it is the Government's position that Remcon essentially abandoned the project, in breach of its contract, and that any financial problems allegedly faced by Remcon are of its own making.

In sum, Remcon's motion should not have been filed. As promised, the privilege log was provided expeditiously to Remcon. Remcon has attempted to create a dispute where none existed. Therefore, it is not entitled to costs or attorney fees.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that Remcon's motion be denied in its entirety.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

September 29, 2004

Certificate of Filing

I hereby certify that on September 29, 2004, a copy of foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder