EXHIBIT 13
Pages 36-42

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 95 | 0518992-0518994 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 96 | 518997 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 97 | 519005 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 98 | 0519006-0519008 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 99 | 0519025-0519030 and 0519031 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 100 | 519033 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 101 | 0519038-0519040 and 0519041-0519044 and 0519047 and 0519049 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 102 | 519045 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 103 | 519048 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 104 | 518390-518448 | Source Selection Information, proprietary | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions. The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions. |
| 105 | 518469-518470 | Source Selection Information | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions. |
| 106 | no bates: 7 pages | Attorney-client and attorney work-product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 107 | no bates: 5 pages | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 108 | no bates: 9 pages | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 109 | no bates: 8 pages | Attorney-client and attorney work-product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 110 | no bates: 4 pages | Attorney-client and attorney work-product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 111 | no bates: 18 pages | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 112 | 519133 | Source Selection Information | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions. |
| 113 | 0519100-519104 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 114 | 519383 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 115 | 0518577-0518579 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 116 | 518730 | Attorney work-product, anticipation of litigation | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 117 | 0518996; 0518857 | Attorney-client, anticipation of litigation | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions. |
| 118 | 519037 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 119 | no bates: 18 pages | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 120 | no bates: 5 pages | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 121 | 0518942-0518991 | Post termination, anticipation of litigation | It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions. |