EXHIBIT 6
Pages 43-49

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 122 | 0518884-0518991 | Attorney-client and attorney work -product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 123 | 0518786-0518789 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 124 | 0518747-0518749 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |
| 125 | 0518992-0518994 | Irrelevant | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 126 | 0519115-0519124 | Irrelevant, attorney-client and attorney work-product, anticipation of litigation, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions. |
| 127 | 020897-020902 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 128 | 20848 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |
| 129 | 20850 | Irrelevant, post termination | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 130 | 20850 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |
| 131 | 020853-020852 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |

| Document's Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented |
|---|---|---|---|
| 132 | 020854-020857 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |
| 133 | 0519220-0519222 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 134 | 05129225-0519229 | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |

MURPHY AUSTIN
ADAMS SCHOENFELD LLP

**MURPHY AUSTIN ADAMS SCHOENFELD LLP**
1000 G Street, 3rd Floor
P.O. Box 1319
Sacramento, California 95812-1319
(916) 446-2300
FACSIMILE
(916) 503-4000

**FACSIMILE TRANSMITTAL COVER SHEET**

DATE: August 13, 2004

RE: RemCon v. National Park Service, et al.

OUR FILE NO.: 1918.001

Please deliver the following page(s) immediately to:

| Name | Organization | Fax Number | Phone Number |
|---|---|---|---|
| Richard Schroeder | Department of Justice | **(202) 353-7988** | (202) 305-7788 |

From: D.MICHAEL SCHOENFELD

Number of pages, including this page: **8**

**NOTE: Please see the enclosed August 13, 2004, letter. The original and enclosure will follow via Federal Express on Monday morning.**

## Claim of Privilege

****WARNING TO RECIPIENT****
**The information contained in this facsimile message is confidential information and is attorney/client privileged. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.**

**If you do not receive all pages or have any problems with receiving this facsimile, please call Dortha Ingham at (916) 446-2300, extension 448**

Send Confirmation Report

Name: MURPHY AUSTIN ADAMS SCHOENFELD ID: 916 446 2300 13 Aug'04 4:00PM Page 1

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 798 | 8/13 3:58PM | 1'19" | 12023537988................. | Send............. | 8/ 8 | EC264 | Completed.................................... |

Total: 1'19" Pages sent: 8 Pages printed: 0

MURPHY AUSTIN ADAMS SCHOENFELD LLP

**MURPHY AUSTIN ADAMS SCHOENFELD LLP**
1000 G Street, 3rd Floor
P.O. Box 1319
*Sacramento*, California 95812-1319
(916) 446-2300
FACSIMILE
(916) 503-4000

**FACSIMILE TRANSMITTAL COVER SHEET**

DATE: August 13, 2004

RE: RemCon v. National Park Service, et al.

OUR FILE NO.: 1918.001

Please deliver the following page(s) immediately to:

| Name | Organization | Fax Number | Phone Number |
|---|---|---|---|
| Richard Schroeder | Department of Justice | (202) 353-7988 | (202) 305-7788 |

From: D.MICHAEL SCHOENFELD

Number of pages, including this page: 8

**NOTE: Please see the enclosed August 13, 2004, letter. The original and enclosure will follow via Federal Express on Monday morning.**

## Claim of Privilege

****WARNING TO RECIPIENT****
**The information contained in this facsimile message is confidential information and is attorney/client privileged. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.**

**If you do not receive all pages or have any problems with receiving this facsimile, please call Dortha Ingham at (916) 446-2300, extension 448**