MURPHY AUSTIN
ADAMS SCHOENFELD LLP

**D. MICHAEL SCHOENFELD**
DIRECT (916) 503-4005 Ext 281
mschoenfeld@murphyaustin.com

September 27, 2004

***Sent Via Facsimile and Federal Express***

Richard P. Schroeder
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Re: Remediation Constructors, Inc. v. United States of America
Docket No. 03-2478C
Our File No: 1918.001

Dear Mr. Schroeder:

We have reviewed the United States of America's ("USA") augmented privilege log which we received on September 17, 2004. For 69 of the 134 documents withheld from production, the USA's additional description of those documents has allayed our concern that they fall outside the privileges asserted. Remediation Constructors, Inc. ("Remcon") will not continue to seek their production.

For the 65 other documents, however, we are still unpersuaded that the USA is not obligated to produce them or the privilege log remains deficient. The USA has reasserted some privileges without responding to the arguments set forth in our August 13, 2004 "meet and confer" letter which provides the legal bases upon which we rely in demanding their production. Moreover, the USA still has not described many documents in a manner that will enable Remcon to assess the validity of various privileges asserted. Thus, the USA has still not complied with its discovery obligations.

Set forth below are the principal legal arguments underlying Remcon's assertions that the USA is improperly withholding from production certain documents identified on its

augmented privilege log.[1] We still hope that we can resolve this discovery dispute without our insisting upon Court intervention, but the USA must address these issues in a timely manner or we will have no other choice.

**Source Selection Information**

The USA has withheld from production source selection files, abstracts of offers, proposals for additional services and other documents claiming that they are protected from disclosure because they contain source selection information. The USA continues to insist that these documents are protected from disclosure. As discussed more fully in our August 13, 2004, letter, we do not believe that this is a valid assertion of the protection because the statutory basis for that protection, the Procurement Integrity Act ("Act"), only protects against the disclosure of bid or proposal information and source selection information pertaining to a particular project ***while that project is in the procurement process***. (See 41 U.S.C. § 423(a)(b).)

Please provide the legal authority that supports your contention that source selection documents for the Project at issue in this litigation ("Project") are protected from disclosure despite its procurement process ending in 2001. If you cannot, it seems clear enough to us that we are entitled to these documents without redactions.

**Proprietary**

The USA continues to withhold documents it claims are "proprietary" without describing the documents in a manner that will allow Remcon to assess the validity of the USA's assertion of privilege as required by Rule 26(b)(5). Something more that the word "proprietary" is required if the USA intends to stand behind this assertion of privilege. Unless greater description is forthcoming or you produce the documents, Remcon will be compelled to request that the Court determine whether or not the privilege applies after *in camera* review.

---

1 The USA's augmented privilege log fails to address many of the issues raised in our August 13, 2004 "meet and confer" letter to you or respond to our arguments. Therefore, we have restated herein the issues raised in that letter that were simply ignored by the USA.

**Deliberative Process**

The USA initially withheld from production a document entitled "Spending Plan for Construction Appropriation" (Item No. 14; Bates Numbers 021044-021073) based on its claim that this document is subject to the "deliberative process" privilege. The USA has now agreed to produce only that part of the document that contains "Information Related to 200Q."

However, the USA has ignored the issues raised in our August 13, 2004, letter or counter the legal authorities we cited. As its title reflects, the Spending Plan for Construction Appropriation appears to be the *outcome* of the deliberative process and therefore outside the privilege. (See *Marriot International Resorts v. United States*, 2004 WL 1708972 (Fed. Cl.); *Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580 (Fed. Cir. 1985).) Moreover, you have not complied with the three-step process necessary to assert the privilege, including provide us with an affidavit from the head of the National Park Service stating that the agency is asserting the privilege after his or her "personal consideration." (*Walsky Construction Co. v. United States*, 20 Cl. Ct. 317, 320 (1990).) The USA must either fulfill these requirements or produce the document in its entirety.

**Relevancy**

The USA continues to insist that some of its Project files are irrelevant. As a matter of law, evidence is relevant even if it is not admissible so long as it is "reasonably calculated to lead to the discovery of admissible evidence." (RCFC 26(b)(1).) As such, it is well recognized that "[f]or discovery purposes 'relevancy' is a broad term." (*Liew v. Breen*, 640 F.2d 1040, 1049 (9th Cir. 1981).)

We disagree with the USA's determination that these documents are not relevant. All the documents withheld by the USA on relevancy grounds were in its Project files therefore in some manner related to the Project. Their production is reasonably calculated to lead to the discovery of admissible evidence and could very likely do so. As such, the Rules require the USA to produce them. Rather than pose this objection in an attempt to obstruct Remcon's discovery efforts, the USA should simply produce documents it believes are irrelevant and give Remcon the opportunity to make its own assessment of the documents' relevancy. Otherwise, Remcon will be forced to ask the Court to make that determination for the parties.

**Attorney-Client and Attorney Work Product**

The USA has withheld documents from production based on the attorney-client privilege and/or attorney work product doctrine. Based on the documents' descriptions provided on the USA's augmented privilege log, we are satisfied that many of these documents qualify as attorney-client communications and/or work product privilege.

However, for the reasons set forth in the attachment to this letter (entitled "Attachment to Remcon's September 27, 2004, meet and confer letter"), there are certain documents that we believe fall outside the attorney-client and work-product privileges, or still require greater description for us to assess the validity of the privileges asserted. Please review the attachment and respond to the issues raised therein.

**Anticipation of Litigation**

The USA's augmented privilege log provides additional descriptions of documents that it asserts were prepared in anticipation of litigation. However, for many of these documents, the log still does not describe the circumstances under which they were created in a manner which allows Remcon to assess the validity of the USA's assertion of privilege. Therefore, as more fully set forth in our August 13, 2004 letter, the USA has not met its legal burden of establishing that the anticipation of litigation protection applies. More information must be provided for the documents identified on Remcon's attachment to this letter if the USA is to comply with RCFC 26(b)(5).

Although the USA's augmented privilege log represents definite progress in our attempt to resolve this discovery dispute, many issues remain unresolved. Enclosed with this letter is an attachment that identifies each document which Remcon asserts has been improperly withheld from production, the rationale underlying Remcon's position, and/or why the privilege log remains inadequate. Until these issues are addressed, we must continue to insist that the Court order the USA to provide us with a privilege log that complies with the Rules and produce documents improperly withheld. Presently, the USA's opposition to Remcon's motion to compel is due September 29, 2004. Unless you immediately produce the documents withheld from production, we suggest that the USA do what it deems necessary to protect its interests.

Additionally, because the privilege log was provided over four months after it was due thereby forcing Remcon to file the pending motion, Remcon will seek to recover its attorney's fees and expenses incurred bringing it. If the USA continues to refuse to fulfill its discovery obligations, it will only increase the fees and expenses we will seek.

Thank you for your prompt attention to this matter.

Very truly yours,

D. MICHAEL SCHOENFELD

Enclosure

JJI:dlh

cc: Steve Christensen
Thomas Casamassima
Kenneth I. Schumaker
James J. Ison