| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 14 | 021044-021073 | Irrelevant, deliberative process privilege | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>The deliberative process doctrine serves to protect inter agency and intra-agency "deliberative communications or official information [and other] documents comprising part of a process by which governmental decisions and polices are formulated." (*Marriot International Resorts v. United States*, 2004 WL 1708972 (Fed. Cl.) The Spending Plan for Construction Appropriation appears to be the outcome of the deliberative process by which the National Parks Service formulated policy. Moreover, you have not complied with the three step process necessary to assert the privilege, including provide us with an affidavit from the head of the National Park Service stating that the agency is asserting the privilege after his or her "personal consideration." (*Walsky Construction Co. v. United States*, 20 Cl. Ct. 317, 320 (1990).) The USA must either fulfill this requirement.<br><br>**The USA has not addressed or responded to the legal authorities cited above and in Remcon's August 13, 2004, meet and confer letter that support its argument that the deliberative process privilege does not apply to this document and that it has not complied with the three-part process necessary to assert this privilege. This document must be produced in its entirety.** |
| 15 | 021074-021081 | Source Selection Information, proprietary | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions.<br><br>The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>**The USA has not addressed or responded to the legal authorities cited above and in Remcon's August 13, 2004, meet and confer letter that support its argument that source selection documents are not protected after the procurement process ends. The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |

EXHIBIT D
Pages 11-15

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 16 | 021146-021149 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 17 | 020858-020860 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 18 | 021150-021152 | Source Selection Information, irrelevant | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions.<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not addressed or responded to the legal authorities cited above and in Remcon's August 13, 2004, meet and confer letter that support its argument that source selection documents are not protected after the procurement process ends.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 19 | 0518510-0518523 | Attorney-client and attorney work-product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions.<br><br>**Remcon is satisfied that this document falls within the asserted privilege based on the description given in the USA's augmented privilege log. However, the USA's description references "backup documents" without stating that those documents have been produced. The USA must confirm that the "backup documents" have been produced.** |
| 23 | 0519081-0519089 | Attorney-client and attorney work- product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions.<br><br>**The USA's augmented privilege log states that "Information transmitted in logs was prepared specifically for attorneys in anticipation of litigation." Without information describing the circumstances surrounding M. Giller's creation of the phone logs which the USA claims were created in anticipation of litigation, it is impossible for Remcon or the Court to determine whether the primary motivating purpose for the creation of the document was to assist with litigation. Information beyond the USA's conclusory assertion that the document was created in anticipation of litigation must be provided.** |
| 25 | 519114 | Attorney-client and attorney work-product | **Remcon is satisfied that this document falls with the asserted privileges based on the description given in the USA's augmented privilege log. However, the USA's description notes that "[n]o backup documentation attached to request." The USA must confirm that the "backup documentation" has been produced. If it cannot, it must identify the documents and produce them if they are located.** |
| 26 | 519134 | Attorney-client and attorney work -product | **Remcon is satisfied that this document falls with the asserted privileges based on the description given in the USA's augmented privilege log. However, the USA's description notes that "[t]he attachments were not found with the document." The USA must confirm that the "attachments" have been produced. If it cannot, it must identify the documents and produce them if they are located.** |
| 27 | 0519135-0519136 | Attorney-client and attorney work -product | **Remcon is satisfied that this document falls with the asserted privileges based on the description given in the USA's augmented privilege log. However, the USA's description notes that "[t]he attachments were not found with the document." The USA must confirm that the "attachments" have been produced. If it cannot, it must identify the documents and produce them if they are located.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 31 | 519186 | Attorney-client and attorney work-product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions.<br><br>**The USA has not provided any additional information that allows Remcon to assess the validity of the privilege asserted.** |
| 33 | 0519198-0519032 | Attorney-client and attorney work–product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions.<br><br>**Based on the description given in the USA's augmented privilege log, the document is an email to which no USA attorney is a recipient. To the extent that it references attorney-client confidences, the document should be redacted and released. Moreover, an email from Rod Keiscome to Mike Giller cannot reasonably be asserted to be attorney work-product. The bates range for these documents provided by the USA are non-sequential. Clarification is necessary.** |
| 35 | 0519203-0519211 | Irrelevant, proprietary | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 36 | 0519125-0519132 | Attorney-client and attorney work-product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions.<br><br>**The USA's augmented privilege log states that "[p]hotos were taken and printed for Jerry O'nan and Sharon Brenna, Solicitor's Office, DOI, in anticipation of litigation." Without at least some description of when the photographs were taken and at whose direction, it is impossible for Remcon or the Court to determine whether the primary motivating purpose for the creation of the document was to assist with litigation. More information must be provided. Moreover, this document does not involve an attorney-client communication therefore the attorney-client privilege does not apply.** |
| 37 | 519212 | Attorney-client and attorney work-product | **Remcon is satisfied that this document falls with the asserted privileges based on the description given in the USA's augmented privilege log. However, the USA's description notes that "[t]he attachments were not found with the document." The USA must confirm that the "attachments" have been produced. If it cannot, it must identify the documents and produce them if they are located.** |
| 41 | 0519230-0519233 | Attorney-client and attorney work-product | **Remcon is satisfied that the communication between Rod Keiscome and Jerry O'Nan and Sharon Brenna falls within the privileges asserted. However, the memorandum regarding "Talking points with Supt. Dick Martin" does not. Merely sending a document to an attorney does not "immunize the document from production . . . . " (*In re Air Crash Disaster at Sioux City*, 133 F.R.D. 515, 519 (N.D. Ill. 1989).) While the NPS' sending drafts of documents to its attorneys to get their input before dissemination may be within the attorney-client privilege as the draft may include confidences deleted from the final version, internal communications that are not intended for publication cannot be immunized from discovery by simply providing them to the attorney. The memorandum must be produced.** |
| 42 | 519234-0519235 | Attorney-client and attorney work-product | **The USA's privilege log stated that a document was given to counsel for "legal review" without identifying the document. Without further description, Remcon cannot assess the validity of the privileges asserted.** |