| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 43 | 0519236-0519238 | Attorney-client and attorney work-product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions.<br><br>**It is unclear from the USA's description of the "attached record of telephone conversation" if the document is a tape recorded conversation of M. Giller's telephone conversation with Mike Rowe, a Fresno County attorney, or M. Giller's written notes of that conversation. The USA must describe the facts and circumstances surrounding the creation of the document for Remcon to be able to adequately assess the validity of the USA's assertion of privileges.** |
| 44 | 0519239-0519264 | Attorney-client and attorney work-product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies nor complied with RCFC 26(b)(5). The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions.<br><br>**The USA's augmented privilege log describes the document withheld as "[v]iewgraphs created for Jerry O'nan and Sharon Brenna, Solicitor's Office, DOI, in anticipation of litigation." Without further description of the circumstances surrounding the document's creation, it is impossible for Remcon to determine whether the primary motivating purpose for the creation of the document was to assist with litigation. Further description must be provided.** |
| 45 | 0519358-0519371 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or sufficient to allow Remcon to assess the validity of this assertion of privilege.** |

EXHIBIT D
Pages 16 - 20

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 46 | 0519358-0519371 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 48 | 519258 | Attorney-client and attorney work-product | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions.<br><br>**The attorney-client privilege and attorney work product privilege do not apply to the USA's counsel's communications with third parties such as Mike Rowe, a Fresno County attorney. This document must be produced.** |
| 58 | 0515593-0518594 | Attorney-client and attorney work-product | **While the draft letter sent to the Jerry O'Nan at the Solicitor's Office, DOI, for his review may be within the attorney-client privilege, the email circulated among the NPS employees referenced within the USA's privilege log who were recipients of the email does not constitute attorney-client communication or attorney work-product. The email, without the attached draft, must be produced.** |
| 60 | 0518693-0518700 | Attorney-client and attorney work-product | **While the draft letter sent to the Solicitor's Office for review may be within the attorney-client privilege, the email circulated among the NPS employees referenced within the USA's privilege log who were recipients of the email does not constitute attorney-client communication or attorney work-product. The email, without the attached draft, must be produced.** |
| 72 | 0518740-0518740 | Attorney-client | **It is unclear from the description given by the USA whether the document contains confidential attorney-client communications, or simply references a scheduled meeting with Solicitor's Office attorneys. If it is the later, this document does not pertain to attorney-client communications or attorney work-product and must be produced.** |
| 73 | 0518742-0518743 | Attorney-client | **While the draft letter sent to the Jerry O'Nan at the Solicitor's Office, DOI, for his review may be within the attorney-client privilege, the email circulated among the NPS employees does not constitute attorney-client communication or attorney work-product. The email, without the attached draft, must be produced.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 75 | 518750 | Attorney work-product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].)<br><br>**The email referenced in the USA's privilege log was not prepared to assist in anticipated litigation, but was an email circulated among NPS employees that discusses documents that they will need to collect should litigation commence. Internal communications among non-lawyers that reference upcoming litigation are not in themselves work product designed to assist with litigation. Thus, the privilege does not apply and the document must be produced.** |
| 76 | 0518758-051860 and 0519105-0519107 | Attorney work - product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].)<br><br>**The email referenced in the USA's privilege log was not prepared to assist in anticipated litigation, but was an email circulated among NPS employees pertaining to the production of documents. Internal communications among non-lawyers that reference litigation are not work product designed to assist with litigation. Thus, the privilege does not apply and the document must be produced.** |
| 77 | 0518778-0518781 | Attorney-client | **The email referenced in the USA's privilege log was not prepared to assist in anticipated litigation, but was an email between two NPS employees pertaining to a letter reviewed by NPS counsel. Internal communications among non-lawyers that reference litigation are not work product designed to assist with litigation. Thus, the privilege does not apply and the document, without the draft provided to NPS' counsel for review, must be produced.** |
| 87 | 0518858-0518862 | Attorney-client | **The email referenced in the USA's privilege log was an email between two NPS employees pertaining to a letter reviewed by NPS counsel. Internal communications among non-lawyers are not attorney-client communications. Thus, the privilege does not apply and the document, without the draft provided to NPS counsel for review, must be produced.** |
| 88 | 0518863-0518870 | Attorney work–product; anticipation of litigation. | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions.<br><br>**The email referenced in the USA's privilege log was not prepared to assist in anticipated litigation, but was an email between two NPS employees that discusses "transmitting photographs." Internal communications among non-lawyers are not in themselves work product designed to assist with litigation. Moreover, without at least some description of when the photographs attached to the email were taken and at whose direction, it is impossible for Remcon to determine if the primary motivating purpose for the creation of the document was to assist with litigation. More information must be provided. Otherwise, the email and attachments must be produced.** |
| 89 | 0518871-0518875 | Attorney-client and attorney work -product | **Internal communications among NPS employees discussing "trip plans" for meetings with attorneys do not comprise confidential communications that fall within the attorney-client privilege and does not constitute attorney work-product. This document must be produced.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 93 | 0518908-0518911 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 94 | 0518912-0518918 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 95 | 0518992-0518994 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**This document was in the USA's Project files. It is therefore relevant and must be produced.** |
| 100 | 519033 | Attorney-client | **Internal communications among NPS employees, all of whom are non-lawyers, are not attorney-client communications that fall within the attorney-client privilege. Moreover, this document does not discuss NPS' employees' discussions with its counsel, but what questions they might ask. Therefore, it does not constitute an attorney-client communication and must be produced.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 102 | 519045 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 103 | 519048 | Attorney-client | **Internal communications among NPS employees, all of whom are non-lawyers, are not attorney-client communications therefore do not fall within the scope of the attorney-client privilege. This document must be produced.** |
| 104 | 518390-518448 | Source Selection Information, proprietary | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions.<br><br>The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>**The USA has not addressed or responded to the legal authorities cited above and in Remcon's August 13, 2004, meet and confer letter that support its argument that source selection documents are not protected after the procurement process ends. The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 105 | 518469-518470 | Source Selection Information | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions.<br><br>**The USA has not addressed or responded to the legal authorities cited above and in Remcon's August 13, 2004, meet and confer letter that support its argument that source selection documents are not protected after the procurement process ends.** |
| 107 | no bates: 5 pages | Attorney-client | Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privileges asserted. The USA's privilege log does not provide the name(s) of the author(s) of the document and its recipient(s). The USA must augment its privilege log to include this information (including those "carbon-copied" or "cc'ed") or produce the document without redactions. |
| 112 | 519133 | Source Selection Information | The procurement process for this contract ended in 2001 therefore source selection information is no longer protected. (See 41 U.S.C. § 423(a)(b).) All documents withheld from production because they contain source selection information must be produced without redactions.<br><br>**The USA has not addressed or responded to the legal authorities cited above and in Remcon's August 13, 2004 letter that support its contention that source selection documents are not protected after the procurement process ends.** |