| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 113 | 0519100-519104 | Proprietary, irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions.<br><br>**The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 114 | 519383 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 115 | 0518577-0518579 | Irrelevant | Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. |
| 116 | 518730 | Attorney work-product, anticipation of litigation | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].)<br><br>**Internal communications among non-lawyers are not in themselves work product designed to assist with litigation. Thus, the privilege does not apply and the document must be produced.** |
| 120 | no bates: 5 pages | Attorney-client | **It cannot be determined if this document falls within the attorney-client privilege without knowing the author of the handwritten notes.** |

EXHIBIT D
Pages 21-25

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 124 | 0518747-0518749 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redactions. |
| 125 | 0518992-0518994 | Irrelevant | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid.<br><br>**The USA's privilege log asserts that these documents are not relevant because the "project discussed in the document are 200Q and 200P." 200Q is the very project at issue in this litigation. This email and the attached memorandum must be produced without redactions.** |
| 126 | 0519115-0519124 | Irrelevant, attorney-client and attorney work-product, anticipation of litigation, post termination | When a party withholds a document from production because it claims the document was created in anticipation of litigation, that party "bears the burden of establishing that the documents in question were 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" (*In re Kidder Peabody Securities Litigation*, 168 F.R.D. 459, 462 (S.D.N.Y.,1996) [citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)].) The USA has not provided any information demonstrating that this document was created principally or exclusively for litigation purposes. Therefore the USA has neither met its burden of establishing that the anticipation of litigation protection applies. The USA must augment its privilege log so that Remcon can assess the applicability of this protection, or produce the document without redactions.<br><br>**It is not clear from the description of the "meeting notes" withheld from production when the meeting that is the subject of the notes occurred, who was present, and whether the notes were prepared for some other purpose beside litigation. Moreover, it does not appear to be an attorney-client communication. The USA must further describe this document so that Remcon can assess the validity of the privileges asserted.** |

| Privilege Log No. | Bates Nos. | Privilege or Protection Asserted | Reason document must be provided or privilege log augmented and Remcon's responses to the USA's augmented privilege log |
|---|---|---|---|
| 127 | 020897-020902 | Proprietary, irrelevant | The USA withheld this document from production claiming it is "proprietary" without providing further description. Pursuant to RCFC 26(b)(5), the USA must describe the document in a manner that will enable Remcon to assess the applicability of the privilege. The USA must provide additional information underlying this assertion so that Remcon can assess the applicability of the privilege or produce the document without redactions. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. **The USA has not provided additional information substantiating its claim that this document contains proprietary information or information sufficient to allow Remcon to assess the validity of this assertion of privilege.** |
| 132 | 020854-020857 | Irrelevant, post termination | "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . (RCFC 26(b)(1).) Relevant evidence is broadly defined as evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Fed. Rule of Evid. 401.) All documents in the USA's Project files are in some manner related to the Project and therefore relevant. This objection is not valid. It is self-evident that the contractor who is completing the Project may encounter the same site conditions encountered by Remcon. Documents that pertain to the manner in which the completion contractor dealt with these conditions and the government's post-Remcon administration of the Project are expected to corroborate the claims identified in Remcon's complaint. These documents must be produced without redaction. |

MURPHY AUSTIN
ADAMS SCHOENFELD LLP

**MURPHY AUSTIN ADAMS SCHOENFELD LLP**
1000 G Street, 3rd Floor
P.O. Box 1319
Sacramento, California 95812-1319
(916) 446-2300
FACSIMILE
(916) 503-4000

**FACSIMILE TRANSMITTAL COVER SHEET**

DATE: September 27, 2004

RE: RemCon v. National Park Service, et al.

OUR FILE NO.: 1918.001

Please deliver the following page(s) immediately to:

| Name | Organization | Fax Number | Phone Number |
|---|---|---|---|
| Richard Schroeder | Department of Justice | **(202) 353-7988** | (202) 305-7788 |

From: D. MICHAEL SCHOENFELD

Number of pages, including this page: **24**

## Claim of Privilege

****WARNING TO RECIPIENT****
**The information contained in this facsimile message is confidential information and is attorney/client privileged. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.**

**If you do not receive all pages or have any problems with receiving this facsimile, please call Dortha Hise at (916) 446-2300, extension 448**

# MESSAGE CONFIRMATION

09/27/2004 11:22
ID=MURPHY AUSTIN ADAMS

| DATE | S,R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|---|---|---|---|---|---|---|
| 09/27 | 05'19" | 12023537988 | TX | 024 | OK | 0000 |

09/27/2004 11:05 MURPHY AUSTIN ADAMS → 12023537988 NO.590 P001

MURPHY AUSTIN
ADAMS SCHOENFELD LLP

**MURPHY AUSTIN ADAMS SCHOENFELD LLP**
1000 G Street, 3rd Floor
P.O. Box 1319
Sacramento, California 95812-1319
(916) 446-2300
FACSIMILE
(916) 503-4000

## FACSIMILE TRANSMITTAL COVER SHEET

DATE: September 27, 2004

RE: RemCon v. National Park Service, et al.

OUR FILE NO.: 1918.001

Please deliver the following page(s) immediately to:

| Name | Organization | Fax Number | Phone Number |
|---|---|---|---|
| Richard Schroeder | Department of Justice | (202) 353-7988 | (202) 305-7788 |

From: D. MICHAEL SCHOENFELD

Number of pages, including this page: 24

## Claim of Privilege

**WARNING TO RECIPIENT**

**The information contained in this facsimile message is confidential information and is attorney/client privileged. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.**

**If you do not receive all pages or have any problems with receiving this facsimile, please call Dortha Hise at (916) 446-2300, extension 448**