IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY OR,
ALTERNATIVELY, MOTION FOR LEAVE TO FILE SUR-REPLY

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court strike plaintiff's reply to the Government's response to plaintiff's motion to compel or, alternatively, that the Court grant the Government 28 days to file a sur-reply in response to plaintiff's reply, which contains numerous new issues and requests new relief.[1]

INTRODUCTION

Plaintiff, Remediation Constructors, Inc. ("Remcon"), filed a motion to compel the Government to produce a privilege log. In our response, we

[1] "Pl. Reply __" refers to plaintiff's reply brief. References are to page numbers.

demonstrated that Remcon's motion should be denied as moot because the Government provided the privilege log that is the subject of Remcon's motion. We also demonstrated that Remcon's request for attorney fees and costs should be rejected because Remcon failed to confer in good faith with the Government prior to filing its motion. Further, we demonstrated that Remcon's motion should not have been filed at all because the Government never indicated that it would not produce the log, that there was never a bonafide dispute regarding the log, and that Remcon rushed to the courthouse to file its motion before the Government could serve its privilege log.

Remcon has now filed what it incorrectly labels a reply. However, its purported reply is a thinly-disguised motion to compel. In its reply, Remcon asserts that the privilege logs that we have produced are deficient. Pl. Reply 5. This was not the issue in Remcon's original motion. Remcon also asserts that we have improperly withheld certain proprietary and source selection information. Pl. Reply 5-6. Again, this was not the issue in Remcon's motion. Remcon also contends that we improperly asserted deliberative process privilege, relevancy objections, attorney-client privilege, the work product doctrine, and anticipation of litigation objections. Pl. Reply 6-9. Once again, none of these matters were at issue in Remcon's motion to compel.

In its reply, Remcon requests that the Court (1) order the Government to produce all documents identified on its privilege log that this Court determines were improperly withheld; (2) review in camera all documents that the Government allegedly has not described in a manner that enables Remcon to adequately assess the applicability of the privileges or protections asserted and determine whether they apply; and (3) reimburse Remcon for attorney fees and costs associated with its motion to compel. Pl. Reply 1. Of these requests for relief, only the third was contained in Remcon's original motion.

The arguments in Remcon's brief primarily discuss matters that allegedly occurred after it filed its motion to compel. Essentially, Remcon has filed an entirely new motion to compel. This is improper. Consequently, the Court should disregard Remcon's reply and decide its motion to compel based entirely upon Remcon's motion and our response. Alternatively, because Remcon's motion raises matters to which we have had no opportunity to respond, the Court should grant the Government 28 days to file a sur-reply responding to the allegations raised by plaintiff in its reply.

## ARGUMENT

### I. REMCON'S "REPLY" FOCUSES LARGELY UPON MATTERS NOT RAISED IN ITS MOTION TO COMPEL AND SHOULD BE DISREGARDED

Remcon has raised entirely new matters in its reply. This was improper. Most of Remcon's assertions relate to matters that allegedly occurred after Remcon filed its motion to compel. The Government has had no opportunity to respond to the issues newly raised by Remcon. This Court recently noted that it "will not consider arguments that were presented for the first time in a reply brief or after briefing was complete." Arakaki v. United States, No. 03-1874C, 2004 WL 1949771, at *22, n.9 (Sept. 1, 2004) (citation omitted); Pleasant Country, Ltd. v. United States, 37 Fed. Cl. 321, 325, n.5 (1997) ("Defendant made new arguments and attached additional exhibits to its reply brief . . . . Plaintiff did not have an opportunity to respond to these additional arguments and exhibits. The court decided against protracting the briefing period and therefore does not consider them in rendering its decision."); Keuhne & Nagel, Inc. v. United States, 17 Cl. Ct. 11, 19, n.2 (1989) (Court need not consider contentions raised for the first time in a reply brief, which do not afford opposing party fair opportunity to respond); cf. Cubic Def. Sys., Inc. v. United States, 45 Fed. Cl. 450, 467 (1999) ("A court might in its discretion permit a new theory to be raised at oral argument, but it certainly

need not. And if it did, it would have to allow the other side sufficient time to prepare and present a response.").

The Court can decide the narrow issues raised in Remcon's motion to compel without considering plaintiff's reply. For instance, the heading in Point III (A) of Remcon's reply reads, "Remcon's Motion to Compel the USA to Provide a Privilege Log is Not Moot Because the USA's Privilege Log is Inadequate." However, the substance of the Government's privilege logs was not at issue in Remcon's motion to compel. In fact, those logs had not even been served when Remcon filed its motion to compel (although the Government did provide Remcon with a log shortly thereafter). Indeed, in its reply, Remcon has raised no less than six arguments relating to issues to which the Government has had no opportunity to respond because they were not raised in Remcon's motion to compel.

Remcon's decision to raise numerous new issues and requests for relief in its reply brief could be viewed as a misguided attempt to undercut the mootness argument that we raised in response to its motion to compel. It could also be viewed as an attempt to deprive the Government of a reasonable opportunity to respond to its new arguments. At the least, it demonstrates a contentious approach to this litigation, apparently used to gain some perceived tactical advantage.

In any event, Remcon's attempt to raise new issues and arguments in its reply is improper. It also is highly prejudicial to the Government. Therefore, we respectfully request that the Court strike Remcon's reply and decide Remcon's existing motion to compel based solely upon Remcon's motion and our response. This will, at the least, provide the parties an opportunity to address informally Remcon's new issues and concerns, in an effort to resolve them without intervention by the Court. This effort would, hopefully, conserve the resources of both the Court and the parties.

## II. In The Alternative, The Government Should Be Granted Leave To File A Sur-Reply In Response To Remcon's Reply

In the alternative, we respectfully request that the Court grant the Government 28 days from the date the Court issues its order, to file a sur-reply responding to the allegations raised by Remcon in its reply. As set forth above, it would be patently unfair to preclude the Government from responding to Remcon's allegations. Assuming that the Court decides to consider the new matters raised by Remcon, the Government has the right to respond. See Khairallah v. United States, 43 Fed. Cl. 57, 61 (1999) (permitting further briefing where plaintiff raised issue in its reply to which Government had no opportunity to respond); Logicon v. United States, 22 Cl. Ct. 776, 781, n.4 (1991) (providing

opportunity to respond to submission filed with reply); Borough of Alpine v. United States, 19 Cl. Ct. 802, 803 (1990) (same).

In its reply, Remcon has raised no less than six new distinct issues. Pl. Reply 5-9. To the extent that the Court decides it is appropriate to consider those issues, we should be granted an adequate opportunity to respond. This is not a case in which a party has raised an isolated point that is related to the issues previously addressed. The issues raised by Remcon cannot be summarily addressed. To the contrary, preparation of our response will require significant time and effort. In addition to discussing the new legal issues raised by Remcon, we also would be required to discuss the numerous factual issues relevant to Remcon's motion.

We would be prejudiced if not provided an adequate opportunity to respond. Had Remcon filed a separate motion to compel regarding the newly raised issues (assuming such motion needed, which we do not conceded), we would have had the opportunity to fully respond. We should not be denied that opportunity because Remcon improperly included new issues in its reply.

CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court disregard plaintiff's reply or, alternatively, that the Court grant the Government 28 days to file a sur-reply to respond to plaintiff's reply.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

October 22, 2004

Certificate of Filing

I hereby certify that on October 22, 2004, a copy of foregoing DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY OR, ALTERNATIVELY, MOTION FOR LEAVE TO FILE SUR-REPLY was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder