IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | DOCKET NO. 03-2478C<br>**REMEDIATION CONSTRUCTORS, INC.'S REPLY TO USA'S RESPONSE TO MOTION TO COMPEL**<br>(Judge Susan G. Braden)<br>Hearing Date: TBD |

**REMCON'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Remediation Constructors, Inc. ("Remcon") does not oppose the United States of America's ("USA") Motion to Strike Plaintiff's Reply Or, Alternatively, Motion For Leave to File Sur-Reply ("Motion to Strike") to the extent that Remcon's Reply requested the Court to 1) order the USA to produce all documents identified on its privilege log that Remcon contends are being improperly withheld from production, and 2) review *in camera* all documents that the USA has not described in a manner that enables Remcon to assess the applicability of the privileges or protections asserted and determine whether they apply. If Remcon and the USA are unable to resolve these matters without Court assistance, Remcon will file a separate motion addressing these issues at a later date.

Remcon does, however, continue to seek sanctions against the USA for its not providing a privilege log until after Remcon filed its pending Motion to Compel. As noted in Remcon's moving papers and that portion of Remcon's Reply that the USA did not move to strike, but for the USA's non-responsiveness to Remcon's meet and confer efforts, stalling, broken promises, and pattern of delay in fulfilling its discovery obligations, Remcon's Motion to Compel would not have been filed.

As noted in Remcon's Reply, Rule 37(a)(4) states that if a motion compelling discovery is "granted or if ***disclosure of requested discovery is provided after the motion was filed, the court shall . . . require the party*** . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses



210904/1918.001

incurred in making the motion, including attorney's fees" unless the moving party failed to make a good faith effort to obtain discovery without court action or the opposing party's failure to provide the requested discovery was substantially justified. (Emphasis added) Shall is a mandatory directive. Thus, because the USA did not provide Remcon with a privilege log until after its Motion to Compel was filed, the award of sanctions in the present case is appropriate and just and no part of Remcon's Reply should be stricken to the extent that it requests its reasonable expenses, including attorney's fees, in bringing that motion.

DATED: November 8, 2004 MURPHY AUSTIN ADAMS SCHOENFELD LLP

/S/ D. Michael Schoenfeld

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000