IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | DOCKET NO. 03-2478C<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FILE AND SERVE FIRST SUPPLEMENTAL COMPLAINT**<br><br>(Judge Susan G. Braden)<br><br>Hearing Date: TBD |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("Remcon") respectfully requests that this Court allow Remcon to file and serve the First Supplemental Complaint attached hereto as Exhibit "A." Such First Supplemental Complaint is necessary in the interests of justice and judicial economy because of transactions, occurrences or events that have transpired since the original Complaint was filed.

## I.

## INTRODUCTION

On or about May 15, 2001, the National Park Service ("NPS") awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for a construction project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q" ("the Project").

Defendant, the UNITED STATES OF AMERICA (the "USA" or "Defendant"), refused to pay Remcon over $3,000,000 in construction costs Remcon incurred while working on the Project, and instead terminated Remcon for default on August 13, 2003. As such, Remcon was effectively put out of business pending the outcome of this litigation.

Remcon filed its original Complaint in the instant matter on October 21, 2003. The original Complaint asserted claims presented to Defendant in Remcon's first certified omnibus claim dated June 28, 2003. Since Remcon filed its original Complaint, transactions and events have occurred that have altered the nature and extent of Remcon's claims and damages against Defendant. Specifically, after Remcon's Original Complaint was filed, the USA entered into an agreement with Remcon's performance and payment bond surety, Great American Insurance Company ("GAIC") to complete the Project. Thereafter, GAIC entered into an agreement with Agee Construction Corporation ("Agee") to perform the work required to complete the Project for $5,163, 051.15.

At the time Remcon was terminated from the Project, Defendant determined that the unpaid Remcon contract balance was $3,463,161.37. As such, Remcon is responsible to reimburse GAIC for the difference between the Agee contract price and the Remcon contract balance (known as *excess completion costs*) of at least $1,519,889.78, plus payments made by GAIC to Remcon's suppliers and/or subcontractors for claims and for additional costs incurred by GAIC related to the Project. Such excess completion costs were proximately caused by Defendant's wrongful termination of Remcon from the Project and the Defendant's breach of the Remcon contract, and represent additional claims and/or damages that are inextricably related to the claims and damages set forth in Remcon's original Complaint.

On July 23, 2004, Remcon served upon Defendant a second certified omnibus claim, setting forth, *inter alia*, the facts and circumstances relative to such excess completion costs. Since the excess completion costs and Remcon's second certified omnibus claim relate to transactions, occurrences, or events that transpired after Remcon's original Complaint was filed, Remcon's First Supplemental Complaint is necessary and justified at this juncture. Further, such First Supplemental Complaint will result in judicial economy because Remcon and this Court will avoid separate lawsuits.

## II.

## ARGUMENT

### A. Justice requires Remcon's First Supplemental Complaint because it relates to transactions, occurrences, and events that transpired after Remcon's original Complaint was filed

Rule 15(d) of the United States Court of Federal Claims (RCFC) states in pertinent part:

> Upon Motion of a Party the court may, *upon reasonable notice and upon such terms as are just*, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor. (RCFC 15(d), emphasis added).

The language of RCFC 15 (d) is identical to that contained in the Federal Rules of Civil Procedure (FRCP) Rule 15(d).

Rule 15 provides the parties with flexibility in presenting their claims and defenses. It assures that cases will be heard on their merits and avoids injustices that can result from strict adherence to earlier technical pleading requirements. (*Foman v. Davis* (1962) 371 US 178, 182). Further, Rule 15 reflects the limited role assigned to federal pleadings: i.e., their purpose is simply to provide the parties with fair notice of the general nature and type of the pleader's claim or defense. As long as such notice has been provided, the pleadings should not limit the pleader's claims or defenses. (Id.)

Here, the transactions and events that support Remcon's First Supplemental Complaint are well known to Defendant because it was involved in those same transactions and events as a party thereto. Defendant's intimate familiarity in this regard cannot be disputed. In fact, Defendant has been on notice of the same transactions and events since *at least* the time of Remcon's second certified omnibus claims of July 23, 2004. Fair and reasonable notice to Defendant cannot be disputed.

Further, justice requires the filing and serving of Remcon's First Supplemental Complaint at this time because it squarely places *all* the related claims and issues before the court in one

lawsuit. A supplemental pleading is designed to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the original pleading was filed. (*Manning v. City of Auburn* (11th Cir. 1992) 953 F.2d 1355, 1359-1360). Here, the filing and serving of Remcon's First Supplemental Complaint is just because it brings the action up to date and brings the court current on all the claims and issues.

**B. Remcon is compelled to join related claims and is allowed to join unrelated claims in this action - resulting in judicial economy**

RCFC 18(a) states in pertinent part:

> A party asserting a claim to relief as an original claim or counterclaim, may join, either as independent or as alternate claims, *as many claims as the party has against an opposing party.* (RCFC 18(a), emphasis added).

Here, Remcon's First Supplemental Complaint is necessary to join Remcon's claims and damages related to its second certified omnibus claim as noted above. There is no limit on the number or nature of claims that may be alleged: i.e.: the party asserting an original claim "may join as many claims as the party has against an opposing party." (RCFC18(a).

Further, it is well established that there is a policy favoring amendment. (*Lone Star Ladies Invest. Club v. Schlotsky's Inc* (5th Cir. 2001) 238 F3d 363, 367). This policy is to be applied with "extreme liberality." (*Eminence Capital, LLC v. Aspeon, Inc* (9th Cir. 2003) 316 F.3d 1048, 1051). Importantly, amendments seeking to add claims - such as Remcons Proposed First Supplemental Complaint - are to be granted more freely than amendments adding parties. (*Union Pacific R.R. Co. v. Nevada Power Co.* (9th Cir. 1991) 950 F.2d 1429, 1432).

By this motion, Remcon seeks only to supplement its original Complaint with damages stemming from the relevant transactions and events that occurred after its original Complaint was filed (e.g. completion costs occurring in 2003 and therafter). To the extent that Remcon's damages arise out of transactions and events that occurred after its original Complaint was filed, but are nonetheless related to its original Complaint, those facts and circumstances *must* be plead in the current lawsuit, or Remcon may be estopped from recovering for those related damages under the principles of res judicata and/or collateral estoppel. As such, Remcon's First

Supplemental Complaint is wholly justified under these circumstances.

Lastly, although Remcon may be entitled to bring a separate lawsuit with regard to claims that are unrelated to its original Complaint, judicial economy is served by filing and serving Remcon's First Supplemental Complaint because multiple lawsuits are avoided. The instant matter is scheduled to proceed to trial on October 25, 2005. If this motion is not granted, the parties will be forced to litigate identical legal and factual issues in a separate lawsuit. Supplemental pleadings are favored because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits. (*Quaratino v. Tiffany & Co.* (2d Cir. 1995) 71 F.3d 58, 66).

## CONCLUSION

Remcon respectfully requests that this Court allow Remcon to file and serve the attached First Supplemental Complaint in the interest of justice because 1) the transactions and events supporting the First Supplemental Complaint occurred after Remcon's original Complaint was filed, 2) Remcon is allowed to join unrelated claims and *must* join related claims, and 3) the First Supplemental Complaint will avoid separate lawsuits, resulting in judicial economy.

DATED: March 18, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

/S/ D. Michael Schoenfeld

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000