IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2478C<br>(Judge Braden) |

DEFENDANT'S MOTION FOR ENTRY OF A REVISED SCHEDULING ORDER AND FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests this Court to revise the schedule regarding certain discovery deadlines and other proceedings in this action. The scheduling order has been revised twice before with the parties' consent.[1] We also seek an enlargement of time of 31 days, from April 22, 2005 through and including May 23, 2005, to respond to plaintiff's third request for production of documents. That deadline previously has been extended for 18 days pursuant to a stipulation of the parties.[2] Plaintiff's counsel has indicated that he objects to this motion.

[1] The revisions suggested in this motion are the only ones that we are proposing. However, other revisions likely will be required as a result. A scheduling conference currently is scheduled for May 26, 2005. We respectfully suggest that the remaining schedule be discussed at that time.

[2] The original deadline for responding to plaintiff's third document request was April 4, 2005. At that time plaintiff served its request, the fact discovery deadline was March 30, 2005. Therefore, plaintiff's document request was untimely.

In this action, plaintiff seeks more than $3 million in alleged damages related to a construction contract. Plaintiff claims, among other things, that it was delayed, caused to perform its work in a more costly manner, and caused to perform extra work in connection with the contract. Further, plaintiff alleges that it was wrongfully terminated for default.

In addition, plaintiff now seeks to supplement its complaint with a claim that would add more than $1.5 million to its current claims. Despite the fact that plaintiff alleges that the decision of the contracting officer underlying its proposed supplemental complaint was issued September 16, 2004, its motion to file a supplemental complaint was not filed until March 18, 2005 - just 12 days before the March 30, 2005 fact discovery deadline then in place. Our response to plaintiff's motion is due April 27, 2005.

The proposed revised schedule and enlargement of time to respond to plaintiff's third document request is necessary to provide the Government with time needed to complete discovery in this action. The parties have engaged in substantial discovery. In addition to written discovery, including our response to plaintiff's initial document request, which contained 154 separate requests, the parties have conducted numerous depositions. In fact, plaintiff has conducted approximately 12 separate depositions, many of which lasted a full day and some of

which lasted more than a day. Most were conducted in the Denver area. One was conducted in Philadelphia.

Thus far, we have conducted four depositions in Sacramento, California, including one two-day deposition. Nonetheless, we still need to conduct additional depositions and complete the deposition of certain witnesses, including plaintiff's principal, Steve Christensen. Moreover, another witness, Luke Triplett, failed to appear for his April 21, 2005 deposition and must be rescheduled for another date. The deposition of another witness, Mike Kitchell, must be completed as well.[3]

Further, as of this afternoon, neither Government counsel nor our retained accounting expert have received certain crucial financial records from plaintiff that we requested in discovery, including numerous source documents such as invoices from many of plaintiffs' subcontractors, as well as other documents necessary to audit plaintiff's expenses. As a result, we have been unable to verify the majority of plaintiff's claimed costs.[4]

---

[3] Plaintiff has agreed to produce Mr. Christensen for a limited deposition and to produce Mr. Kitchell and Mr. Triplett.

[4] We have not filed a motion to compel because it is our understanding that plaintiff has delivered additional documents to the Sacramento copy service (Quest) that the parties have utilized to copy plaintiff's documents for delivery to the Government or its experts. We have been advised that Quest had in its possession some invoices that were to be copied. Once we receive the remaining documents from Quest, we will be in a better position to know whether a motion to compel will be necessary, and what documents any such motion would concern. If the documents are not produced shortly, we fully intend to file a

Until we receive these documents, we cannot complete depositions in this case, including the deposition of plaintiff's principal. Further, we need the opportunity to review those documents before conducting depositions of other fact witnesses who may have information regarding financial matters, including Tina Erickson and Joanna Fondse. We also may wish to conduct the deposition of Scott Masching. Finally, need to conduct a small number of depositions of third party witness, including plaintiff's surety, Great American, and possibly one or more of the following entities: Giuliani and Kull, California Drilling and Blasting, and Garcia Paving. None of these depositions would last more than the seven hours permitted by the rules and probably can be completed in less than seven hours.[5] Additional time is needed to prepare for and schedule those depositions.

Moreover, in addition to this case, undersigned counsel is responsible for numerous matters that have required, or will require, his attention. Among others matters, counsel is responsible for the following cases in the United States Court of Appeals for the Federal Circuit: (1) Robinson v. United States, Fed. Cir. No. 04-3336 (oral argument conducted on April 7, 2005);

---

motion to compel. This provides further grounds for enlarging the discovery deadline.

[5] We also may wish to depose Richard Tasker of Sage Associates. However, since he is listed as a non-retained expert, it may be appropriate to conduct his deposition when we depose the other experts during the expert discovery phase.

(2) Blakemore v. Department of Navy, Fed. Cir. No. 04-3444 (Government's brief to be filed April 22, 2005); (3) Schab v. Department of Veterans Affairs, Fed. Cir. No. 05-3096 (Government's informal brief due April 26, 2005); (4) Jack v. Department of Commerce, Fed. Cir. No. 05-3120 (Government's informal brief due May 2, 2005); (5) Bitare v. Department of Homeland Security, Fed. Cir. No. 04-3261 (Government's brief due May 3, 2005).

In addition, undersigned counsel is responsible for the following cases pending in this Court: (1) Carroll v. United States, Fed. Cl. No. 04-750 (reply regarding Government's motion to dismiss to be filed April 22, 2005); and (2) Palmer v. United States, Fed. Cl. No. 05-82 (reply brief regarding Government's motion to dismiss due April 28, 2005).

As a result, we respectfully request that the Court amend its April 5, 2005 scheduling order, to revise the following deadlines:

June 30, 2005 – completion of fact discovery (currently scheduled for April 22, 2005);

July 15, 2005 – dispositive motions due;

July 29, 2005 - exchange of expert reports (currently due May 20, 2005);

August 30, 2005 - completion of expert discovery (currently due June 30, 2005).

The proposed revisions to the schedule are requested to provide sufficient time to complete necessary depositions – which

likely will require defendant's counsel to travel to Denver and Sacramento - and other fact discovery, provide expert reports, conduct expert discovery, prepare any dispositive motions that may be appropriate following completion of fact discovery, and to perform the other tasks set forth above.

We further request that the deadline to respond to plaintiff's third document request be enlarged through and including May 23, 2005.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion for an enlargement of time to respond to plaintiff's third request for production of documents and that the Court revise the scheduling order as set for above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Deputy Director

s/ Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

April 22, 2005

Certificate of Filing

I hereby certify that on April 22, 2005, a copy of foregoing DEFENDANT'S MOTION FOR ENTRY OF A REVISED SCHEDULING ORDER AND FOR AN ENLARGEMENT OF TIME was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard P. Schroeder