**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MOTION FOR ENTRY OF A REVISED <u>SCHEDULING ORDER AND FOR AN ENLARGEMENT OF TIME, OUT OF TIME</u>**

Defendant, the United States, respectfully requests this Court to revise the schedule regarding certain discovery deadlines and other proceedings in this action. The scheduling order has been revised twice before with the parties' consent. We also seek an enlargement of time, out of time, of two days, from April 27, 2005 to and including April 29, 2005, to file our response, if any, to plaintiff's motion to file a supplemental complaint.[1] That deadline has been extended for 23 days. Plaintiff does not oppose this request.

Previously, on April 22, 2005, we filed a motion to revise the scheduling order and for an enlargement of time to respond to plaintiffs' third request for production of documents. We

[1] Due to an oversight, we did not file this motion prior to the expiration of the current April 27, 2005 deadline for responding to plaintiff's motion to file a supplemental complaint. Specifically, because this motion relates to other scheduling issues as well, undersigned counsel overlooked the fact that enlargement request needed to be filed by April 27. We apologize for this error.

indicated that plaintiff was opposed to our motion. Since we filed that motion, the parties have spent substantial time discussing scheduling issues and have worked out their differences. The proposed schedule set forth below has been agreed to by the parties and incorporates the deadlines requested in our April 22 motion. It also revises certain other deadlines.[2]

In this action, plaintiff seeks more than $3 million in alleged damages related to a construction contract. Plaintiff claims, among other things, that it was delayed, caused to perform its work in a more costly manner, and caused to perform extra work in connection with the contract. Further, plaintiff alleges that it was wrongfully terminated for default. In addition, plaintiff is seeking to supplement its complaint with a claim that would add more than $1.5 million to its current claims.

The proposed revised schedule is necessary so that the Government can complete discovery. Our April 22 motion describes, in detail, some of undersigned counsel's deadlines in other cases as well as the discovery that the Government still

[2] In our April 22 motion, we requested an enlargement of time of 31 days, from April 22, 2005 through and including May 23, 2005, to respond to plaintiff's third request for production of documents. The parties have resolved that issue and plaintiff has agreed to execute a stipulation pursuant to RCFC 29 extending that deadline. Therefore, our April 22 motion has become moot with respect to that issue.

needs to conduct. In summary, the parties have engaged in substantial discovery, including written discovery and numerous depositions. Plaintiff has conducted approximately 12 separate depositions, many of which lasted a full day and some of which lasted more than a day. Most were conducted in the Denver area. One was conducted in Philadelphia. The Government has conducted four depositions in Sacramento, California, including one two-day deposition. Nonetheless, the Government still needs to conduct additional depositions and complete the deposition of certain witnesses, including plaintiff's principal, Steve Christensen. We further need to review and analyze certain documents that we expect will be provided to us this week, and to conduct some third-party discovery. While plaintiff has agreed to the proposed time extensions posited in this motion, plaintiff reserves its right to object to any further discovery the government feels it still needs to conduct. The parties expect to further meet and confer regarding such further discovery requests by the Government.

Further, the parties have scheduled a settlement meeting. Plaintiff's counsel, along with Mr. Christensen, will be traveling from California to Washington, D.C. for face-to-face negotiations with representatives of the Government. The surety apparently also will have representation present at the meeting. Two days (May 25 and May 26, 2005) have been set aside for these

discussions. We anticipate that substantial time will be needed for the parties to prepare for the settlement meeting.

As a result, we respectfully request that the Court amend its April 5, 2005 scheduling order, to revise or add the following deadlines:

June 10, 2005 – joint status report (currently scheduled for May 24, 2005);

June 14, 2005 – telephonic status conference, subject to the Court's availability (currently scheduled for May 26, 2005);

June 30, 2005 – completion of fact discovery (currently scheduled for April 22, 2005);

July 15, 2005 – deadline to file any dispositive motions, which may be filed sooner (currently scheduled for May 27, 2005);

> August 8, 2005 – deadline to file responses to dispositive motions;
>
> August 18, 2005 – deadline to file replies with respect to dispositive motions;

July 29, 2005 - exchange of expert reports (currently due May 20, 2005);

August 30, 2005 - completion of expert discovery (currently due June 30, 2005);

September 7, 2005 – post discovery meeting of counsel combined with meeting of counsel per RCFC App. A, ¶ 13;

Plaintiffs's Memorandum of Contentions of Fact and Law – to be received by the Government on or before September 15, 2005;

Defendant's Memorandum of Contentions of Fact and Law – to be received by plaintiff on or before October 5, 2005;

Pretrial Conference – remains scheduled for October 17, 2005;

Trial – remains scheduled for October 24 through November 4, 2005.

In recent days, counsel for the Government has been occupied with the scheduling matters discussed above, as well as with filing the following briefs: (1) Blakemore v. Department of Navy, Fed. Cir. No. 04-3444 (Government's brief filed April 22, 2005); (2) Carroll v. United States, Fed. Cl. No. 04-750 (reply regarding Government's motion to dismiss filed April 22, 2005); (3) Schab v. Department of Veterans Affairs, Fed. Cir. No. 05-3096 (Government's informal brief filed April 26, 2005); and (4) Palmer v. United States, Fed. Cl. No. 05-82 (reply brief regarding Government's motion to dismiss being filed April 27, 2005). Therefore, the Government requests that the deadline to file any response to plaintiff's motion to supplement the complaint be enlarged until April 29, 2005.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion for an enlargement of time to respond to plaintiff's motion to file a supplemental complaint and that the Court revise the scheduling order as set for above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Deputy Director

s/ Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

April 28, 2005

Certificate of Filing

I hereby certify that on April 28, 2005, a copy of foregoing DEFENDANT'S SUPPLEMENTAL MOTION FOR ENTRY OF A REVISED SCHEDULING ORDER AND FOR AN ENLARGEMENT OF TIME, OUT OF TIME was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard P. Schroeder