IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

Pursuant to Rule 7.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, submits this response in opposition to plaintiff's motion for leave to file a supplemental complaint. We rely upon plaintiff's motion, the proposed supplemental pleading, the prior proceedings in this action, and the correspondence annexed to this response, including correspondence from the surety asserting its alleged right to payment of any monies found to be due Remcon. For the reasons set forth below, plaintiff's motion should be denied.

**Background**

Plaintiff, Remediation Constructors, Inc. ("Remcon") seeks to supplement its complaint with a claim that would add more than $1.5 million to its current claims. Despite the fact that Remcon alleges that the contracting officer's decision underlying its proposed supplemental complaint was issued September 16, 2004,

its motion to file a supplemental complaint was not filed until March 18, 2005 - just 12 days before the March 30, 2005 fact discovery deadline then in place. For the reasons set forth below, Remcon's motion should be denied.

ARGUMENT

I. Remcon's Motion To File A Supplemental Complaint Should Be Denied

Remcon's delay in filing its motion cannot be excused. Indeed, from the beginning of this case, Remcon has insisted that the matter proceed quickly to trial. Under such circumstances, waiting until March 18, 2005 to file its motion was not reasonable.

Further, permitting Remcon to file a supplemental complaint at this late date will prejudice the Government. Although there is a consent motion currently pending seeking to extend the fact and expert discovery deadlines until June 30 and August 30, 2005, respectively, the trial in this case is still scheduled to commence on October 24, 2005. There is insufficient time to perform discovery related to Remcon's proposed claim. Indeed, if Remcon's motion is granted, it is unlikely that the Government could complete discovery related to Remcon's new claim before the current trial date, let alone prepare for trial upon the claim. Thus, Remcon's motion, if granted, will cause undue delay.

For instance, the Government may need to conduct additional written discovery, such as serve additional interrogatories, regarding Remcon's proposed new claim. Responding to such interrogatories presumably will take time. Further, additional depositions will need to be conducted. Even the proposed enlargement of discovery until June 30, 2005 will be insufficient for this purpose.

Although Remcon states that the Government is familiar with the events underlying its proposed claim, the Government was under no obligation, and had no reason, to conduct discovery related to post-termination events. See RCFC 26(b)(1) (parties may obtain discovery that is relevant to the "claim or defense of any party"). The parties have conducted significant discovery in this case. All discovery proceedings, including expert discovery, are capable of being completed within the next several months. Trial has been scheduled. There simply is no reason to permit a supplemental claim at this time.

The claim that Remcon proposes to add is an indemnification claim. Essentially, Remcon contends that it is legally liable to its surety as a result of alleged breaches of contract by the Government. See Plaintiff's proposed Supplemental Complaint at 1. Thus, Remcon's claim and related discovery would be concerned with events that occurred after Remcon was terminated for

default, as opposed to Remcon's current contract related claims, which focus upon events before Remcon's termination.

Further, Remcon's proposed monetary claim is a significant one. This is not a case in which a party simply seeks to add a new theory to its already existing claims. Thus, it is important for the Government to be provided with a reasonable opportunity to fully explore issues relevant to that claim, including the costs for which Remcon claims it is liable to the surety.

In addition, the construction work underlying Remcon's proposed new claim is not complete. The completion contractor is still on site and is not expected to finish work until at least August 2005. Therefore, Remcon's claim is not even ripe. Given that the parties have agreed to a proposed fact discovery deadline of June 30, 2005, it is not practical or reasonable to incorporate Remcon's proposed claims into the remaining discovery proceedings.

Further, we recently received correspondence from the surety asserting that it is entitled to any alleged sums owed to Remcon. A1-3.[1] The surety claims that it has paid nearly $1.2 million to Remcon's subcontractors, laborers, materialmen and suppliers asserting Miller Act payment bond claims. In addition, the surety claims that Remcon has incurred net losses of more than

---

[1] "A__" refers to the annexed appendix. References are to page numbers.

approximately $1.1 million upon its performance bond. Indeed, the surety notes that, since construction is not yet complete, this amount will continue to increase. Permitting Remcon to supplement its claim at this point raises the possibility that a third party may become involved in this litigation. See, generally, RCFC 14. This could cause additional delay.

In its motion, Remcon asserts that RCFC 15 insures that cases will be heard upon their merits and that injustices that can result from strict adherence to technical pleading requirements are avoided. See Plaintiff's Motion at 3 (citing Foman v. Davis, 371 U.S. 178, 182 (1962). While Remcon has stated the obvious, this is not such a case.

Remcon has failed to show any injustice that will befall it if its motion is not granted. Moreover, this Court must take into account any prejudice to the opposing party when considering such motions. Intrepid v. Pollack, 907 F.2d 1125, 1129 (Fed. Cir. 1990) (citations omitted). Further, factors such as undue delay and futility of the amendment are among the issues that must be considered. See id., 907 F.2d at 1129-30; Foman, 317 U.S. at 182.

