# DEFENDANT'S APPENDIX

# INDEX TO APPENDIX

Letter, March 29, 2005,
D. Dapper to R. Schroeder . . . . . . . . . . . . . . . . . 1

Letter, July 24, 2003,
R. Keiscome to S. Christensen . . . . . . . . . . . . . . . 4

Letter, July 31, 2003,
S. Christensen to R. Keiscome . . . . . . . . . . . . . . . 7

Letter, August 4, 2003,
R. Keiscome to S. Christensen . . . . . . . . . . . . . . . 8

Letter, August 11, 2003,
S. Christensen to R. Keiscome . . . . . . . . . . . . . . . 9

Letter, July 31, 2003,
R. Keiscome to S. Christensen . . . . . . . . . . . . . . 10

Schroeder R

WICKWIRE GAVIN LLP
ATTORNEYS AT LAW

38TH FLOOR
725 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-5438
(213) 688-9500
FAX (213) 627-6342
www.wickwire.com

SENDER'S DIRECT LINE

WICKWIRE GAVIN, P.C.
INTERNATIONAL GATEWAY
SUITE 700
8100 BOONE BOULEVARD
VIENNA, VA 22182-7732
(703) 790-8750

SUITE 800
22 EAST MIFFLIN STREET
P.O. BOX 1683
MADISON, WI 53701-1683
(608) 257-5335

TWO LAFAYETTE CENTRE
SUITE 450
1133 21ST STREET, N.W.
WASHINGTON, D.C. 20036-3302
(202) 887-5200

30th Anniversary

March 29, 2005

RECEIVED
2005 APR -7 A 10:59

Richard P. Schroeder, Esq.
Civil Division
DEPT. OF JUSTICE
Attn: Classification Unit, 8th Floor
1100 L Street NW
Washington, D.C. 20530

Re: *Remediation Constructors, Inc. v. United States of America*
USCFC Docket No. 03-2478C

Dear Mr. Schroeder:

This firm represents Great American Insurance Company. As you should be aware, Great American Insurance Company was the payment and performance bond surety on Contract No. 1443C8000010903, issued by the Department of the Interior, National Park Service ("NPS") to Remediation Constructors, Inc. ("Remcon") for the project located at Sequoia and Kings Canyon National Parks, Tulare County, California, and known as Giant Forest, Sherman Tree Parking Area, SEKI 200Q (the "Contract"). The NPS terminated Remcon for default by letter dated August 13, 2003. At that time, the NPS made demand on Great American pursuant to the performance bond. In or about November 2003, the NPS and Great American entered into a takeover agreement to provide for completion of the project.

Remcon has filed the referenced action in the Court of Federal Claims alleging breach of contract against the United States of America. The complaint by Remcon in the above-referenced action alleges, among other things, that the NPS's termination of Remcon was wrongful and that the termination for default should be converted to a termination for

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
CB

convenience of the government. The complaint further alleges that as a result of conduct on the part of the NPS, Remcon was compelled to incur additional costs in performing extra work beyond that required by the Contract, it was required to perform its Contract work in a manner more costly, and it has suffered delays and loss of productivity in completing its work. We also understand that Remcon has sought, or will seek, leave to amend its complaint to assert additional damages arising out of the government's wrongful termination of its Contract in the form of liability it has and will incur to Great American for the cost of completing the NPS Contract.

The takeover agreement entered into between the NPS and Great American specifically reserves each party's rights under the Contract, as well as any claims and defenses each may have towards the other. (See Paragraph 11.) Further, the takeover agreement specifically states that the surety does not acknowledge the validity of the government's termination of Remcon, and that the surety's right to recover sums paid as a result of such termination are expressly reserved. (See Paragraph 14.)

Accordingly, Great American hereby reaffirms its claim to any unpaid portion of the Contract funds including, but not limited to, unexpended balances of Contract funds after completion, retained percentages, any and all amounts that may have been or may hereafter be determined to be due the contractor for additional costs, extra work performed, changes to work, and any recovery by the contractor on the claims asserted in the above-referenced action.

Great American's claim to the unexpended Contract funds is based on its legal and equitable rights as a surety to receive, to the extent of losses sustained by it as surety, all such funds to the exclusion of all other persons, firms, or corporations. To date, Great American has paid a total of $1,193,548.75 to subcontractors, laborers, materialmen, and suppliers, asserting Miller Act payment bond claims. The surety's superior right to recover funds paid to satisfy claims by subcontractors, laborers, and materialmen on a federal project is well-founded and long-standing. See *In the Matter of Dutcher Construction Corporation*, 378 F.2d 866 (1967).

WICKWIRE GAVIN LLP
ATTORNEYS AT LAW



In addition to the foregoing Miller Act payment bond claims satisfied by Great American, its completion obligations pursuant to the takeover agreement are ongoing. To date, the surety has paid $3,125,110.87 in satisfying its performance bond obligations and has received from the NPS $2,018,316.00 in payments from the remaining Contract balance. Accordingly, Great American s net losses on the performance bond to date are $1,106,794.87. Since construction is not yet complete, this amount will continue to increase. Great American's superior right to payment of any monies due from the government to Remcon to satisfy the payments made under the performance bond is also well-supported by case law in this area. (*See, Transamerica Insurance Company v. United States*, 99 F.3d 1188 (Fed. Cir. 1993) (completing surety subrogated to contractor's pre-termination claims); *Carchia v. United States*, 485 F.2d 622, 630, 202 Ct.Cl. 723 (1973), *William Green Construction Company v. United States*, 477 F.2d 930, 201 Ct.Cl. 616 (1973) (surety subrogated to contractor's termination for convenience claims).)

Please be advised that should the government make any payments to Remcon arising out of the above-referenced action, either by way of settlement or satisfaction of judgment, prior to complete satisfaction of Great American's legal and subrogation rights, it acts at its own peril and shall remain liable to Great American. If you have any questions regarding the foregoing, please feel free to contact me.

Very truly yours,

WICKWIRE GAVIN LLP

David P. Dapper

RHS/DPD:jat

cc: Jerry O'Nan, Esq.
D. Michael Schoenfeld, Esq.
Mr. Randy Wilkinsky (Bond No. 5 43 58 16)

070246004\cor\0029.wpd

United States Department of the Interior
NATIONAL PARK SERVICE
DENVER SERVICE CENTER
12795 W. Alameda Parkway
P.O. Box 25287
Denver, Colorado 80225-0287

IN REPLY REFER TO:
D5217 (DSC-CS)
SEKI-200Q
1443C8000010903

**July 24, 2003**

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Stephen B. Christensen, President
Remcon, Inc.
P.O. Box 758
751 Wakefield Court
Oakdale, California 95361

Facsimile No.: (209) 847-9189

Dear Mr. Christensen:

Reference: Sequoia and Kings Canyon National Parks, Tulare County, California, Contract No. 1443C8000010903, Giant Forest, Sherman Tree Parking Area, SEKI 200Q

Subject: Cure Notice

This letter will serve as notice that the government considers your failure to make progress on the work a condition that is endangering performance of the contract.

The notice to proceed was effective June 11, 2001, and the extended contract completion date is August 24, 2003. As of July 22, 2003, you have completed only approximately 53% of the contract work and approximately 95% of contract time has expired.

Remcon has failed to mobilize for the 2003 construction season. Weather conditions have been favorable for construction for almost three months now. Remcon provided the NPS written and verbal notice that it would mobilize starting June 9, 2003. Contrary to its statements, Remcon has not mobilized and has not even secured the site by maintaining contract required Storm Water Pollution Prevention and barriers and signs to protect existing facilities and the public.

Remcon alleged on June 28, 2003, that they will not mobilize without "Owner/Contractor ADR [Alternative dispute Resolution] Agreement". The NPS has advised Remcon on

several occasions that the contract requires Remcon to proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under the contract, and comply with any decision of the Contracting Officer.

Remcon has failed to provide a contract compliant schedule or to provide required schedule updates and revisions. Reviews by the NPS have consistently stated that for the schedule to be accepted it must comply with the requirements of specification section 01320, Project Schedule and Monthly Inspections. Despite repeated requests by the NPS Remcon has only submitted formal schedules on; June 12, 2001 (Unacceptable), July 12, 2001 (Acceptable with notation for review comments that "Acceptable provided you re-submit addressing the above concerns" - with no-resubmittal by Remcon); February 6, 2002 (unacceptable); and June 8, 2003, (unacceptable).

Remcon has not provided schedule updates as required preceding progress payment requests. These updates are necessary to tell the NPS what Remcon plans to work on, and any anticipated conditions which may delay the work. The NPS believes there is a strong link between Remcon's failures to meet the project schedule requirements, failure to manage to the project schedule, and Remcon's failure to complete the project.

Remcon has not provided required submittals. NPS letter of February 24, 2002, directed Remcon to provide all submittals required for completion of the contract work. Since then, only one submittal (a gate) has been provided by Remcon. The contract requires all submittals at least 30 days before need for approval. Remcon's failure to provide key submittals on sample panels, masonry work, boulders, fencing, structural steel, and testing work means Remcon is delaying the completion of the project.

Remcon has failed to provide contract required surveys and quantity surveys. Therefore the NPS has undertaken these tasks to assess conformance of work by Remcon and actual quantities of unit price work. Specification section 01720, Field Engineering requires Remcon layout the work accurately and requires that quantity surveys be used in computing the quantities of work performed.

The survey results establish that Remcon has constructed significant portions of the project not in conformance with the contract. Under separate cover the NPS will be providing Remcon with a copy of the survey. Further, under the contract clause E.1, Inspection of Construction, Remcon is advised that the NPS shall pursue correction of any non-conforming work.

Quantity surveys will be used to correct contract quantities (certified by Remcon) by computing the quantities of work performed and the actual construction completed and in place. This information will be provided under separate cover.

The NPS believes that Remcon is not properly paying its suppliers and subcontractors. The contract requires these payments be made in accordance with Clause I.56, Payments Under Fixed-Price Construction Contracts, which states "Payments to subcontractors and

suppliers have been made from previous payments received under the contract, and timely payments will be made from the proceeds of the payment covered by this certification". Remcon has certified this in each pay request, however no less then 12 suppliers and subcontractors have filed Miller Act notices alleging nonpayment by Remcon. Further, your surety has indicated to the NPS that it has been forced to pay a substantial amount of money to suppliers and subcontractors because Remcon has failed to. Remcon's failure to pay suppliers and subcontractors contributed to Remcon's failure to complete the project.

Each of the above failings on the part of Remcon is serious and is sufficient basis to terminate you for default. You are hereby allowed 10 days from receipt of this notice to submit to this office a written plan on how you intend to complete the contract by August 24, 2003. Unless an acceptable plan is received within the 10-day time frame, the Government may terminate your contract for default under contract clause No. I.81, Default.

If your contract is terminated for default, you and your surety will be liable for any excess reprocurement costs. Your attention is further directed to your contractual liabilities in the event the contract is terminated for default. You are invited to present any valid explanations in accordance with the terms of the contract for your failure to perform. Your failure to present such an explanation may be taken as and admission that no valid explanation exists.

Sincerely,

Rodney K. Keiscome
Contracting Officer

cc:
Mr. D. Michael Schoenfeld, Murphy Austin Adams Schoenfeld LLP, 1000 G Street, 3rd Floor, P.O. Box 1319, Sacramento, California 95812-1319 via facsimile no. (916) 503-4000

Mr. Mick Flak, Bond Claim Specialist, Great American Insurance Companies, P.O. Box 3158, Englewood, Colorado 80155 via facsimile no. (303) 804-0402

bcc:
Regional Dir., Pacific West Region

| | |
|---|---|
| Supt., SEKI | SEKI, Jack Vance |
| DSC-PM, Giller | DSC-FDC, Construction, DeOcampo |
| DSC-PDS, Cody | |

DSC-CS:Giller/Lang:rkk:07/24/03:2961: CURE Notice

DEFENDANT'S EXHIBIT NO. FOR IDENTIFICATION

AUG 4 '03

# REMCON, Inc.

P.O. Box 758
751 Wakefield Court
Oakdale, CA 95361
Telephone: 209/847-9185
Fax: 209/847-9188

Sent Via Fax & U.S. Mail

July 31, 2003

Mr. Rodney K. Kelscome
National Park Service
P.O. Box 25287
Denver, CO 80225-0287

Reference: Sequoia and Kings Canyon National Park, Contract No. 1443C8000010803
Giant Forest, Sherman Tree Parking Area, Package No. SEKI-200Q

Subject: Notice to Cure, Request for Time Extension

Dear Mr. Kelscome:

Reference is made to the NPS letter of July 24, 2003 regarding the Notice to Cure.

At this time REMCON formally requests a time extension to August 11, 2003 to respond to the NPS letter. I have been out of the office for the past two weeks while my mother had open-heart surgery and have not had to opportunity to discuss this matter in depth with REMCON's attorney and Great American Insurance Company, REMCON's bonding company. I have contacted both and responses are forth coming.

Please advise by Friday, August 1, 2003 if this time extension is not approved.

Cordially,

Stephen B. Christensen
President

cc: D. Michael Schoenfeld, Murphy Austin Adams Schoenfeld, LLP
Michael W. Fisk, Great American Insurance Company

SequoiaLetter123-sbc

United States Department of the Interior
NATIONAL PARK SERVICE
DENVER SERVICE CENTER
12795 W. Alameda Parkway
P.O. Box 25287
Denver, Colorado 80225-0287

IN REPLY REFER TO:
D5217 (DSC-CS)
SEKI-200Q
1443C8000010903

**August 4, 2003**

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Stephen B. Christensen, President
Remcon, Inc.
P.O. Box 758
751 Wakefield Court
Oakdale, California 95361

Facsimile No.: (209) 847-9189

Dear Mr. Christensen:

Reference: Sequoia and Kings Canyon National Parks, Tulare County, California, Contract No. 1443C8000010903, Giant Forest, Sherman Tree Parking Area, SEKI 200Q

Subject: Cure Notice Extension

This acknowledges receipt of your letter of July 31, 2003, wherein you request a time extension to August 11, 2003, to respond to the Cure Notice of July 24, 2003. Your time extension request is hereby granted.

You are reminded that if your contract is terminated for default, you and your surety will be held liable for any excess reprocurement costs. Your attention is further directed to your contractual liabilities in the event the contract is terminated for default. Accordingly, you are invited to present any valid explanations in accordance with the terms of the contract for your failure to perform by the extension date of August 11, 2003, granted above. Your failure to present such an explanation may be taken as and admission that no valid explanation exists.

Sincerely,

Rodney K. Keiscome
Contracting Officer

DEFENDANT'S EXHIBIT 27

**REMCON, Inc.**

P.O. Box 758
761 Wakefield Court
Oakdale, CA 95361
Telephone: 209/847-8166
Fax: 209/847-9185

<u>Sent Via Fax & U.S. Mail</u>

August 11, 2003

Mr. Rodney K. Kelscome
National Park Service
P.O. Box 25287
Denver, CO 80225-0287

**Reference:** Sequoia and Kings Canyon National Park, Contract No. 1443C8000010903
Giant Forest, Sherman Tree Parking Area, Package No. SEKI-200G

**Subject:** Notice to Cure, Response from Great American Insurance Company

Dear Mr. Kelscome:

Reference is made to the NPS letter of July 24, 2003 regarding the Notice to Cure.

We are currently expecting a response to your letter from Great American Insurance Company sometime today. As quickly as we get a response we will forward a response to your office.

Cordially,

Stephen B. Christensen
President

cc: D. Michael Schoenfeld, Murphy Austin Adams Schoenfeld, LLP
Michael W. Fink, Great American Insurance Company

SequoiaLetter123-ddd

United States Department of the Interior
NATIONAL PARK SERVICE
DENVER SERVICE CENTER
12795 W. Alameda Parkway
P.O. Box 25287
Denver, Colorado 80225-0287

IN REPLY REFER TO:
D5217 (DSC-CS)
SEKI-200Q
1443C8000010903

August 13, 2003

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Stephen B. Christensen, President
Remcon, Inc.
P.O. Box 758
751 Wakefield Court
Oakdale, California 95361

Facsimile No.: 209/847-9189

Dear Mr. Christensen:

Reference: Sequoia and Kings Canyon National Parks, Tulare County, California, Contract No. 1443C8000010903, Giant Forest, Sherman Tree Parking Area, SEKI 200Q

Subject: Notice of Termination for Default

This letter is to advise that the above-referenced contract is terminated for default in accordance with Contract Clause No. I.81, Default (Fixed-Price Construction).

By letter of July 24, 2003, you were given 10 calendar days to provide any tangible evidence that you intended to diligently pursue completion of the above-referenced project. On July 31, 2003, you requested an extension of the cure period until August 11, 2003. I granted your request. To date, we have received no substantive response to our cure letter and no significant work has been accomplished during this construction season.

The completion date for the contract is August 28, 2003. Since June 9, 2003, you have been given several opportunities to correct your performance deficiencies. Unfortunately, you have now failed to follow through on your latest commitment to complete the contract in a timely manner.

As of today, you have completed approximately 53 percent of the work. You may have been able to overcome your past management deficiencies and complete the work within a reasonable period of time. However, your lack of response to my cure letter and failure to make progress on the project leads me to determine that you do not intend to complete the contract in accordance with its terms. Therefore, I have no alternative but to terminate this contract for default. The Government reserves all rights and remedies provided by law or under the contract.

This is a final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

Rod Keiscome

Rodney K. Keiscome
Contracting Officer

cc:
Mr. D. Michael Schoenfeld, Murphy Austin Adams Schoenfeld LLP, 1000 G Street, 3rd Floor, P.O. Box 1319, Sacramento, California 95812-1319 via facsimile no. (916) 503-4000

Mr. Mick Flak, Bond Claim Specialist, Great American Insurance Companies, P.O. Box 3158, Englewood, Colorado 80155 via facsimile no. (303) 804-0402

bcc:
Regional Dir., Pacific West Region
Supt., SEKI
SEKI, Jack Vance
DSC-PM, Giller
DSC-FDC, Construction, DeOcampo
DSC-PDS, Cody

DSC-CS:Keiscome:rkk:07/31/03:2048:T4D

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1670 0004 9538 8545

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Stephen B. Christensen, President
Remcon, Inc.
P.O. Box 758
751 Wakefield Court
Oakdale, CA 95361

T4D

Termination for Default 2 of 2