IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | DOCKET NO. 03-2478C<br>**DECLARATION OF D. MICHAEL SCHOENFELD IN SUPPORT OF PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL COMPLAINT**<br>(Judge Susan G. Braden)<br>Hearing Date: TBD |

I, D. Michael Schoenfeld, declare as follows:

1. I am an attorney at law licensed to practice in the Court of Federal Claims, and am a partner with the law firm of Murphy Austin Adams Schoenfeld LLP, attorneys of record for plaintiff REMEDIATION CONSTRUCTORS, INC. ("Remcon"). I have personal knowledge of the following and if called to testify could and would competently testify thereto. I make this declaration in support of Remcon's Reply Brief in Support of its Motion for Leave to File First Supplemental Complaint.

2. In September, 2004, through a letter and telephone conversations, I attempted to secure from Defendant's counsel a stipulation to allow Plaintiff to file an amended complaint based on the rejected second omnibus claim. For many months, Defendant's counsel did not provide a definitive response to my request.

3. Based on a general understanding and agreement between Plaintiff and its surety that it would be better for Plaintiff to file this motion than for the surety to join as a plaintiff, Plaintiff proceeded in a timely manner in filing this motion.

4. A true and correct copy of an April 14, 2005 letter from Richard Schroeder to me

is attached hereto as Exhibit A to this declaration.

5. During the course of this litigation, Plaintiff has received from its surety documents relating to the completion work performed by Agee on the Project. I am informed and believer that Plaintiff produced to Defendant all documents it possesses regarding its post-termination damages, including the documents received from its surety and Agee.

6. From August, 2004 to March, 2005, Plaintiff worked diligently with its surety to learn about the status of the project, when the surety expected Agee to complete the project, to determine whether Plaintiff should file a lawsuit seeking the excess completion costs, and to further judge and analyze the viability of Plaintiff's claim against Defendant. Without waiving any applicable privileges or protections, Plaintiff's counsel, and Plaintiff's surety, determined in early 2005 that a supplemental/amended complaint was necessary.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed at Sacramento, California on May 12, 2005.

/S/ D. Michael Schoenfeld

D. MICHAEL SCHOENFELD

**U.S. Department of Justice**

Civil Division

PDK:DMC:RSchroeder
DJ No. 154–03-2478

Telephone: (202) 305-7788
Facsimile: (202) 353-7988

*Washington, D.C. 20530*

April 14, 2005

VIA FACSIMILE & MAIL

D. Michael Schoenfeld, Esq.
Murphy Austin Adams Schoenfeld LLP
1000 G St., Third Floor
P.O. Box 1319
Sacramento, California 95812-1319

Re: Remediation Constructors, Inc. v. United States, Fed. Cl. No. 03-2478C

Dear Mr. Schoenfeld:

We write regarding an extension of discovery in this matter and to address other issues that recently have arisen.

As an initial matter, we are in receipt of your letter of April 12, 2005 and your e-mail of April 13, 2005. Needless to say, we disagree with much of their contents. We have pursued the documents discussed in your letter and our correspondence of April 8 and 11 with due diligence, and believe that Remcon has caused delay in their production. Therefore, we stand behind what we stated in those letters.

Nonetheless, further argument on this point will resolve nothing and simply cause additional delay. Moreover, to the extent that you consent to an enlargement of the discovery deadline and produce any outstanding documents in a timely fashion, the issue of who is responsible for the delay likely will be moot.

As explained in our telephone conversation of yesterday, we are requesting an enlargement of time so that we can complete the process of obtaining and analyzing the documents described in the parties' recent correspondence. We also need to conduct some additional depositions, and possibly subpoena some documentation

EXHIBIT A

from non-party witnesses. You indicted that you will consider in good faith consenting to an enlargement of the discovery deadlines if we confirm in writing whose depositions we intend to take and how long those depositions are expected to last. Therefore, we are provide that information below.

We obviously need to complete the deposition of Steve Christensen. This cannot be done until we receive the financial and other documents we have requested. Hopefully, Mr. Christensen's deposition can be completed in one day, although it could extend into a second day, depending upon what the financial information shows. The sooner we receive the documents, the sooner we will know how long the deposition will take.

We also seek to depose former Remcon employees Tina Erickson, Joanna Fondse, and possibly Scott Masching and Dick Lewis. We believe it may be possible to complete those depositions in approximately two or three days. Finally, we likely will depose Remcon's surety, Great American and possibly one or more of the following entities: Giuliani and Kull, California Drilling and Blasting, and Garcia Paving. None of these depositions would last more than the seven hours permitted by the rules and probably can be completed in less than seven hours. (We also may wish to depose Richard Tasker of Sage Associates. However, since he is listed as a non-retained expert, it may be appropriate to conduct his deposition when we depose the other experts during the expert discovery phase). We can begin the process of scheduling the above depositions for dates certain as soon as we receive the remainder of Remcon's financial information. Those are the only fact depositions that we presently intend to conduct. Promptly after receiving the requested documents, we will let you know if there are any additional depositions that we will require, although, based upon what we now know, we do not anticipate needing additional depositions. Assuming that we receive the documents in prompt fashion, we believe that we will be able to complete all fact discovery, including depositions, by May 27, 2005, and intend to seek an enlargement of time through that date.

Please be advised, however, that in the event Remcon decides to oppose our request for an enlargement of time, we will need to seek a lengthier extension. The reason for this is simply that discovery can only be completed by May 27 if Remcon cooperates in

scheduling the depositions. If Remcon takes an adversarial posture regarding extending discovery, the process undoubtedly will be delayed because, rather then simply scheduling the depositions and getting them over with, we will be required to engage in unnecessary motion practice and wait for the Court to decide the issue. This seems like an incredible waste of time and resources.

Consistent with our proposal to extend the fact discovery cutoff, we suggest extending the deadlines for expert reports and completion of expert discovery until late June and July 2005, respectively. We note that none of these proposed enlargements should have any effect whatsoever upon the date for commencement of any trial, which is not scheduled to start until late October 2005. Further, Remcon will not be prejudiced by extending discovery.

With respect to the production of the financial and other information about which the parties have corresponded in recent weeks, we request some clarification of a point made in your letter. Evidently, the balance of the financial records were not sent out yesterday. Does Quest now have those documents? Are there any other documents that Remcon intends to produce that have not been turned over to Quest?

Additionally, you asked for a date range for Remcon's bank statements and indicated that Remcon only currently was "pulling" during a several month period in 2002. We actually need such records for all of 2001, 2002 and 2003, since those were the years of the project.

With respect to the other documents for which you seek clarification, a payroll register is a recap of payrolls for each pay period and provides the underlying data for Remcon's payroll tax returns. A "941" is an IRS form that is filed on a quarterly basis with the IRS. The "941" form reports the payroll for the respective quarter and reconciles taxes due. With respect to expense reports, we are seeking any documents that show Remcon's expenses related to the project underlying this litigation. Remcon is obligated to produce any such documents to the Government as a result of our discovery requests, as well as any other documents responsive to our discovery requests. Remcon

also states that it cannot locate its W-2s. We note that Remcon should have preserved such documents.

With respect to the issue of the upcoming depositions of Messrs. Kitchell, Penrose, Northrup, and Triplett, it was never our intention to delay those depositions. Those will proceed as scheduled next week.

With respect to plaintiffs' second and third document requests, responsive documents have been available since February. Evidently, there has been some misunderstanding regarding this issue. Our response to plaintiff's third request is not due until April 22, 2005.

We also will be seeking a one-week enlargement of time to respond to your request to supplement the complaint. In connection with that request, we believe it is inconsistent that you would oppose an extension of discovery while at the same time seeking to supplement your compliant at the eleventh hour with a substantial monetary claim.

We further note that you have conducted at least 12 depositions in this case, some of which exceeded one day. We further note that we have been very cooperative in discovery and, generally, that the parties have worked well together in discovery in recent months, and have been able to resolve most of their differences, despite a difficult start to this litigation and some recent disagreements. Your letter intimates that we have been dragging our feet. Given the fact that, the parties already have conducted more than 20 days of depositions during the past four months (most of which were conducted by Remcon), discovery has proceeded at anything but a slow pace. The Government simply has not been dilatory in this matter and this case has proceeded at a quicker pace than most construction cases of this magnitude. Moreover, we are as anxious to complete fact discovery as you are. However, as set forth above, some additional work in this regard still needs to be done.

Finally, it is important that we expeditiously resolve the issue of the proposed enlargement of time in an expeditious manner. Please call me by early tomorrow and let me know whether you will consent to our motion for enlargement of the discovery

deadlines and the deadline to respond to your motion to supplement the complaint.

Thank you for your consideration in this matter.

Very truly yours,

Richard P. Schroeder

Richard P. Schroeder
Trial Attorney
Commercial Litigation Branch
Civil Division

cc: Colleen Dulin