IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C<br>(Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits the following proposed findings of uncontroverted fact in connection with its contemporaneous motion for partial summary judgment:

1. On May 15, 2001, plaintiff, Remediation Constructors, Inc. ("Remcon"), entered into contract No. 1443C80000100903 with the United States for a construction project at Sequoia National Park in California. Comp. ¶ 4.[1]

2. The original contract price was $7,121,636.00. Comp. ¶ 4.

[1]The complaint is cited "Comp. ___." The appendix to this brief is cited "A___." References are to appendix page numbers.

3. Modifications increased the contract price to $8,001,774.28. See Modification No. 6, A29.

4. The contract contained FAR clause 52.249-10 "Default (Fixed-Price Construction)," which states in part:

> (a) if the Contractor refuses or fails to prosecute the work or any separable part, with the diligence that will insure completion within the time specified including any extension, or fails to complete the work within this time, the Government may, by written notice to the Contractor, terminate the right to proceed with the work (or the separable part of the work) that has been delayed.

See Contract, A50-51.

5. The contract contained FAR clause 52.233-1 "Disputes" which states in part:

> (i) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under the contract, and comply with any decision of the Contracting Officer.

See Contract, A52-53.

6. By bilateral modification, the period for contract performance was extended to August 28, 2003. See Modification No.'s 3 and 6. A12-16; A29.

7. The United States issued a Notice to Proceed on June 11, 2001. See Notice to Proceed, A66.

8. On June 3, 2003, Remcon advised the United States that it would begin mobilizing to the site for the 2003 construction season on June 9, 2003. See Letters dated June 6, 2003, and June 9, 2003. A30; A32.

9. In a letter dated June 7, 2003, Remcon confirmed that it would begin mobilization on June 9, 2003. A32.

10. Remcon did not mobilize to the construction site for the 2003 season. See Notice of Termination for Default, A1.

11. Remcon's failure to mobilize to the construction site for the 2003 season constituted a failure "to prosecute the work with the diligence that will insure completion within the time specified including any extension" as required by the contract's default clause. See Notice of Termination for Default, A1.

12. The United States advised Remcon upon numerous occasions that it was under a duty to proceed with the project. See letters dated July 24, 2003, and July 29, 2003. A40-41; A43-44.

13. Remcon informed the United States that it would not proceed with the project until the United States complied with what Remcon called

"critical path activity 20" of its submitted schedule. See letters dated June 28, 2003, and July 3, 2003. A37; A38.

14. Remcon identified Critical path activity 20 as "Owner/operator ADR." See submitted construction schedule, A39.

15. The United States advised Remcon that "ADR, which you have labeled Activity 20, and which you contend is on the critical path preceding mobilization, does not belong in a project schedule." See letters dated July 8, 2003, and July 29, 2003. A35-36; A43-44.

16. Remcon breached its duty to continue performance pending resolution of its claims pursuant to the contract's disputes clause. See "Disputes" clause, A52-53, and letters dated June 28, 2003, and July 3, 2003. A37, A38.

17. On July 24, 2003, the United states issued a cure notice to Remcon. See Cure Notice, A40-42.

18. The cure notice that "as of July 22, 2003, you have completed only approximately 53% of the contract work and approximately 95% of the contract time has expired." See Cure Notice, A40-42.

19. The cure notice also stated that "Remcon has failed to mobilize to the site for the 2003 construction season." See Cure Notice, A40-42.

20. The cure notice further stated that Remcon had failed to provide the Government with a contract-compliant schedule, schedule updates and required quantity surveys, and that it had failed to pay subcontractors. See Cure Notice, A40-42.

21. Remcon received the cure notice. See letter from Remcon "Notice to Cure, Request for Time extension" dated July 31, 2003, A45.

22. On July 31, 2003, Remcon requested a time extension to August 11, 2003 to respond to the agency's cure notice. See letter dated July 31, 2003, A45.

23. The Government granted Remcon's request. See letter dated August 4, 2003, A46.

24. On August 11, 2003, Remcon indicated that it was awaiting a response from its surety later that day, and that the response would be forwarded to the contracting officer as soon as it was received. See letter dated August 11, 2003, A67.

25. No response to the cure notice was ever provided by or on behalf of Remcon. See Notice of Termination for Default, A1.

26. The United States terminated Remcon's contract for default on August 13, 2003, because Remcon failed to respond to the cure notice and

failed to make progress on the project. See Notice of Termination for Default, A1.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

*s/Franklin E. White, Jr.*

FRANKLIN E. WHITE, JR.
Assistant Director

*s/Richard P. Schroeder*

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

June 24, 2005

Certificate of Filing

I hereby certify that on June 24, 2005, a copy of foregoing **DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder