IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2478C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO CONDUCT LIMITED DOCUMENT DISCOVERY AFTER EXPIRATION OF THE FACT DISCOVERY DEADLINE

Defendant, the United States, respectfully requests leave to conduct limited fact discovery – related exclusively to the production of documents – after expiration of the June 30, 2005 fact discovery deadline in this action. No prior request for this relief has been granted, although the overall fact discovery deadline previously has been enlarged for approximately 212 days. This motion has been discussed with counsel for plaintiff, Remediation Constructors, Inc. ("Remcon"). Remcon's counsel has indicated that he does not presently know whether Remcon will oppose this request, and that he will make that determination after he has had the opportunity to review this motion. The grounds for this motion are set forth below.

It is our understanding that certain documentation, including records relating to a brokerage account or accounts of Remcon's principal, have not yet been provided. We believe that the account contains relevant information. Initially,

documentation related to one of the brokerage accounts had been produced to a Government expert for inspection. However, Remcon retook possession of the document and, therefore, it could not be copied. Additional time is needed to discuss and possibly resolve that issue with Remcon's counsel. The Government expects that the matter can be discussed when Government counsel is in Sacramento for depositions this week. However, if the issue cannot be resolved, and Court intervention becomes necessary, we will need time to prepare an appropriate motion or otherwise seek such intervention. Further, it is our understanding that other documents, such as invoices, have not yet been provided.

Second, the Government wishes to obtain certain records from the surety, which is not a party to this litigation. Therefore, service of a subpoena might become necessary. The surety's documents will become especially relevant if the Court grants Remcon's motion to file a supplemental complaint, which seeks to add more than $1.5 million to Remcon's current claims.[1] Although we do not wish to depose the surety at this time, we intend to do so if Remcon's motion to supplement is granted. To avoid delay, it makes sense to begin the process of obtaining the

[1] We opposed Remcon's request to supplement its complaint upon the ground that the motion was untimely, and upon the merits.

relevant documents from the surety before the Court decides the pending motion to supplement the complaint.[2]

Finally, it is our understanding that Remcon intends to obtain certain Government records responsive to Remcon's second and third requests for production of documents. Thus far, Remcon has not inspected those documents. The production of those documents will need to occur after the present June 30, 2005 fact discovery deadline, because counsel for the Government and Remcon, as well as the contracting officer, will be in Sacramento, through June 30, for depositions in this case.

[2] We had intended to obtain the surety's documents sooner. However, during a June 14, 2005 status conference, the Court accelerated our deadline – from July 15 until June 24, 2005 – to file our partial summary judgment motion, which could have an effect upon Remcon's motion to supplement the complaint. Therefore, we were required to make the summary judgment motion our first priority. Further, counsel also was required to prepare an appellate brief in Bitare v. Department of Justice, Fed. Cir. No. 04-3261, which also was filed on June 24, 2005. Additionally, counsel was required to spend a substantial amount of time during the last three weeks working upon United Enterprise & Associates v. United States, Fed. Cl. No. 05-607, a recently-filed bid protest.

**CONCLUSION**

For the foregoing reasons, we respectfully request that this request for an additional 29 days to conduct fact discovery, limited to the production of documents, be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

June 27, 2005

Certificate of Filing

I hereby certify that on June 27, 2005, a copy of foregoing DEFENDANT'S MOTION FOR LEAVE TO CONDUCT LIMITED DOCUMENT DISCOVERY AFTER EXPIRATION OF THE FACT DISCOVERY DEADLINE was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder