IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC. | ) | DOCKET NO. 03-2478C |
| Plaintiff, | ) | **PLAINTIFF'S OBJECTIONS/ OPPOSITION TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS** |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | (Judge Susan G. Braden) |
| | ) | Hearing Date: TBD |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("Remcon" or "Plaintiff") hereby submits the following objections/opposition to Defendant United States of America's Proposed Findings of Uncontroverted Facts.

**GENERAL OBJECTIONS**

Plaintiff objects to each and every fact offered below by Defendant based on a lack of admissible evidence. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Accordingly, the federal courts have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *Id.* (Also see *Cuyahoga Metropolitan Housing Authority v. U.S.*, 60 Fed. Cl. 481, 484 (Fed.

Cl. 2004) - "Because Mr. Morton's declaration would be inadmissible as evidence under Rule 701 of the Federal Rules of Evidence, it is not properly includible under RCFC 56(e) as an exhibit to defendant's motion for summary judgment.")

Defendant primarily relies on documentary evidence, exclusive of pleading, discovery responses, or depositions, in support of its motion. Defendant fails to authenticate *any* of the documents, fails to provide any affidavits or declarations to support its factual contentions, and wholly fails to provide any admissible evidence to support its motion.

Further, Defendant's Proposed Findings of Uncontroverted Fact is insufficient because it does not cite to evidence that has been properly introduced and authenticated. The moving party's failure to provide a sufficient statement of uncontroverted facts is ground by itself for denial of the motion. *Orr*, 285 F.3d at 774-775 – failure to cite page and line number of deposition testimony 'warrants exclusion of the evidence'.

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

**DEFENDANT'S FACT**

1. On May 15, 2001, plaintiff, Remediation Constructors, Inc. ("Remcon"), entered into contract No. 1443C80000100903 with the United States for a construction project at Sequoia National Park in California. Comp. ¶4.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

2. The original contract price was $7,121,636.00. Comp. ¶4.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

3. Modifications increased the contract price to $8,001,774.28. See Modification No. 6, A29.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree insofar as this amount is through Modification No. 6. There is a dispute over whether Modification No. 7 was issued and/or able to be rescinded.

**DEFENDANT'S FACT**

4. The contract contained FAR clause 52.249-10 "Default (Fixed-Price Construction)," which states in part:

> (a) if the Contractor refuses or fails to prosecute the work or any separable part, with the diligence that will insure completion within the time specified including any extension, or fails to complete the work within this time, the Government may, by written notice to the Contractor, terminate the right to proceed with the work (or the separable part of the work) that has been delayed.

See Contract, A50-51.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

5. The contract contained FAR clause 52.233-1 "Disputes" which states in part:

> (I) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under the contract, and comply with any decision of the Contracting Officer.

See Contract, A52-53.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

6. By bilateral modification, the period for contract performance was extended to August 28, 2003. See Modification No.'s 3 and 6. A12-16; A29.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree but note that only Modifications Nos. 3 and 4 granted any time extensions, not Modifications Nos. 3 and 6 as stated. Further, Plaintiff contends that contract performance should have been extended into 2004 (and possibly 2005), but Defendant failed to adequately grant time extensions. Remcon reserved its rights to receive time extensions. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

7. The United States issued a Notice to Proceed on June 11, 2001. See Notice to Proceed, A66.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

8. On June 3, 2003, Remcon advised the United States that it would begin mobilizing to the site for the 2003 construction season on June 9, 2003. See Letters dated June 6, 2003, and June 9, 2003. A30; A32.

**PLAINTIFF'S RESPONSE**

Objection. The unauthenticated June 6, 2003 letter contains hearsay and is not admissible. Objection is also made to the reference to a June 9, 2003 letter - no such letter is attached to Defendant's appendix. Without waiving "General Objections" stated above, disagree. The June 7, 2003 letter from Remcon to Defendant (incorrectly referenced as a June 9, 2003 letter as A32) states as follows and speaks for itself: "In addition your letter falsely represents statements that Remcon would mobilize on June 9. Remcon has never stated it would mobilize to the project on June 9, 2003. Remcon simply stated it would begin mobilizing to the site on June 9, 2003, and this mobilization process would take two weeks. Remcon is in control of its own mobilization process not the NPS. Additionally, this mobilization process may be interrupted by failures on the part of the NPS to adhere to the contract specifications."

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff indicated on June 7, 2003 that it could mobilize to the site in a few weeks so long as the NPS adhered to the contract specifications. The NPS failed to adhere to the contract specifications by materially breaching the contract, design errors, failing to

timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons, and failing to grant time extensions (which would have extended the time for performance into at least 2004). (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

9. In a letter dated June 7, 2003, Remcon confirmed that it would begin mobilization on June 9, 2003. A32.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, disagree. See response to fact no. 8.

**DEFENDANT'S FACT**

10. Remcon did not mobilize to the construction site for the 2003 season. See Notice of Termination for Default, A1.

**PLAINTIFF'S RESPONSE**

Disagree. Remcon objects to the use of the term "mobilize," or the insinuation that Remcon's decision not to perform work was voluntary. As stated in Remcon's Proposed Findings of Uncontroverted Facts, Remcon did not perform work at the project during the 2003 season due to Defendant's antecedent and continuing multiple material breaches of contract, Defendant's prior delays, design failures, and Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons. Plaintiff was excused from further performance.

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff did not perform work at the construction site during the 2003 season due to Defendant's Defendant's antecedent and continuing multiple material breaches of contract, Defendant's prior delays, design failures, and Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons. Plaintiff was excused from further performance. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

11. Remcon's failure to mobilize to the construction site for the 2003 season constituted a failure "to prosecute the work with the diligence that will insure completion within the time specified including any extension" as required by the contract's default clause. See Notice of Termination for Default, A1.

**PLAINTIFF'S RESPONSE**

Disagree and Objection. This purported uncontroverted fact is an impermissible legal conclusion. This alleged uncontroverted fact is controverted by the plethora of evidence provided by Defendant in opposition brief and supporting declarations.

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff did not perform work at the construction site during the 2003 season due to Defendant's antecedent and continuing multiple material breaches of contract, Defendant's prior delays, design failures, Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons,

Defendant's failure to grant time extensions (which would have extended the time for performance into 2004), and Defendant's actions excused Plaintiff from performing work in 2003. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

12. The United States advised Remcon upon numerous occasions that it was under a duty to proceed with the project. See letters dated July 24, 2003, and July 29, 2003. A40-41; A43-44.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

13. Remcon informed the United States that it would not proceed with the project until the United States complied with what Remcon called "critical path activity 20" of its submitted schedule. See letters dated June 28, 2003, and July 3, 2003. A37; A38.

**PLAINTIFF'S RESPONSE**

Disagree. This proposed fact ignores the plethora of evidence provided by Plaintiff in support of its opposition, including the Declarations of Stephen B. Christensen, Thomas W. Lloyd and D. Michael Schoenfeld, and attached exhibits thereto, which prove that Plaintiff informed Defendant that it could not perform work in 2003 until it was paid in full for progress payments and extra work, was issued design changes, Plaintiff's claims were responded to by Defendant, and time extensions were granted.

Defendant's conduct excused Plaintiff's further performance.

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff informed Defendant that it could not proceed with work in the 2003 construction seasons until Plaintiff was paid in full for progress payments and extra work, was issued design changes, Plaintiff's claims were responded to by Defendant, and time extensions were granted. Defendant's conduct excused Plaintiff's further performance. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

14. Remcon identified Critical path activity 20 as "Owner/operator ADR." See submitted construction schedule, A39.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections," Agree.

**DEFENDANT'S FACT**

15. The United States advised Remcon that "ADR, which you have labeled Activity 20, and which you contend is on the critical path preceding mobilization, does not belong in a project schedule." See letters dated July 8, 2003, and July 29, 2003. A35-36; A43-44.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

16. Remcon breached its duty to continue performance pending resolution of its claims pursuant to the contract's disputes clause. See "Disputes" clause, A52-53, and letters dated June 28, 2003, and July 3, 2003. A37, A38.

**PLAINTIFF'S RESPONSE**

Disagree and Objection. This purported uncontroverted fact is an impermissible legal conclusion. This alleged uncontroverted fact is controverted by the plethora of evidence provided by Defendant in its opposition brief and supporting declarations.

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff did not perform work at the construction site during the 2003 season due to Defendant's antecedent and continuing multiple material breaches of contract, Defendant's prior delays, design failures, Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons, Defendant's failure to grant time extensions (which would have extended the time for performance into 2004), and Defendant's actions excused Plaintiff from performing work in 2003. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

17. On July 24, 2003, the United States issued a cure notice to Remcon. See Cure Notice, A40-42.

**PLAINTIFF'S RESPONSE**

Without waiving "General Objections" stated above, Agree.

**DEFENDANT'S FACT**

18. The cure notice that "as of July 22, 2003, you have completed only approximately 53% of the contract work and approximately 95% of the contract time has expired." See Cure Notice, A40-42.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree, but only to the extent that the cure notice did state what is offered by Defendant as fact. Objection and disagree as to whether the fact is true and uncontroverted. Plaintiff contends that the contract time should have been extended by more than one year as of July 22, 2003, and that 95% of the contract time had not expired by July 22, 2003. Further, objection is made as the cure notice is challenged as being legally invalid and issued without justification.

**PLAINTIFF'S PROPOSED REVISION**

As of July 22, 2003, contract time should have been extended by over one year, and 95% of the contract time had not expired. The cure notice which was invalid and unjustified, improperly stated that 95% of the contract had expired. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

19. The cure notice also stated that "Remcon has failed to mobilize to the site for the 2003 construction season." See Cure Notice, A40-42.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree, but only to the extent that the cure notice did state what is offered by Defendant as fact. Objection and disagree as to whether the fact is true and uncontroverted. Plaintiff contends that it did not fail to mobilize to the site. Instead, Plaintiff did not perform work at the construction site during the 2003 season due to Defendant's antecedent and continuing multiple material breaches of contract, Defendant's prior delays, design errors, Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons, Defendant's failure to grant time extensions (which would have extended the time for performance into 2004), and Defendant's actions excused Plaintiff from performing work in 2003.

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff did not perform work at the construction site during the 2003 season due to Defendant's antecedent and continuing multiple material breaches of contract, Defendant's prior delays, design failures, Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons, Defendant's failure to grant time extensions (which would have extended the time for performance into 2004), and Defendant's actions excused Plaintiff from performing work in 2003. The cure notice improperly stated that Remcon failed to mobilize to the site for the 2003 construction season. Remcon was excused from further performance (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6

and Exhibits 1-9).

**DEFENDANT'S FACT**

20. The cure notice further stated that Remcon had failed to provide the Government with a contract-compliant schedule, schedule updates and required quantity surveys, and that it had failed to pay subcontractors. See Cure Notice, A40-42.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree, but only to the extent that the cure notice did state what is offered by Defendant as fact. Objection and disagree as to whether the fact is true and uncontroverted. Plaintiff contends that it provided contract-compliant schedules, schedule updates when reasonable, and required quantity surveys, and that it paid subcontractors when financially feasible. Remcon admits that it did not timely pay all subcontractors.

**PLAINTIFF'S PROPOSED REVISION**

Plaintiff contends that it provided contract-compliant schedules, schedule updates when reasonable, and required quantity surveys, and that it paid subcontractors when financially feasible. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

21. Remcon received the cure notice. See letter from Remcon "Notice to Cure, Request for Time extension" dated July 31, 2003, A45.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree.

**DEFENDANT'S FACT**

22. On July 31, 2003, Remcon requested a time extension to August 11, 2003 to respond to the agency's cure notice. See letter dated July 31, 2003, A45.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree.

**DEFENDANT'S FACT**

23. The Government granted Remcon's request. See letter dated August 4, 2003, A46.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree.

**DEFENDANT'S FACT**

24. On August 11, 2003, Remcon indicated that it was awaiting a response from its surety later that day, and that the response would be forwarded to the contracting officer as soon as it was received. See letter dated August 11, 2003, A67.

**PLAINTIFF'S RESPONSE**

Without waiving said objections, Agree, to the extent the August 11, 2003 letter speaks for itself.

**DEFENDANT'S FACT**

25. No response to the cure notice was ever provided by or on behalf of Remcon. See Notice of Termination for Default, A1.

**PLAINTIFF'S RESPONSE**

Disagree. During 2003, Remcon provided multiple letters, a certified claim, and other claims which clearly provided a response to the substance of the cure notice, and believe the cure notice was invalid and unjustified, no response thereto was required as a matter of law.

**PLAINTIFF'S PROPOSED REVISION**

During 2003, Remcon provided dozens of letters, a certified claim, and other claim which clearly provided a response to the substance of the cure notice. The Defendant's antecedent and continuing multiple breaches of contract excused Remcon from further performance, including the necessity to respond to a cure notice. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

**DEFENDANT'S FACT**

26. The United States terminated Remcon's contract for default on August 13, 2003, because Remcon failed to respond to the cure notice and failed to make progress on the project. See Notice of Termination for Default, A1.

**PLAINTIFF'S RESPONSE**

Agree that United States terminated Remcon for default on August 13, 2003, but disagree that Remcon failed to respond to cure notice and failed to make progress on the project.

**PLAINTIFF'S PROPOSED REVISION**

During 2003, Remcon provided multiple letters, a certified claim, and other claims which clearly provided a response to the substance of the cure notice. The Defendant's antecedent and continuing multiple breaches of contract excused Remcon from further performance, including the necessity to respond to a cure notice.

Plaintiff did not perform work at the construction site during the 2003 season due to Defendant's multiple material breaches of contract, Defendant's prior delays, design errors, Defendant's failure to timely and fully pay Remcon for its work performed during the 2001 and 2002 construction seasons, Defendant's failure to grant time extensions (which would have extended the time for performance into 2004), and Defendant's actions excused Plaintiff from performing work in 2003. The cure notice improperly stated that Remcon failed to mobilize to the site for the 2003 construction season. (See Declaration of Stephen B. Christensen, ¶¶ 1-61 and Exhibits 1-30; Declaration of D Michael Schoenfeld, ¶¶ 1-9 and Exhibits 1-7; Declaration of Thomas W. Lloyd, ¶¶ 1-6 and Exhibits 1-9).

DATED: July 21, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000