**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 03-2478C (Judge Braden) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE, ON OR BEFORE AUGUST 5, 2005, TO PLAINTIFF'S PROPOSAL TO SUBMIT DIRECT TESTIMONY THROUGH DECLARATIONS AND DEPOSITIONS**

Pursuant to United States Court of Federal Claims Rule 7.1, defendant, the United States, respectfully requests leave to respond, on or before August 5, 2005, to the proposal of plaintiff, Remediation Constructors, Inc. ("Remcon"), to submit direct testimony through declarations and depositions. We further request that the Court defer any action upon Remcon's request until such time as the Government submits its written response. Plaintiff's counsel has indicated that plaintiff opposes this motion.

On August 1, 2005, the Court conducted a telephonic conference regarding Remcon's proposal, which Remcon scheduled upon short notice. We verbally objected to the proposal. The Court asked Remcon to put its request in a letter, and indicated that we would be provided an opportunity to respond. The Court stated that it anticipated issuing an order upon Remcon's proposal on Tuesday, August 2, 2005.

We received Remcon's written proposal at approximately 4:30 p.m. August 1, 2005. Upon review, we determined that it is important that we be provided the opportunity to fully express our objections, and the basis thereof, in writing.

We further note that Remcon's proposal has added certain important elements that were not discussed during yesterday's telephonic conference, including Remcon's request that, to the extent we do not call nine specific fact witnesses, Remcon be permitted to submit their depositions in lieu of live testimony. See Remcon's Aug. 1, 2005 Letter at 3. These individuals are in addition to the three individuals for whom Remcon previously indicated it intended to submit deposition testimony, and 15 individuals for whom Remcon indicated it wished to submit declarations. Remcon also requested in its letter that the Court limit the Government's live direct testimony. It also discusses the alleged financial condition of Remcon and its principal, and their alleged difficulty in financing this litigation.

Because Remcon's proposal raises significant legal, factual and practical issues, we need additional time to properly research and consider these issues prior to responding. For instance, Remcon raises what appears to be a novel argument that its alleged lack of financial resources to pay for witnesses to travel to the trial venue (Sacramento and Washington, D.C.), renders those witnesses "unavailable." The issues raised in

Remcon's proposal require more than a summary response (although we do <u>not</u> anticipate submitting a lengthy response).

Accordingly, we respectfully request that we be granted leave to file our response to Remcon's proposal on or before August 5, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Deputy Director

s/ Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

August 2, 2005

Certificate of Filing

I hereby certify that on August 2, 2005, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE, ON OR BEFORE AUGUST 5, 2005, TO PLAINTIFF'S PROPOSAL TO SUBMIT DIRECT TESTIMONY THOUGH DECLARATIONS AND DEPOSITIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder