IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., | ) | DOCKET NO. 03-2478C |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE REPLY** |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Judge Susan G. Braden) |
| Defendant. | ) | Hearing Date: TBD |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON" or "Plaintiff") respectfully submits the following opposition to Defendant United States of America's **Second** Motion for an Enlargement of Time to File Reply for Defendant's Motion for Partial Summary Judgment. Defendant previously received a two week extension to file its reply (meaning one full month to prepare and file the same), and now audaciously requests an additional ten days to file its reply. Enough is enough! Plaintiff requests that the Court refuse to countenance Defendant's continued dilatory actions in this matter. The Court should deny Defendant's request for a further enlargement of time since Defendant has failed to provide any plausible reason for why it could not finish its reply in 28 days, because Plaintiff will be prejudiced by a further extension, and because Defendant's continued and flagrant disregard for the Court's rules must be stopped.

First, Plaintiff was able to complete its Response/Opposition to Defendant's Motion for Partial Summary Judgment in 25 days. It is unfathomable that Defendant's

Reply, which does not need to address any new legal issues, will require 38 days to be completed. Defendant's purported excuse of the length of Plaintiff's statement of uncontroverted facts is specious and misleading – many of the facts asserted were already known to Defendant during discovery, and the facts should not alter Defendant's legal argument. Further, Defendant has two sets of legal counsel working on this matter – counsel from the Department of Justice and counsel from the Department of the Interior. Surely, Defendant has adequate legal resources to prepare a reply brief in 28 days. Plaintiff was able to prepare its opposition in less time, and Defendant should be held to the same standard.

A further complication from Defendant's second request for a time extension is that Plaintiff is required to submit to Defendant its Memorandum of Contentions of Law and Fact by September 15, 2005. In its Memorandum of Law and Facts, Plaintiff is required to address anticipated factual and legal arguments from Defendant. Plaintiff must receive Defendant's Reply brief by this week in order to be prepared to fully address Defendant's anticipated factual and legal arguments. A further extension will prejudice Plaintiff's ability to prepare a full and complete Memorandum of Contentions of Law and Fact.

Plaintiff has grown weary of Defendant's continuous requests for time extensions in this case. Defendant has asked for a time extension for every significant filing/event in this matter, including, but not limited, to responding to Plaintiff's complaint, for disclosure of experts, for completion of fact discovery (on three occasions), and for completion of expert discovery. The Court should also note that Defendant's recent requests for time extensions have been submitted on the day the pleading is due (thus

causing further delay). Given that the trial date for this matter is set for October 24, 2005, no further extensions should be given. There is much work to be completed by both parties prior to trial, and the schedule cannot be compressed further by Defendant's continued dilatory actions.

Plaintiff requests that the Court swiftly rule on the latest belated request by Defendant.

DATED: August 23, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P.O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000