IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, | ) | |
| v. | ) | No. 03-2478C (Judge Braden) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OUT OF TIME

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court grant leave to permit the Government to file the accompanying Reply to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment and supporting papers (collectively, the "reply"), out of time.[1] Counsel for plaintiff, Remediation Constructors, Inc. ("Remcon"), has indicated that Remcon intends to file an opposition to this motion. The grounds for this motion are set forth below.

Our motion for partial summary judgment was narrow and concise. Our proposed findings of uncontroverted fact were only 26 paragraphs and six pages long. Our brief was 30 pages in 14-

[1] We previously were granted an enlargement of time of 14 days to file the reply. In addition, on August 23, 2005, we requested an additional 10 days, from August 23, 2005 through September 2, 2005, within which to file our reply. On August 26, 2005, the Court denied our motion.

point typeface. In response, Remcon's filed a 40-page opposition brief in what appears to be no more than 12-point typeface. Remcon also submitted three declarations and voluminous exhibits.

More importantly, with its brief, Remcon filed 137 paragraphs of proposed findings of uncontroverted fact. Notwithstanding the fact that Remcon did not file a cross-motion for summary judgment, RCFC 56(h)(2) requires the party seeking summary judgment to respond to those additional facts proposed by the opposing party. Thus, where our filings were relatively short and concise, Remcon's were excessively long. Due to the length of Remcon's proposed facts, the burden upon the Government to respond to Remcon's proposed facts was many times greater than the burden upon Remcon to respond to our proposed facts. Consequently, the preparation of the reply was very time consuming.

In Remcon's August 23, 2005 opposition to our recent motion for an enlargement of time, Remcon accused the Government of "dilatory actions" with respect to the motion for partial summary judgment. Further, Remcon discounted our need for an enlargement of time need to respond to its overly-long statement of facts as "specious and misleading." Remcon claimed that "the facts should not alter [the Government's] legal argument" and that the Government should have been able to prepare its "reply brief" without the requested enlargement.

Those statements imply that we had nothing to prepare but a reply brief. However, as previously demonstrated, that is incorrect. Further, Remcon's position that our reply brief did not have to address any new legal arguments is puzzling. Pursuant to Rule 56(h)(2), Remcon is only permitted to submit separate proposed facts regarding matters that it considers relevant. By submitting 137 additional proposed findings of fact, Remcon, in effect, represented that those facts were relevant to the pending motion.

Remcon's proposed facts are largely irrelevant and appear to have been submitted simply to divert the Court's attention from Remcon's own admission that it did not submit any response at all to the contracting officer's request for assurances. Indeed, it turned out that we did not have a need to expressly address most of Remcon's proposed facts in our reply brief, other than to demonstrate why they did not create a genuine issue of material fact. Nonetheless, Remcon's ultimate conclusion – that we did not need to respond to them – overlooks the simple fact that we needed to respond to each and every one of its proposed facts in our counterstatement of facts.

Our previous enlargement motions were filed because additional time was necessary. As of August 26, 2005, the date the Court denied our second request for an enlargement of time, undersigned counsel had worked 19 days in a row, including

weekends. During that time period, counsel was required to file (1) lengthy supplemental privilege logs in Blue Lake Forest Products, Inc. v. United States, Fed. Cl. Consolidated Nos. 01-570C, 01-627C and 04-501C (filed August 18, 2005); (2) an appeal brief in Agro Dutch Industries, Inc. v. United States, Fed. Cir. No. 05-1288 (filed August 25, 2005); (3) a motion to stay proceedings in Gerber Food (Yunnan) Co., Ltd. v. United States, CIT No. 04-454 (filed August 26, 2005); and (4) an opposition to plaintiff's motion for summary judgment upon the administrative record, including the Government's response to 223 separately numbered paragraphs of proposed facts, some of which contained multiple sentences, in a bid protest case, United Enterprise and Associates v. United States, Fed. Cl. No. 05-607C (filed August 26, 2005).

In addition, counsel is responsible for other matters that have required attention, including Downing v. Department of Labor, Fed. Cir. No. 05-3100 (Government's brief due September 2, 2005). Finally, agency counsel, who is assisting in this matter, and who worked extensively upon the Government's reply (including the counterstatement of facts), was in Sacramento, California, conducting depositions of four of Remcon's experts during the majority of the week of August 22, 2005.

For these reasons, there is good cause to grant the Government's motion for leave to file its reply out of time. In

addition, doing so is in the interests of justice. Our motion for partial summary judgment is straightforward, notwithstanding Remcon's attempt to introduce page after page of irrelevant material and allegations in its opposition. In our reply, we point out why the matters introduced by Remcon are irrelevant. Thus, our reply undoubtedly will assist the Court in deciding our motion for partial summary judgment.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant leave for the Government to file its reply out of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

September 2, 2005

Certificate of Filing

I hereby certify that on September 2, 2005, a copy of foregoing DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OUT OF TIME and ATTACHMENTS were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder