# United States Department of the Interior

NATIONAL PARK SERVICE
DENVER SERVICE CENTER
12795 W. Alameda Parkway
P.O. Box 25287
Denver, Colorado 80225-0287

IN REPLY REFER TO:
D5217 (DSC-CS)
SEKI-200Q
1443C8000010903

March 28, 2003

D. Michael Schoenfeld
Murphy Austin Adams Schoenfeld LLP
1000 G Street, 3rd Floor
P.O. Box 1319
Sacramento, California 95812-1319

Dear Mr. Schoenfeld:

Facsimile No.: (916) 503-4000

Reference: Sequoia and Kings Canyon National Parks, Tulare County, California, Contract No. 1443C8000010903, Giant Forest, Sherman Tree Parking Area, Project No. SEKI-200Q

Subject: Alternative Dispute Resolution

We are in receipt of your letter of March 26, 2003, and as you know are preparing a full response to the issues discussed in this and your earlier letter. We will have that response to you by April 4, 2003.

As an immediate response to your request for ADR, I can only repeat what the Solicitor's Office informed you by telephone earlier: We agreed back in December to use ADR to resolve our differences. Enclosed are copies of our letters to Remcon dated December 2 and December 13, 2002.

As shown in these December 2002 letters, we offered a meeting or series of meetings between the parties and our respective attorneys to try and resolve our differences. We offer the use of our offices for any meeting. Remcon would have a complete opportunity to present its claims, and NPS would respond. Both parties would have an opportunity to clarify their positions and clear up any misunderstandings, thus narrowing, if not resolving the issues. If successful, we would sign a binding stipulation of settlement. If not, Remcon could request an appealable final decision.

We do not agree with your apparent position that ADR requires a third party participant. As stated in the CFR provision you've cited, "Contracting officers should have the flexibility to select the appropriate ADR procedure to resolve the issues in controversy as they arise." 48 CFR 33.214(f)(1). "*When appropriate*, a neutral person *may* be used to facilitate resolution of the issue in controversy using the procedures chosen by the parties." Id., subpart (d) (emphasis added). Using the flexibility we've been granted, we have offered what we feel is the appropriate procedure in this case. We are still amenable to, and hope that you will reconsider your position on this issue.

In the meantime, we are giving serious consideration to all the points you have raised, and will respond shortly.

Sincerely,

Rodney K. Keiscome
Contracting Officer

bcc:
Regional Dir., Pacific West Region
Supt., SEKI
SEKI, Jack Vance
DSC-PM, Giller
DSC-PDS, DeOcampo
DSC-PDS, Cody

cc:

Stephen Christensen, President, Remcon, Inc., PO Box 758, 751 Wakefield Court, Oakfield, California 95361 via facsimile No.: (209) 847-9189

Mick Flak, Great American Insurance Companies, P.O. Box 3158, Englewood, Colorado 80155 via facsimile No.: (303) 804-0402

Ex 233 294

# United States Department of the Interior

NATIONAL PARK SERVICE
DENVER SERVICE CENTER
12795 W. Alameda Parkway
P.O. Box 25287
Denver, Colorado 80225-0287

IN REPLY REFER TO:
D5217 (DSC-CS)
SEKI 200Q
1443CS000010903

APR 0 1 2003

Stephen B. Christensen, President
Remcon, Inc
P.O. Box 758
751 Wakefield Court
Oakdale, California 95361

Facsimile No.: 209/847-9189

Dear Mr. Christensen:

Reference: Sequoia and Kings Canyon National Parks, Tulare County, California, Contract No. 1443C8000010903, Giant Forest, Sherman Tree Parking Area. SEKI 200Q

Subject: Modification No. 7

On February 24, 2003, Modification No. 7 was mailed to you for signature. The cover letter stated that "If the signed modification is not received within 10 days from your receipt of this letter, the modification will be issued as a unilateral modification."

A letter dated March 12, 2003, was received in this office from your attorney, Mr. Michael Schoenfeld of Murphy Austin Adams Schoenfeld. On your behalf, Mr. Schoenfeld requested a sixty (60) day extension of time within which to provide a formal written objection to Contract Modification No. 7.

The deletion of the Lower Sherman work was mutually agreeable to Remcon, Inc. and to the National Park Service. It was proposed to be deleted when Remcon had demonstrated many difficulties in performance of the contract work including, but not limited to resource damage. The National Park Service notes that throughout the discussions on the deletion of Lower Sherman, Remcon was in concurrence and provided no objection.

A second letter dated March 26, 2003, was received in this office from Mr. Michael Schoenfeld, wherein Mr. Schoenfeld requested that the NPS postpone and abate any determination with respect to finalizing Contract Modification No. 7.

Therefore, at your request, through your attorney, the Government hereby withdraws Modification No. 7. In this regard, the work which would have been impacted/changed by Modification No. 7 remains unchanged and shall be performed as stated in the contract.

The completion date for the contract of August 28, 2003 remains unchanged.

We look forward to a successful completion of the project

Sincerely,

Rodney K. Keiscome
Contracting Officer

cc:
Mr. D. Michael Schoenfeld, Murphy Austin Adams Schoenfeld, 1000 G Street, 3rd Floor, P.O. Box 1319, Sacramento, California 95812-1319, Telephone: 916/446-2300, FAX: 916/503-4000

Mr. Michael W. Flak, Bond Claim Specialist, Great American Insurance Company, P.O. Box 3158, Englewood, Colorado 80155, Telephone: 303/804-0409, FAX: 303/804-0402



295

Receipt #058990

ORIGINAL

ECF

FILED
OCT 21 2003
U.S. COURT OF FEDERAL CLAIMS

DEFENDANT'S EXHIBIT NO. 1 FOR IDENTIFICATION Christensen DATE 3-29-05 RPTR DH

D. MICHAEL SCHOENFELD - California State Bar No. 102332
MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000

Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | DOCKET NO. 03-2478C<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES** |

## JURISDICTION

1. Plaintiff is Remediation Constructors, Inc. ("Remcon"), a corporation duly organized and existing under the laws of the State of California and, at all times relevant, was duly licensed as a contractor by the State of California. Remcon's principal place of business is located in Oakdale, California.

2. Defendant is the United States of America, acting by and through its Department of the Interior, National Park Service (the "NPS").

3. Jurisdiction of this Court is based on 28 USC § 1491 and 41 USC § 609.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

4. On or about May 15, 2001, the NPS awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for the project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q"







296

("the Project"). The original amount of the Contract (for Base Bid Items Nos. 1 through 128) was $7,121,636.00. Pursuant to written amendments to the Contract, the original amount has been increased by the sum of $795,968.28, and the adjusted contract price is $7,917,604.28, notwithstanding unpaid sums for extra work performed by Remcon.

5. The Contract incorporated by reference FAR 52.243-4 Changes (August 1987) which provides in relevant part:

> (b) any other written or oral order (which, as used in this paragraph (b), includes direction, instruction, interpretation, or determination) from the Contracting Officer that causes a change shall be treated as a change order under this clause; provided, however, that the Contractor gives the Contracting Officer written notice stating (1) the date, circumstances, and the source of the order and (2) that the Contractor regards the order as a change order.
>
> . . .
>
> (d) If any change under this clause causes an increase or decrease in the Contractor's cost of, or the time required for, the performance of any part of the work under this contract, whether or not changed by any such order, the Contracting Officer shall make an equitable adjustment and modify the contract in writing.

6. Remcon performed all of its obligations under the Contract except to the extent its performance was prevented or excused.

7. As a result of conduct (both acts and omissions) of the NPS, Remcon was compelled to (a) incur additional costs in performing extra work and changes in the work beyond that required by the Contract; (b) perform its Contract work in a manner more costly; and (c) suffer delays and loss of productivity in completing its work. In addition, Remcon was forced to change the means and methods of construction and render its performance in a means and method more costly than Remcon reasonably anticipated.

8. Remcon is entitled to an equitable adjustment of the Contract price reflecting increased cost of Remcon's performance as a result of the acts and omissions of the NPS.

9. By letter enclosing a document entitled "Mediation Brief With Back-Up Documentation," dated June 28, 2003, Remcon submitted a certified omnibus claim for an equitable adjustment of the Contract price in the total amount of $3,091,799.60 (inclusive of outstanding contract balance owed to Remcon). Remcon also requested the Contracting Officer's final decision

in regard to Remcon's certified omnibus claim.

10. In addition to the damages sought by Remcon through its certified omnibus claim for an equitable adjustment of the Contract price, the NPA has wrongfully failed and refused to remit to Remcon retention in the sum of $17,297.29 despite Remcon's written demands.

11. Pursuant to correspondence, dated July 15, 2003, received by Remcon from the Contracting Officer, the Contracting Officer issued his final decision denying a portion of Remcon's certified omnibus claim for differing site conditions (rock blasting), excavation, grading, and storm water pollution prevention. The Contracting Officer did not address any other portions of Remcon's certified omnibus claim in its July 15, 2003 final decision.

12. With respect to those portions of Remcon's certified omnibus claim that were not addressed by the Contracting Officer's July 15, 2003 final decision: (a) at least 60 days has passed from the date that Remcon submitted its certified omnibus claim to the NPS, and therefore, said portions of NPS' certified omnibus claim that have never been subject to a Contracting Officer's final decision are deemed denied pursuant to operation of 48 C.F.R. 33.211(g); and (b) not more than 365 days have elapsed from the time the Contracting Officer issued a final decision with respect to any claim (or portion of a claim) that is included within Remcon's certified omnibus claim.

13. The NPS' failure and refusal to agree to an equitable adjustment of the Contract price pursuant to Remcon's certified claim, as well as the failure and refusal of the NPS to remit to Remcon all retention monies due Remcon, constituted a breach of the Contract.

14. In addition to the NPS' failure and refusal to agree to an equitable adjustment as requested through Remcon's certified omnibus claim, the NPS further breached the Contract by wrongfully terminating Remcon for default, pursuant to a separate Contracting Officer's final decision dated August 13, 2003, in retaliation for Remcon's submission of a certified omnibus claim to the NPS and Remcon's represented inability to finance further work due to non-payment for work performed.

15. As a direct and proximate result of the foregoing breaches of the Contract, Remcon has been damaged in the principal amount of at least $3,115,096.89. Further, Remcon

seeks an order from the Court determining that Remcon was not in default and/or that any failure to perform on the part of Remcon is excusable, and, as a result, that termination for default issued by the Contracting Officer shall be considered to have been a termination for the convenience of the Government, and the rights and obligations of the parties, governed accordingly.

WHEREFORE, Remcon requests that this Court grant Remcon the following relief:

1. Issue a determination that the NPS wrongfully terminated Remcon's Contract for default pursuant to 48 C.F.R. 49.504, that the NPS has instead terminated the Contract between Remcon and NPS for convenience pursuant to 48 C.F.R. 49.502, and that the rights and obligations of the parties shall be governed accordingly.

2. Enter a judgment against the United States and in favor of Remcon in the amount of at least $3,115,096.89, plus interest.

3. Award Remcon costs and attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

4. Grant Remcon any other relief that the Court considers appropriate.

DATED: October 10, 2003

MURPHY AUSTIN ADAMS SCHOENFELD LLP

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000







299

# REQUEST FOR INFORMATION

JOB NAME: *Sequioa National Park - General Sherman Tree Parking*
REMCON JOB NO: *01-12*

| RFI NO. | DESCRIPTION | DATE SUBMITTED TO OWNER | DATE RECEIVED FROM OWNER | NPS RESPONSE | COMPLETE (Y/N) | Jerry's Column: Misc Info to Complete Item |
|---|---|---|---|---|---|---|
| 42 | Boulders at Station 28+00 | 05/29/02 | ??/??/?? | Need NPS Response/Need copy of RFI | ? | RFI not in Book |
| 43 | Down Tree on Trail | 05/30/02 | ??/??/?? | Need NPS Response/Need copy of RFI | ? | RFI not in Book |
| 44 | Tree Removal on Trail | 05/30/02 | ??/??/?? | Need NPS Response/Need copy of RFI | ? | RFI not in Book |
| 45 | Electrical Vault | 05/30/02 | 07/11/02 | See Speed Ltr. Dated 7/11/02 from LM | Y | Verify on Asbuilt |
| 46 | Agggregate Foundation for Stone Wall | 06/12/02 | ??/??/?? | Need NPS Response | ? | Work complete in areas |
| 47 | Embedded Plate | 06/13/02 | 06/26/02 | Done - See NPS Sketch #100 dated 6/26 | Y | Complete |
| 48 | Clean-up on Access Road (Trees) | 06/13/02 | ??/??/?? | Done - Answer? | Y | What happened? Verbal? |
| 49 | Elevation at Kiosk | 06/13/02 | 06/11/02 | Done - See Speed Letter dated 6/11/02 | Y | NPS Provided Elev's |
| 50 | Revised Trail Prints (Drawings) | 06/13/02 | ??/??/?? | Need NPS Response | Y | What happened? Timeline? Drwy Tracking? |
| 51 | Compaction Testing on Sewer Trench | 06/??/02 | 06/??/02 | See 02320...Qc Results dated 6/14 & 7/1/02 | Y | Answer: See 02320.3.1CTest...Qc Results 6/14/02 |
| 52 | Anchor Ties on Comfort Station | 06/17/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer (Ken Smith/Al Silva) |
| 53 | Boulder Removal at Trail (TP 2) | 06/17/02 | ??/??/?? | Need NPS Response | Y | Complete |
| 54 | Plan Revision on Trail (Sht. 108A) | 06/17/02 | 08/29/02 | See NPS Ltr. - Mike Giller | N | See NPS Ltr. - Mike Giller |
| 55 | Submittals (Status/Admin Request) | 06/17/02 | VOID | Not a RFI...VOID | Y | Master Log Developed 2003 |
| 56 | Dossen Tank - patch knock-outs? | 06/18/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer: Use non-shrink grout? |
| 57 | Stone Foundation - 6" agg substitute | 06/18/02 | ??/??/?? | Work Complete USPA. Need NPS Response | Y | Product need to meet Spec 02725 |
| 58 | Electrical to Dosing Tank | 06/19/02 | ~Nov. 2002 | JEG (LM) Speed Ltr - Install as directed | Y | Need Asbuilt Info & Answer |
| 59 | Fill Slope (Station~12 rt.) | 06/20/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer |
| 60 | Wood Trim (Redwood or Cedar ?) | 06/20/02 | 07/10/02 | NPS - Use Cedar per 6200.2.4 | Y | OK |
| 60A | Wood Trim (Redwood or Cedar ?) | 06/20/02 | 08/15/02 | NPS - Use Redwood...Redwood Installed | Y | OK |
| 61 | Slopes (~30 to 31~) Hinge Conflict | 06/27/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer |
| 62 | Slopes (~26 to ~29+50) Hinge Conflict | 06/27/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer |
| 63 | Sewer Line to Leach Field (~47 LF) | 06/27/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer |
| 64 | Leach Field System Details | 06/27/02 | ??/??/?? | Need NPS Response | Y | Need Asbuilt Info & Answer |
| 65 | Toe/Slope Access Road Conflict | 06/27/02 | 09/24/02 | JEG (RB) Speed Ltr - Revetment OK | Y | OK |
| 66 | D.I. To Existing Slope (19+26.50) | 06/27/02 | 09/24/02 | JEG (RB) Speed Ltr - Revetment OK | Y | OK |
| 67 | Access Road (Seeding) | 11/22/02 | Verbal 11/2002 | Complete (NPS Verbal - Athena Demetry) | Y | OK |
| 67A | Location of Edge of Pvm't (~37+50) | 10/17/02 | 10/23/02 | Need NPS Response & Asbuilt | Y | Need Asbuilt Info & Answer |
| 68 | Boulders along the Swale | 10/17/02 | 10/22/02 | Do not use J/L1 Per L. Mangrum | N/A | OK |
| 69 | Curb Issue | 10/17/02 | 10/21/02 | NPS - Build per Plan | N/A | OK |
| 70 | Comfort Station - LPG Connection | 10/17/02 | 10/22/02 | See attch. Speed Ltr. From NPS | Y | OK |
| 71 | Signature Boulders | 10/17/02 | 11/05/02 | See attch. Dwg. From NPS | Y | OK |
| 72 | | | | | | |
| 73 | | | | | | |
| 74 | | | | | | |
| 75 | | | | | | |
| 76 | | | | | | |
| 77 | | | | | | |
| 78 | | | | | | |
| 79 | | | | | | |
| 80 | | | | | | |

007231

7/20/20035:39 PM

10 JULY

- DEVELOP REVETMENT UNIT PRICE
- SIGNATURE BOULDERS - LANDSCAPE BOULDERS
CREDIT FOR SLOPE NOT CUT

FIELD WALK-THRU ADD RFI #

1. REGRADE OLD ROAD ACCORDING TO P&S
NO COST 1+78

2. PHONE DUCT CUT THRU 6" VEG

3 2" DRAIN LINE FROM WATERLINE
LAUREN DO MODIFIED WORK LIMIT

4. 24" CMP 5+39 PHOTO 1
DRAIN TO DAYLIGHT P1
$ ON ROCK AT DRAINS VS. UTILITIES
LAUREN TO DO MODIFIED WORK LIMIT
MAY ANGLE CMP

5. 6+10 SPECIMEN 3' PINE PHOTO 2
℄ OF ROAD ?
ROAD & SHOULDER CLEARS 3' PINE
CUT MAY BE RQ'D ON OPPOSITE SIDE
FOR V DITCH [COST]

 516305

GENERAL

LAY STEEPEN TOE TO 1.5 TO 1
TO PRESERVE NATURAL FEATURE

PHOTO 3

6 REDESIGN ROAD 11+00

- NEED TO ADJUST WORK LIMITS
- INCREASE SLOPE TO ACCOMMODATE TREES

7 PULLOUT SHIFTED (NORTH ?) PHOTO 4

-MOVE STONE CURB W/ PULLOUT
- DROP INLET STAYS
- STEVE SAYS TREE DIFFERENT P.S. LOCATION

12+00 PHOTO 5

8 CMP W/ SLOPE ~~11+75~~

REVETMENT AT 24" WHITE FIR
TOE MAY VARY WITH NATURAL
ADD 10' MIN CULVERT EXTENSION
ADD ± 15' 2" GALV DRAIN PIPE

9. 15+08

FILL TO REACH FINISH GRADE REDUCES
DEPTH OF CUT

10. TOE IMPACTS BASE OF 3 TREES 18+62

REVETMENT SHOWN
FOLLOW PLANS

PHOTO 6

19 +00

ADJUST / ~~INCREASE~~ PIPE

~~EXTEND CMP~~

ADD 45 BEND

ADD ~~[illegible]~~ ~~[illegible]~~ 15 ± [illegible]

ADJUST FILL

~~[illegible]~~ DISIPATOR

ADD REVETMENT

12 ELEC VAULT 19+92

ADD REVETMENT 3-4 ROCKS

13 UPSIDE SLOPE

SOFTEN

NATURAL FEATURES OK

RFI

14 [RFI / USA] 19 - 20+

SEVERAL

- ADJUST SLOPE
- REVETMENT RETAINS
-

15 HIGH CUT AT ≈ 25+00

INSTALL REVETMENT FIRS

SOFTEN HINGE POINT

16 2 BOULDERS PHOTO

LEAVE

30 FT ROAD CORRIDOR WIDTH

NATURAL / BOLLARDS

17 REVETMENT AT TREES

~~MEASURE & BUILD~~

~~ROCK~~

18 STORM DRAIN PHOTO

ROCK

MEASURE & BUILD

19 30 + 25 RFI 61A

FRACTURED BOULDER

1. REMOVE LOOSE DIRT & ROCK

2. DESIGNER/ COTR INPUT ON REVETMENT

305

31 JULY

JACK, LOREN, RUSSELL, JOANNE

ISSUES ON ACCESS ROAD

MIKE KITCHEN

ALL VERT & HORZ DATA GONE

CONTRACTOR LAID OUT VISUALLY

F. (FLAGGING NOT PAID

1 AUG

JULIE OF KEN SMITH 559.439.8800

01 66% KIOSK & COMFORT

065 58.5% STONE HEAD WALL

117 10.06% MATERIAL

118 8.15%

119 60%

120 23.94%

Remediation Constructors, Inc. Page 15
SC-031 NPS SEQUOIA SHERMAN TREE PARKING 12/07/2001 11:45
Default User COST REPORT

| Activity Detail | Desc | Pcs | Quantity Unit | Unit Cost | Labor | Perm | Constr | Equip Ment | Sub-Contract | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| BID ITEM 370 | CLIENT# = 02310 | | | | | | | | | |
| Description = | EXCAVATION & GRADING | | | Unit = LS | Takeoff Quan: | 1.000 | | Engr Quan: | | 1.000 |
| $4,711.30 | 0.0235 MH/LF | | 48.00 MH | [ 0.669 ] | 2,455 | | | 2,256 | | 4,711 |
| | | | 42.5000 Unit/MH | | 1.20 | | | 1.11 | | 2.31 |
| 12 | STT-Cut to Fill | | Quan: 2,320.00 CY | | Hrs/Shft: 8.00 | | Cal: 01 | WC: 1 | | |
| | Requires an additional 552 CY of import from the Upper Sherman excavation. | | | | | | | | | |
| 8-320M | Cat 320L Exc, Monthly | | 24.00 HR | 35.000 | | | | 840 | | 840 |
| 8-D4M | Cat D4H Dozer/Rip, Mo | | 56.00 HR | 29.000 | | | | 1,624 | | 1,624 |
| 8C433M | Cat 433 66" Comp, Mo | | 56.00 HR | 40.000 | | | | 2,240 | | 2,240 |
| 8TWAT4 | Water Truck, 4,000 gal | | 56.00 HR | 65.000 | | | | 3,640 | | 3,640 |
| LABGEN | General Laborer | | 56.00 MH | 20.910 | 2,005 | | | | | 2,005 |
| OPCOMP | Compactor Operator | | 56.00 MH | 27.160 | 2,770 | | | | | 2,770 |
| OPDOZ | Dozer Operator | | 56.00 MH | 28.430 | 2,865 | | | | | 2,865 |
| OPEX | Excavator Operator | | 24.00 MH | 29.810 | 1,272 | | | | | 1,272 |
| OPSET | Gradesetter | | 56.00 MH | 28.430 | 2,865 | | | | | 2,865 |
| $20,119.46 | 0.1068 MH/CY | | 248.00 MH | [ 2.841 ] | 11,775 | | | 8,344 | | 20,119 |
| | | | 9.3548 Unit/MH | | 5.08 | | | 3.60 | | 8.67 |
| 14 | SST-Site Balancing | | Quan: 287,456.00 SF | | Hrs/Shft: 8.00 | | Cal: 01 | WC: 1 | | |
| 8-D4M | Cat D4H Dozer/Rip, Mo | | 88.00 HR | 29.000 | | | | 2,552 | | 2,552 |
| 8S480M | Skip Loader W/ Gannon | | 88.00 HR | 14.000 | | | | 1,232 | | 1,232 |
| 8TWAT4 | Water Truck, 4,000 gal | | 88.00 HR | 65.000 | | | | 5,720 | | 5,720 |
| LABGEN | General Laborer | | 176.00 MH | 20.910 | 6,301 | | | | | 6,301 |
| OPDOZ | Dozer Operator | | 88.00 MH | 28.430 | 4,501 | | | | | 4,501 |
| OPSKIP | Skiploader Operator | | 88.00 MH | 28.430 | 4,501 | | | | | 4,501 |
| $24,807.59 | 0.0012 MH/SF | | 352.00 MH | [ 0.03 ] | 15,304 | | | 9,504 | | 24,808 |
| | | | 816.6399 Unit/MH | | 0.05 | | | 0.03 | | 0.09 |
| 16 | LS-Cut to Fill | | Quan: 700.00 CY | | Hrs/Shft: 8.00 | | Cal: 01 | WC: 1 | | |
| | Site requires an additional 300 CY of import from Upper Sherman excavation. | | | | | | | | | |
| 8-320M | Cat 320L Exc, Monthly | | 16.00 HR | 35.000 | | | | 560 | | 560 |
| 8-D6M | Cat D6H Dozer/Rip, Mo | | 32.00 HR | 29.000 | | | | 928 | | 928 |
| 8C563M | Cat 563 84" Comp, Mo | | 32.00 HR | 52.000 | | | | 1,664 | | 1,664 |
| 8TWAT4 | Water Truck, 4,000 gal | | 32.00 HR | 65.000 | | | | 2,080 | | 2,080 |
| LABGEN | General Laborer | | 32.00 MH | 20.910 | 1,146 | | | | | 1,146 |
| OPCOMP | Compactor Operator | | 32.00 MH | 27.160 | 1,583 | | | | | 1,583 |
| OPDOZ | Dozer Operator | | 32.00 MH | 28.430 | 1,637 | | | | | 1,637 |
| OPEX | Excavator Operator | | 16.00 MH | 29.810 | 848 | | | | | 848 |
| OPSET | Gradesetter | | 32.00 MH | 28.430 | 1,637 | | | | | 1,637 |
| $12,081.94 | 0.2057 MH/CY | | 144.00 MH | [ 5.478 ] | 6,850 | | | 5,232 | | 12,082 |
| | | | 4.8611 Unit/MH | | 9.79 | | | 7.47 | | 17.26 |
| 18 | LS-Site Balancing | | Quan: 73,889.00 SF | | Hrs/Shft: 8.00 | | Cal: 01 | WC: 1 | | |
| 8-D4M | Cat D4H Dozer/Rip, Mo | | 40.00 HR | 29.000 | | | | 1,160 | | 1,160 |
| 8S480M | Skip Loader W/ Gannon | | 40.00 HR | 14.000 | | | | 560 | | 560 |
| 8TWAT4 | Water Truck, 4,000 gal | | 40.00 HR | 65.000 | | | | 2,600 | | 2,600 |
| LABGEN | General Laborer | | 80.00 MH | 20.910 | 2,864 | | | | | 2,864 |
| OPDOZ | Dozer Operator | | 40.00 MH | 28.430 | 2,046 | | | | | 2,046 |
| OPSKIP | Skiploader Operator | | 40.00 MH | 28.430 | 2,046 | | | | | 2,046 |
| $11,276.18 | 0.0021 MH/SF | | 160.00 MH | [ 0.053 ] | 6,956 | | | 4,320 | | 11,276 |
| | | | 461.8063 Unit/MH | | 0.09 | | | 0.06 | | 0.15 |
| 20 | Blasting Allowance | | Quan: 1.00 LS | | Hrs/Shft: 8.00 | | Cal: 01 | WC: 1 | | |
| 4BLAST | Sub-Drilling & Shooting | | 1.00 LS | 30,000.000 | | | | | 30,000 | 30,000 |
| =====> Item Totals: 370 | EXCAVATION & GRADING | | | | | | | | | |
| $210,849.69 | 1,928.0000 MH/LS | | 1,928.00 MH | [ 51371.84 ] | 91,562 | | | 89,288 | 30,000 | 210,850 |
| 210,849.690 | | | 1 LS | | 91,561.69 | | | 89,288.00 | 30,000.00 | 210,849.69 |

REM000010914