IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | DOCKET NO. 03-2478C<br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO FILE REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OUT OF TIME**<br>(Judge Susan G. Braden)<br>Hearing Date: TBD |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON" or "Plaintiff") respectfully submits the following Opposition to Defendant United States of America's **THIRD** attempt to seek to file its Reply for Defendant's Motion for Partial Summary Judgment after the timeline set forth by the Court's own rules. Trial is set for October 24, 2005, Plaintiff's Memorandum of Contentions and Fact and Law is due by September 15, 2005, and Defendant's continued attempt to have this Court condone and permit Defendant to file a tardy reply brief is clearly prejudicial to Plaintiff.

Further, Defendant's motion fails to explain why it waited one week from the date of the Court's Order denying Defendant's second request for an enlargement of time (August 26, 2005) to file the instant motion. While Plaintiff suspects that Defendant took the additional week to finish preparing its reply brief (which would then amount to 35 days for Defendant to file its reply brief from the date of filing of Plaintiff's Opposition),

the delay is unjustified, and does not warrant that the Court reconsider its prior order, which unambiguously denied Defendant's second request.

In the instant motion, Defendant raises the novel argument that Plaintiff's Opposition to the Motion for Partial Summary Judgment raised irrelevant facts, and that Plaintiff's original Motion for Partial Summary Judgment was narrow and concise. Plaintiff's Motion for Partial Summary Judgment was based on three arguments: 1) Plaintiff's failure to respond to the cure notice; 2) Plaintiff's failure to adhere to the disputes clause of the contract; and 3) Plaintiff's failure to perform work on the project in a timely manner.

In its Opposition, Plaintiff presented core facts to demonstrate to the court that there are questions of fact regarding whether the cure notice was justified and valid (a key and required premise for the issuance of a cure notice), whether Plaintiff's performance or lack of performance on the project in 2001-2003 was excused, and whether Plaintiff's actions were justified and excusable. Since the subject project lasted from 2001 to 2003, Plaintiff was required to present a complete picture for the court of the events that led up to the cure notice being issued in 2003. All of the facts offered by Plaintiff in its statement of uncontroverted facts were and are relevant, germane to the issues raised by Defendant in its motion, and were clearly not intended to divert the Court's attention from the asserted legal positions. The termination for default was a very serious event, and the issue of whether the termination for default was proper and justified is not a simple or trivial issue.

Defendant's counsel, in its multiple motions seeking enlargements of time, lists other cases requiring his attention, and infers that he is too busy to comply with the

Court's timelines in this matter. Plaintiff's counsel also has a very impacted practice, and yet still is able to meet each and every deadline set by this Court (while attending the same depositions in this matter that Defendant attends). At this time, Plaintiff is diligently working on putting together a complete and thorough Memorandum of Contentions of Law and Fact for the Court in nine days, and Defendant's continued efforts to file tardy briefs improperly diverts Plaintiff's attention from its trial preparation. Further, since Plaintiff is required to address Defendant's anticipated factual and legal arguments in its Memorandum of Contentions of Law and Fact, Defendant's late filings prejudices Plaintiff's ability to address these issues by September 15th.

As stated in prior filings, Plaintiff has grown weary of Defendant's continuous and reflexive requests for time extensions in this case. All are based upon the same sheet of music: too busy, too busy, and too busy. Defendant has asked for a time extension for every significant filing/event in this matter, including, but not limited, to responding to Plaintiff's complaint, for disclosure of experts, for completion of fact discovery (on three occasions), and for completion of expert discovery. Given that the trial date for this matter is set for October 24, 2005, no further extensions should be given. There is much work to be completed by both parties prior to trial, and the schedule cannot be compressed further by Defendant's continued dilatory actions.

Alternatively, if the Court does decide to grant Defendant's Motion to File its Reply Brief Out of Time, Plaintiff requests that the Court allow it to file a Sur-Reply brief within ten days of the date of the Court's Order.

Plaintiff requests that the Court swiftly rule on the latest belated request by Defendant by communicating that: (1) the Motion is denied and do not file any more such

motions; and (2) that it will tolerate no further dilatory conduct without the potential imposition of evidentiary and/or issue sanctions.

DATED: September 6, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P.O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000