IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-2478C<br>(Judge Braden) |

DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY, OUT OF TIME, TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 7.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's opposition to our motion for leave to permit the Government to file its Reply to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment and supporting papers (collectively, the "reply"), out of time.

In our motion for leave to file out of time, we pointed out that RCFC 56(h)(2) requires the party seeking summary judgment to respond to those additional facts proposed by the opposing party. Notwithstanding the fact that Remcon did not file a cross-motion for summary judgment, Remcon filed 137 paragraphs of proposed findings of uncontroverted fact, most of which we believe are irrelevant to the sole issue raised in our motion for partial summary judgment (Remcon's default termination).

Due to the length of Remcon's proposed facts, the burden upon the Government to respond to Remcon's proposed facts was many times greater than the burden upon Remcon to respond to our proposed facts, which were short and concise. Consequently, the preparation of the reply was very time consuming. At the same time, undersigned counsel is responsible for numerous other cases that required attention, which we listed in our motion to file our reply out of time.

Granting our motion is in the interests of justice. Our reply will assist the Court in resolving our motion for partial summary judgment. Moreover, assuming that our motion for partial summary judgment is granted, the issues at trial will be significantly narrowed.

Remcon claims that permitting us to file our reply out of time would prejudice it. However, it has failed to show such prejudice. For instance, Remcon asserts that permitting us to file our reply somehow prejudices its ability to finalize its Memorandum of Contentions of Law and Fact by September 15, 2005 ("contentions"). Just the opposite is true. Our reply includes detailed responses to each of Remcon's 137 paragraphs of proposed facts. Because most of Remcon's proposed facts focus upon its claim for an equitable adjustment, as opposed to the termination issue, our responses actually should assist Remcon in preparation of its contentions.

Remcon claims that, in its opposition to our motion for partial summary judgment, it presented core facts to demonstrate that there are questions of fact regarding whether the cure notice was justified. We disagree, for the reasons set forth in our reply. Remcon's proposed facts merely divert attention from the matter at hand. Remcon also asserts that, because the underlying project lasted from 2001 to 2003, it was required to present a complete picture of the events leading up to the cure notice, and that Remcon's proposed facts were not intended to divert the Court's attention from the legal position asserted. However, Remcon's proposed facts do divert attention from the matters addressed in our motion, including Remcon's <u>admitted</u> failure to provide adequate assurances or <u>even</u> <u>respond</u> to the cure notice.

Remcon points out that the trial is scheduled to being on October 24, 2005, and accuses the Government of dilatory actions. However, consideration of the reply upon our motion for partial summary judgment will not delay the trial, it will only make the trial simpler.

Finally, the Court should deny Remcon's request to file a sur-reply brief. Remcon has provided no justification for such a request and, given the narrow nature of our motion, a sur-reply is unwarranted.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in our motion for leave to file our reply, we respectfully request that the Court grant leave for the Government to file its reply out of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

September 9, 2005

Certificate of Filing

I hereby certify that on September 9, 2005, a copy of foregoing DEFENDANT'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY, OUT OF TIME, TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder