IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | DOCKET NO. 03-2478C **MOTION FOR LEAVE TO FILE CONSENT MOTION IN LIEU OF CERTIFICATION REGARDING MEETING OF COUNSEL** (Judge Susan G. Braden) Hearing Date: TBD |

Pursuant to RCFC 1, and the Court's latest scheduling order, plaintiff, Remediation Constructors, Inc., hereby requests, upon behalf of the parties, leave to file this consent motion in lieu of a certification, due September 14, 2005, regarding the meeting of counsel described in Appendix A, section 13(d), and requests that the Court approve the schedule set forth below.

## INTRODUCTION

The parties were required to conduct a meeting of counsel by September 7, 2005. The parties have done so via telephone. Regarding the issues to be addressed in the meeting of counsel, the parties respectfully propose the following schedule, which alters somewhat from the timeline set forth in Appendix A, section 13. Neither party waives any right to suggest other procedures, stipulate to other matters, or seek relief for the Court, regarding this litigation and trial.

### A. Exhibits

The parties have agreed to defer the exchange of exhibit lists. Plaintiff will provide its exhibit list when it serves its Memorandum of Contentions of Law and Fact. The Government will provide its exhibit list when it serves its responsive memorandum. The parties have agreed to identify the exhibits by exhibit number, bates stamp number (if available), and other criteria to provide sufficient description.

If the Government objects to any exhibits to be offered by plaintiff, the Government will identify those objections when it serves its response to Plaintiff's Memorandum of Contentions of Law and Fact (due October 5, 2005). Plaintiff shall provide its objections to the Government's exhibits by October 13, 2005. These deadlines, however, do not apply to objections to any declarations or deposition transcripts to be submitted in lieu of live testimony. The parties may raise such objections prior to or during trial, as they would be permitted to do if live testimony were offered.

The parties will work together to prepare a joint exhibit list. The parties will exchange exhibits to be introduced at trial by October 10, 2005.

**B. Witnesses**

The parties have agreed to defer an exchange of additional witness lists. Plaintiff will provide its witness list when it serves its Memorandum of Contentions of Law and Fact. The Government will provide its witness list when it serves its responsive memorandum.

**C. Conference**

**1. Deposition Transcripts**

The parties disagree on this issue.

**<u>Plaintiff's Position</u>**

Plaintiff strongly objects to any request by the government for the court to revisit its prior order regarding the introduction of deposition transcripts. Plaintiff will introduce deposition transcripts consistent with the court's prior order.

**<u>Government's Position</u>**

The Court previously issued an order permitting plaintiff to submit deposition transcripts of any third party witness who is located more than 100 miles from the locations where the trial will take place. The Government states that it objects to this procedure upon the ground of hearsay, because plaintiff has failed to demonstrate that any third party witness is unavailable for trial or is beyond the subpoena power of this Court, and because the procedure deprives the Court

and the Government of the opportunity to observe the witness and his or her demeanor upon direct examination. The Government asserts the same objections to the submission of declarations in lieu of live direct testimony and further objects because there are no limitations in place regarding the length and content of such declarations.

**2. Objections**

The parties intend to work cooperatively to attempt to resolve any objections to the admission of testimony or exhibits without the need for Court intervention.

**3. Contentions of Facts and Law**

The parties have agreed to defer the exchange of contentions of fact. Plaintiff will provide its contentions when it serves its Memorandum of Contentions of Law and Fact. The Government will provide its contentions when it serves its responsive memorandum.

**4. Stipulations of Fact**

Once the parties exchange their Memorandums of Contentions of Law and Fact, they will work together to prepare a list of stipulated facts.

**5. Documents for Trial**

The parties have agreed that subpoenas will be served on any third parties for documents the parties may request the third party witness(es) produce at trial. Plaintiff suggests that the parties should agree that if party witnesses are requested to bring additional documents to trial, a letter request from counsel shall suffice. Defendant does not concur.

**6. Resolution Upon Basis of A Submitted Documentary Record**

The parties disagree on this issue.

**Plaintiff's Position**

Given the limited time allotted for trial, and the number of witnesses, the court, being fully advised, already ruled on the manner in which evidence may be presented at the time of trial. Plaintiff intends to fully comply with the order issued. Defendant, having been advised multiple times by Plaintiff that it does intend to comply with the court's order, seeks yet again to

challenge the order, and further indicates that a continuance may be appropriate. The court provided Defendant a full and complete hearing on these issues, including the Defendant's prior request for a continuance, and categorically rejected the Defendant's position. Once again, Defendant seeks to delay.

**Government's Position**

It is the Government's understanding that plaintiff intends to submit its entire direct case through deposition transcripts, declarations and other documentary evidence. As the trial, as currently envisioned, will not involve the Court's evaluation of the credibility of plaintiff's witnesses (to the extent that the Government may choose not to cross-examine some of those witnesses), the Government would be willing, should the Court deem it appropriate, to defer the trial so that the parties can first attempt to resolve the issues upon cross-motions for summary judgment.

**7. Settlement**

The parties previously conducted extensive settlement discussions. Thus far, all settlement discussions have proved unsuccessful.

The Government has reviewed the above motion and agrees that it may be submitted upon behalf of the parties.

DATED: September 14, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P. O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000