IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | DOCKET NO. 03-2478C<br>**REMCON'S WITNESS LIST**<br>(Judge Susan G. Braden)<br>Hearing Date: TBD |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON" or "Plaintiff") respectfully submits the following Statement of Prospective Witnesses, in accordance with Appendix A, Section 15 of this Court's Local Rules, as its list of prospective witnesses it intends to call at trial and the issues/subject matter that the testimony is expected to concern. Further, the amount of time for direct examination of each witness is expected to be approximately five minutes as Plaintiff plans on using declarations for the direct examination. The sole exception may be with the person most knowledgeable from Kleinfelder, whose direct testimony may be one-half hour.

**1) STEPHEN B. CHRISTENSEN**

All issues relating to Plaintiff's affirmative claims and responses to Defendant's defenses. As REMCON's President, Mr. Christensen was intimately involved in all aspects of the project, from bidding through performance. For summary of categories, see Mark Penrose, Tina Erickson, Dick Lewis, Tom Lloyd, Brent Booth, Jordan

Rosenfeld and Jess Stanley issue disclosures below. Further, REMCON's damage claims, costs incurred, modifications, exposure to surety, and inability to further perform work in 2003 will be the subjects of Mr. Christensen's testimony.

**2) MARK PENROSE**

All performance issues on the project; all issues relating to REMCON's affirmative claims and responses and Defendant's defenses; differing site conditions (USAR & USPA); realignment of road; tree marking; tree clearing; excavation activities; blasting activities; surveying activities; site conditions; excess excavation; design changes to Upper Sherman work; re-work; subcontractor performance; scheduling; meetings; negotiations; efforts and inability to rip rock on USAR between Stations 24-30 (approx.); loss of productivity due to blasting, differing site conditions; RFI's; business practices for coding labor, materials and equipment; recording project information; interaction with NPS personnel, inspectors, subcontractors and/or designers; field directions from NPS personnel, inspectors and/or designers; impacts resulting from claims items and/or natural features being in the way of construction; delay to progress; impacts due to lack of direction re: multiple issues; use of equipment on site; planned vs. actual production/methodology/means and methods; constructive acceleration; failure to disclose material information; constructive and directed changes.

**3) MIKE KITCHELL**

All performance issues on the project; all issues relating to REMCON's affirmative claims and responses and Defendant's defenses; differing site conditions (USAR & USPA); realignment of road; tree marking; tree clearing; excavation activities; blasting activities; surveying activities; site conditions; excess excavation; design

changes to Upper Sherman work; re-work; subcontractor performance; scheduling; meetings; negotiations; efforts and inability to rip rock on USAR between Stations 24-30 (approx.); loss of productivity due to blasting, differing site conditions; RFI's; business practices for coding labor, materials and equipment; recording project information; interaction with NPS personnel, inspectors, subcontractors and/or designers; field directions from NPS personnel, inspectors and/or designers; impacts resulting from claims items and/or natural features being in the way of construction; delay to progress; impacts due to lack of direction re: multiple issues; use of equipment on site; planned vs. actual production/methodology/means and methods; constructive acceleration; failure to disclose material information; constructive and directed changes.

**4) LUKE TRIPLETT**

All performance issues on the project; all issues relating to REMCON's affirmative claims and responses and Defendant's defenses; differing site conditions (USAR & USPA); realignment of road; tree marking; tree clearing; excavation activities; blasting activities; surveying activities; site conditions; excess excavation; design changes to Upper Sherman work; re-work; subcontractor performance; scheduling; meetings; negotiations; efforts and inability to rip rock on USAR between Stations 24-30 (approx.); loss of productivity due to blasting, differing site conditions; RFI's; business practices for coding labor, materials and equipment; recording project information; interaction with NPS personnel, inspectors, subcontractors and/or designers; field directions from NPS personnel, inspectors and/or designers; impacts resulting from claims items and/or natural features being in the way of construction; delay to progress; impacts due to lack of direction re: multiple issues; use of equipment on site; planned vs.

actual production/methodology/means and methods; constructive acceleration; failure to disclose material information; constructive and directed changes.

**5) JEFF NORTHRUP**

All performance issues on the project; all issues relating to REMCON's affirmative claims and responses and Defendant's defenses; differing site conditions (USAR & USPA); realignment of road; tree marking; tree clearing; excavation activities; blasting activities; surveying activities; site conditions; excess excavation; design changes to Upper Sherman work; re-work; subcontractor performance; scheduling; meetings; negotiations; efforts and inability to rip rock on USAR between Stations 24-30 (approx.); loss of productivity due to blasting, differing site conditions; RFI's; business practices for coding labor, materials and equipment; recording project information; interaction with NPS personnel, inspectors, subcontractors and/or designers; field directions from NPS personnel, inspectors and/or designers; impacts resulting from claims items and/or natural features being in the way of construction; delay to progress; impacts due to lack of direction re: multiple issues; use of equipment on site; planned vs. actual production/methodology/means and methods; constructive acceleration; failure to disclose material information; constructive and directed changes.

**6) CARL DAMOUDE**

He may testify and offer opinions regarding the work performed by REMCON on the subject project; the sufficiency of, and ability of a contractor to construct the project from, the project design and contract documents; REMCON's claims relating to excavation, boulder revetment, SWPP Operations, supply and re-grading of aggregate base, additional survey costs, and erosion controls; and all survey, and civil engineering

issues, claims, and defenses raised during the course of the instant matter. Mr. DaMoude will also testify concerning the subject matter of his report and may also offer opinions on such opinions as have or will be offered by experts for the other parties in this matter; may offer opinions on any testing and inspections conducted to date, as well as all issues relating to liability, causation, and damages.

7) **TOM LLOYD**

He may testify and offer opinions regarding the work performed by REMCON on the subject project; the delays suffered by REMCON on the subject project; the content and sufficiency of REMCON's proposal to the National Park Service; REMCON's entitlement to compensation for said delays and impacts, including direct costs, extended overhead costs, labor productivity losses, extended field expenses, and extra work; the calculation and amount of damages suffered by REMCON; REMCON's entitlement to its contract retention and balance; and an analysis of the critical path and schedules for the projects. Mr. Lloyd will also testify concerning the subject matter of his report and rebuttal, and may also offer opinions on such opinions as have or will be offered by experts for the other parties in this matter; may offer opinions on any testing and inspections conducted to date, as well as all issues relating to liability, causation, and damages.

8) **BRENT BOOTH**

He may testify and offer opinions regarding the work performed by REMCON on the subject project; the sufficiency of REMCON's proposal to the National Park Service, notably relating to earthwork; will testify concerning the subject matter of his report, and

may also offer opinions on such opinions as have or will be offered by experts for the other parties in this matter.

**9) TINA ERICKSEN**

Business practices of REMCON regarding costs/accounting, including coding costs, accounts payable, accounts receivable and payments received and payments made.

**10) JORDAN ROSENFELD**

He may testify and offer opinions regarding the calculation and amount of REMCON's damages relating to the subject project, including direct costs, extended overhead costs, labor productivity losses, extended field expenses, and extra work; the calculation and amount of REMCON's damages and costs based on a termination for convenience; will testify concerning the subject matter of his report, supplemental report and rebuttal, and may also offer opinions on such opinions as have or will be offered by experts for the other parties in this matter.

**11) DICK LEWIS**

Excavation; earthwork and blasting issues; labor and equipment productivity; delay; affect non-rippable rock has on excavation; mountain earthwork; timing of modification issuance. He may testify and offer opinions regarding the work performed by REMCON on the subject project; the delays suffered by REMCON on the subject project; the sufficiency of REMCON's proposal to the National Park Service; REMCON's entitlement to compensation for said delays and impacts, including direct costs, extended overhead costs, labor productivity losses, extended field expenses, and extra work; REMCON's entitlement to its contract retention and balance; and an analysis of the critical path and schedules for the projects. Mr. Lewis will testify concerning the

subject matter of his rebuttal report and may also offer opinions on such opinions as have or will be offered by experts for the other parties in this matter; may offer opinions on any testing and inspections conducted to date, as well as all issues relating to liability, causation, and damages.

**12) JESS STANLEY**

Surveying activities on this project; concurrent site conditions and project activities; interaction with NPS, inspectors, REMCON and designers on this project; methodology used to survey; design changes; extra costs; billings to REMCON; receipt of design changes.

**13) BILL MORRIS**

Surveying activities on this project; concurrent site conditions and project activities; interaction with NPS, inspectors, REMCON and designers on this project; methodology used to survey; design changes; extra costs; billings to REMCON; receipt of design changes.

**14) PMK FROM CALIFORNIA DRILLING AND BLASTING**

Blasting operations, activities, timing, costs, payments, subcontracting.

**15) PMK FROM KLEINFELDER**

Soils report preparation, soils report conclusions; March, 2002 proposal to NPS

**16) CHRIS HICKEY**

The bidding, contracting and performance of work since the termination for default, by Agee Construction, including interaction with NPS, inspection and design personnel. The review of work performed by REMCON. The conduct of the NPS/inspectors concerning work on the project. Costs incurred to complete project.

**17) DOUG HEACOCK**

The management of the performance bond surety's interests on the project following the termination for default, including the takeover agreement, the review of project status; the solicitation and selection of a replacement contractor, and the monitoring of the project completion.

**18) RANDY WILKINSKY**

The costs incurred by the surety subsequent to the termination for default, the payments received from the NPS, and the contracts entered into by the surety;

**19)** The following individuals' depositions will be introduced as part of Plaintiff's case-in-chief unless the Government actually produces these witnesses live for testimony in Washington, D.C.: Willie DeOcampo, Robert Smith, Ray Tuttle and Loren Mangrum.

DATED: September 15, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P.O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000