IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, | DOCKET NO. 03-2478C |
| v. | **REMCON'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS TO PLAINTIFF'S COUNSEL** |
| UNITED STATES OF AMERICA, Defendant. | (Judge Susan G. Braden) |
| | Hearing Date: TBD |

Plaintiff REMEDIATION CONSTRUCTORS, INC. ("REMCON" or "Plaintiff") respectfully submits the following Motion to Compel after four separate attempts, which have proven to be unsuccessful, to acquire the information and documents from opposing counsel. The documents sought are as follows:

1. All progress payment applications received by the government from the surety/completion contractor for the subject project since June 1, 2005;

2. All progress payments made (including dates of payment) by the government in response to item #1;

3. All documents substantiating and/or explaining or justifying any shortfall in payments made by the government on this project in 2005 in response to progress payment applications (e.g. liquidated damages, deficiencies in performance, etc.); and

4. All documents which concern the amount of money allocated and/or appropriated by Congress through September 30, 2005 to pay for the construction costs on this project, the amount of money actually paid, the amount allocated and/or



1918.001-298541.1

appropriated but still undisbursed, and the characterization of undisbursed funds (e.g. retention, liquidated damages, etc.).

**A. The Facts And Good Cause Supporting the Motion**

Last week while preparing for trial Plaintiff's counsel became aware that the most recent progress payment issued by the government was not only untimely but reported to be approximately $400,000 less than due. Further, I became aware that the surety contends that progress payments made by the government have been tardy.

I am informed and believe that repeated attempts by Plaintiff's surety, Great American, to have the information requested above provided to them from the government has been denied. Great American, which is completing the project through a completion contract entered into with Agee Construction (in furtherance of a takeover agreement between Great American and the government following the termination of default of Plaintiff), is entitled to receive 100% of the progress payments from the government at this time and the government's project manager, Michael Giller, is reported to have both refused to provide requested the information and directed the surety and its representatives to seek the same from government counsel.

Further, I am informed and believe that representatives of Great American have been advised by personnel associated with the project that the funding allocated to pay for the project has been depleted. No information supporting, substantiating, or explaining the late payment(s), the shortfall in payments and/or the amount of funding allocable to this project has been provided to the surety and/or its representatives despite inquiry and, as stated above, recently the government’s project manager has declined further communication on the matter and directed that any further inquiries be directed to counsel defending the government in this action.

Commencing last Friday, September 30, 2005, I have now placed four telephone calls to lead opposing counsel, Richard Schroeder, and asked him for the information and documentation requested above (with the exception of item 4). The second and third calls

were placed this past Monday and Tuesday, October 3 and 4, 2005. During each of the first three conversations Mr. Schroeder communicated that he would contact the appropriate agency representatives and respond back to me. No response was ever received until my fourth phone call this morning. It was during this morning's phone call that I asked for the information identified in item 4 for the first time.

During the phone call this morning Mr. Schroeder advised me that he believed that my understanding that liquidated damages were being assessed was correct and the amount withheld was in the range I had communicated. He professed he had no documents or further data.

In response I told him that because the damages claimed through the supplemental complaint included the amounts, if any, unpaid, that we were entitled to know and receive the documentary basis for any withholdings, plus the fact that the government's failure to timely pay and/or lacking the appropriated funds to pay were alleged breaches of contract that are relevant to the evidence, testimony and issues to be presented at trial commencing October 24, 2005 (the government's failure to timely pay and failure to pay and its alleged shortfall in project funding and maladministration are issues which Plaintiff claims were endemic during the project while Plaintiff was performing). Coupled with these facts are that his client had directed all inquiries to him but he lacked the information to address the inquiries. As a result, I told him that I would need to make this motion. He said he was too busy with other pre-trial preparations to address this but would get to it sometime next week, perhaps by next Tuesday. I told him that I understood but could not wait until some time in the future when he may agree to address it given my need to complete my trial preparations and he said to make our motion.

Given the fact that all of Plaintiff's evidence will be introduced via declarations, which are due to be served on October 17, 2005 (6 business days from today), and the fact that the surety's witness, its Vice President, Randy Wilkinsky, is located in Cincinnati, Ohio while Plaintiff's counsel is in Sacramento, California, the need to

acquire the documents, distribute them, analyze them and prepare the declarations concerning them is now acute.

The information sought is relevant to the issues of the amount of damages due, whether the government is entitled to withhold liquidated damages, and whether the government's allocable funds available to be disbursed for obligations incurred were adequate and/or sufficient (or whether the lack of sufficient funds can be understood to explain the conduct complained of). Further, the suppression of this relevant information cannot be justified on any grounds (indeed none have been identified), and all reasonable efforts to acquire the same have been stymied by the refusal to provide them by the National Park Service and then the inability of counsel to address the matter. Thus, Plaintiff has been compelled to seek the requested order.

In addition, Plaintiff requested from the government in formal written request for production of documents, in 2004, all documents relating to the government's payments and communications with the surety and Agee and the government has a continuing duty to supplement its document production.

To the extent the court wishes to have any discussion with counsel concerning this motion we will make ourselves available at all times.

We respectfully request that the court act upon this motion today.

Immediately upon finding out about the existence of the shortfall last Thursday, September 29, 2005, efforts have been made to consensually acquire this information from opposing counsel without success. We can no longer wait for action and respectfully request that the court compel action as follows:

We request that the order compel the production of documents responding to these requests via facsimile transmission and/or overnight mail such that we receive them in my office on or before 5 p.m. on Monday, October 10, 2005.

DATED: October 7, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

/S/ D. Michael Schoenfeld

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P.O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000