IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| REMEDIATION CONSTRUCTORS, INC., Plaintiff, | ) | DOCKET NO. 03-2478C |
| v. | ) | **REMCON'S FIRST AMENDED COMPLAINT** |
| UNITED STATES OF AMERICA, Defendant. | ) | (Judge Susan G. Braden) |

## JURISDICTION

1. Plaintiff is Remediation Constructors, Inc. ("Remcon"), a corporation duly organized and existing under the laws of the State of California and, at all times relevant, was duly licensed as a contractor by the State of California. Remcon's principal place of business is located in Oakdale, California.

2. Defendant is the United States of America, acting by and through its Department of the Interior, National Park Service (the "NPS").

3. Jurisdiction of this Court is based on 28 USC § 1491 and 41 USC § 609.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

4. On or about May 15, 2001, the NPS awarded Contract No. 1443C8000010903 (the "Contract") to Remcon for the project located at Sequoia and Kings Canyon National Parks, Tulare County, California and known as "Giant Forest, Sherman Tree Parking Area, SEKI 200Q" ("the Project"). The original amount of the

Contract (for Base Bid Items Nos. 1 through 128) was $7,121,636.00. Pursuant to written amendments to the Contract, the original amount has been increased by the sum of $795,968.28, and the adjusted contract price is $7,917,604.28, notwithstanding unpaid sums for extra work performed by Remcon.

5. The Contract incorporated by reference FAR 52.243-4 Changes (August 1987) which provides in relevant part:

> (b) any other written or oral order (which, as used in this paragraph (b), includes direction, instruction, interpretation, or determination) from the Contracting Officer that causes a change shall be treated as a change order under this clause; provided, however, that the Contractor gives the Contracting Officer written notice stating (1) the date, circumstances, and the source of the order and (2) that the Contractor regards the order as a change order.
>
> . . .
>
> (d) If any change under this clause causes an increase or decrease in the Contractor's cost of, or the time required for, the performance of any part of the work under this contract, whether or not changed by any such order, the Contracting Officer shall make an equitable adjustment and modify the contract in writing.

6. Remcon performed all of its obligations under the Contract except to the extent its performance was prevented or excused.

7. As a result of conduct (both acts and omissions) of the NPS, Remcon was compelled to (a) incur additional costs in performing extra work and changes in the work beyond that required by the Contract; (b) perform its Contract work in a manner more costly; and (c) suffer delays and loss of productivity in completing its work. In addition, Remcon was forced to change the means and methods of construction and render its performance in a means and method more costly than Remcon reasonably anticipated.

8. Remcon is entitled to an equitable adjustment of the Contract price reflecting increased cost of Remcon's performance as a result of the acts and omissions of the NPS.

9. By letter enclosing a document entitled "Mediation Brief With Back-Up Documentation," dated June 28, 2003, Remcon submitted a certified omnibus claim for an equitable adjustment of the Contract price in the total amount of $3,091,799.60 (inclusive of outstanding contract balance owed to Remcon). Remcon also requested the Contracting Officer's final decision in regard to Remcon's certified omnibus claim.

10. In addition to the damages sought by Remcon through its certified omnibus claim for an equitable adjustment of the Contract price, the NPA has wrongfully failed and refused to remit to Remcon retention in the sum of $17,297.29 despite Remcon's written demands.

11. Pursuant to correspondence, dated July 15, 2003, received by Remcon from the Contracting Officer, the Contracting Officer issued his final decision denying a portion of Remcon's certified omnibus claim for differing site conditions (rock blasting), excavation, grading, and storm water pollution prevention. The Contracting Officer did not address any other portions of Remcon's certified omnibus claim in its July 15, 2003 final decision.

12. With respect to those portions of Remcon's certified omnibus claim that were not addressed by the Contracting Officer's July 15, 2003 final decision: (a) at least 60 days has passed from the date that Remcon submitted its certified omnibus claim to the NPS, and therefore, said portions of NPS' certified omnibus claim that have never been subject to a Contracting Officer's final decision are deemed denied pursuant to operation of 48 C.F.R. 33.211(g); and (b) not more than 365 days have elapsed from the time the Contracting Officer issued a final decision with respect to any claim (or portion of a claim) that is included within Remcon's certified omnibus claim.

13. The NPS' failure and refusal to agree to an equitable adjustment of the Contract price pursuant to Remcon's certified claim, as well as the failure and refusal of the NPS to remit to Remcon all retention monies due Remcon, constituted a breach of the Contract.

14. In addition to the NPS' failure and refusal to agree to an equitable adjustment as requested through Remcon's certified omnibus claim, the NPS further breached the Contract by wrongfully terminating Remcon for default, pursuant to a separate Contracting Officer's final decision dated August 13, 2003, in retaliation for Remcon's submission of a certified omnibus claim to the NPS and Remcon's represented inability to finance further work due to non-payment for work performed.

15. As a direct and proximate result of the foregoing breaches of the Contract, Remcon has been damaged in the principal amount of at least $3,115,096.89. Further, Remcon seeks an order from the Court determining that Remcon was not in default and/or that any failure to perform on the part of Remcon is excusable, and, as a result, that termination for default issued by the Contracting Officer shall be considered to have been a termination for the convenience of the Government, and the rights and obligations of the parties, governed accordingly.

16. By letter dated July 23, 2004, Remcon submitted a second certified omnibus claim to the NPS incorporating by reference its June 28, 2003 certified omnibus claim referenced above and requesting completion costs in excess of the Contract balance for which Remcon is legally liable as a result of the breaches of the Contract by the NPS. By correspondence dated September 16, 2004, the Contracting Officer issued his final decision denying Remcon's second certified omnibus claim.

WHEREFORE, Remcon requests that this Court grant Remcon the following relief:

1. Issue a determination that the NPS wrongfully terminated Remcon's Contract for default pursuant to 48 C.F.R. 49.504, that the NPS has instead terminated the Contract between Remcon and NPS for convenience pursuant to 48 C.F.R. 49.502, and that the rights and obligations of the parties shall be governed accordingly;

2. Enter a judgment against the United States and in favor of Remcon in the amount of at least $3,115,096.89, per Remcon's certified omnibus claim for equitable adjustment dated June 28, 2003, and in the amount of at least $1,519,889.78, per Remcon's certified omnibus claim for equitable adjustment dated July 23, 2004, plus interest;

3. Award Remcon costs and attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and,

4. Grant Remcon any other relief that the Court considers appropriate.

DATED: October 7, 2005

MURPHY AUSTIN ADAMS SCHOENFELD LLP

/S/ D. Michael Schoenfeld

D. MICHAEL SCHOENFELD
Attorneys for Plaintiff
REMEDIATION CONSTRUCTORS, INC.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
1000 G St., Third Floor
P.O. Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000