As previously noted, Remcon unduly delayed filing its motion. As we also have demonstrated, it would be prejudicial to the Government to permit Remcon to file a supplemental complaint at this late date.

Moreover, the proposed amendment would be futile. Remcon's indemnification claim is based upon its assertion that it was wrongfully terminated for cause. Even the surety acknowledges that Remcon is seeking to "amend" its complaint in this action to asset additional damages arising out of the Government's alleged "wrongful termination." A2.

Remcon will be unable to prevail upon its default argument. Therefore, it will not be able to prevail upon its proposed indemnification claim. Specifically, on July 24, 2003, the contracting officer sent Remcon a cure notice because Remcon failed to mobilize for the 2003 construction season. A4. In response, Remcon requested until August 11, 2003 to respond.

On August 4, 2003, the contracting officer granted Remcon an extension until August 11, 2003. See A7-8. The contracting officer noted that "[y]our failure to present such an explanation may be taken as [an] admission that no valid explanation exists." A8.

On August 11, 2003, Remcon sent a letter stating that it was waiting upon a response from its surety. A9. However, it did not respond to the contracting officer's concerns. Id. On August 13, 2003, the contracting officer issued a notice of termination for default. A10.

As set forth above, Remcon never provided any substantive response to the contracting officer's cure notice. Further,

Remcon obviously was aware of the cure notice and the ramifications of failing to respond. Therefore, Remcon chose not provide the contracting officer with the assurances he was seeking.

Remcon's failure to provide reasonable assurances that it would complete the contract was a breach of contract that automatically justified a termination for default. Danzig v. AEC Corporation, 224 F.3d 1333, 1337, 1339-40 (Fed. Cir. 2000), cert. denied sub nom AEC Corp. v. Pirie, 532 U.S. 995 (2001)(when government has reasonable grounds to believe that contractor may not be able to perform contract on timely basis, government may issue a cure notice as precursor to a possible termination of the contract; contractor's failure to provide assurances that it would perform is ground for default termination); A.R. Sales Co., Inc. v. United States, 51 Fed. Cl. 370, 373 (2002).

Given Remcon's failure to mobilize for the 2003 construction season and its subsequent failure to provide assurances to the contracting officer that it would complete the contract, the contracting officer's decision to terminate the contract for default must be sustained. Therefore, any claim by Remcon for indemnification would be futile.[2]

---

[2] We intend to more fully address Remcon's failure to respond to the cure notice in a dispostive motion. We discuss the issue at this point for the narrow purpose of showing the futility of Remcon's proposed supplemental claim. See Intrepid,

Remcon asserts that judicial economy will be served by granting its motion. Plaintiff's Motion at 5. In fact, just the opposite is true. As previously noted, allowing Remcon to assert their proposed new claim would create a need for substantial additional discovery. Moreover, it would unjustly complicate these proceedings.

Remcon asserts that the parties would be forced to litigate identical legal and factual issues in a separate lawsuit if its motion is not granted. However, Remcon's proposed new claim raises issues regarding, among other things, damages, ripeness and the propriety of the indemnification claim, that are not presently before the Court. This, in turn, simply would divert, from Remcon's current claims, the limited resources of the parties and this Court.

Finally, although Remcon was properly terminated for default, even if Remcon somehow were successful in overturning that termination, it would not necessarily result in a lawsuit involving Remcon and the United States. Other than the fact that Remcon's claim is premature, the surety, in its letter, has made clear that it is aware of these proceedings and that it fully intends to enforce any rights that it may have. See A1-3. It also claims that it has preserved its alleged rights to recover

---

907 F.2d at 1129-30.

sums paid as a result of the termination. A2. It further states that it is entitled to equitable subrogation. A3.

If Remcon prevails upon the termination issue, the surety presumably will pursue payment directly from the Government. Indeed, if the termination is converted to a termination for convenience, there is an administrative process to be followed. This involves filing a "settlement proposal" with the contracting officer within one year after the termination for convenience. See 48 C.F.R. § 49.206-1(a). Conversely, if Remcon's termination is not converted into a termination for convenience, the issues Remcon now seeks to insert into these proceedings will be moot. In either event, additional litigation is far from certain. Thus, Remcon's proposed claim clearly is premature.

In sum, Remcon's motion should be denied because it was untimely made, granting it would prejudice the Government and delay this case, and because Remcon does not have a reasonable likelihood of prevailing upon its proposed supplemental claim.

## CONCLUSION

For the foregoing reasons, Remcon's motion to supplement its complaint should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

April 29, 2005

Certificate of Filing

I hereby certify that on April 29, 2005, a copy of foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder